UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                              Plaintiffs,

                - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                     Defendants.

-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★    FEB 14 2014    ★

LONG ISLAND OFFICE

Case No.

**MOTION FOR TEMPORARY
RESTRAINING ORDER**

       Upon the sworn declaration of Megan K. Locke, the representative of plaintiff, Chiquita

Fresh North America, LLC, the exhibits annexed thereto, and the accompanying memorandum in

support, Plaintiffs Chiquita Fresh North America, LLC, Dole Fresh Fruit Company, S. Katzman

Produce Inc. and Katzman Berry Corp. (collectively referred to as "Plaintiffs"), by undersigned

counsel, moves this Court for the following relief:

       1.     Entry of a temporary restraining order under Rule 65(b) of the Federal Rules of

Civil Procedure enforcing the statutory trust established by Section 5(c) of the Perishable

Agriculture Commodities Act, 7 U.S.C. §499e(c) ("PACA"), by restraining the transfer of any

and all assets of defendants Long Island Banana Corp. and Suffolk Banana Co., Inc. up to the sum

of $719,515.85, except for payment to Plaintiffs, pending either payment to Plaintiffs by bank

check or wire transfer of the sum of $719,515.85 or a further hearing to be set within fourteen

(14) days of the issuance of the temporary restraining order.

       2.     Included in the temporary restraining order, Plaintiffs respectfully request that in

the event Defendants fail to pay to Plaintiffs the amount due within two business days of service

of the temporary restraining order, Defendants be required to account for the assets of Long

Island Banana Corp. and Suffolk Banana Co., Inc. impressed with the trust pursuant to the provisions of the PACA by filing with this Court, with a copy to Plaintiffs' counsel, an accounting which identifies the assets and liabilities of Long Island Banana Corp. and Suffolk Banana Co., Inc. and their accounts receivable reports signed under penalty of perjury; and that Defendants shall also supply to Plaintiffs' attorney, within five (5) days of the date of the order, any and all documents in their possession, custody or control related to the assets and liabilities and related and subsidiary companies of defendants Long Island Banana Corp. and Suffolk Banana Co., Inc. including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns and bank statements with cancelled checks for the last 90 days.

3.      In support of the Motion, Plaintiffs are contemporaneously filing their Memorandum in Support of Plaintiffs' Motions for Injunctive Relief.

**WHEREFORE**, Plaintiffs respectfully requests entry of a temporary restraining order in the form submitted herewith, including an order that Defendants should be required to account for their assets impressed with the trust provisions of the PACA, along with such further relief as the Court may deem proper.

Dated: February 13, 2014

Respectfully submitted,
McCARRON & DIESS
Attorneys for Plaintiffs

By:_____

Gregory Brown
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Phone:      (631) 425-8110
Fax:        (631) 425-8112
gbrown@mccarronlaw.com

- 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,                              Case No.
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                              Plaintiffs,              **MOTION FOR**
                                                      **PRELIMINARY INJUNCTION**

            - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                              Defendants.
-------------------------------------------------------------------X

Upon the accompanying declaration of Megan K. Locke, the representative of Chiquita

Fresh North America, LLC and the accompanying memorandum in support, Plaintiffs, by

undersigned counsel, move this Court to issue a preliminary injunction under Rule 65(b) of the

Federal Rules of Civil Procedure enforcing the statutory trust pursuant Section 5(c) of the

Perishable Agriculture Commodities Act, 7 U.S.C. §499e(c) ("PACA"), by restraining the

transfer of any and all trust assets of defendants Long Island Banana Corp. and Suffolk Banana

Co., Inc. except for payment to Plaintiffs, until there is full payment to Plaintiffs of the amount of

$719,515.85 pending the final outcome of this action.  Plaintiffs further move the Court to

require Defendants to supply to Plaintiffs' counsel documentation regarding the assets of

defendants Long Island Banana Corp. and Suffolk Banana Co., Inc. and their related and

subsidiary companies and authorizing Plaintiffs' counsel to collect outstanding accounts

receivable of defendants Long Island Banana Corp. and Suffolk Banana Co., Inc. to be held in

trust pending further order of this Court.

**WHEREFORE**, for the reasons set forth in the accompanying memorandum, Plaintiffs

respectfully request that this Court grant their motion for preliminary injunction; enjoin

Defendants from violating the trust provisions of the PACA; require Defendants to set aside the sum of $719,515.85 in trust pending further order of this Court; require Defendants to supply to Plaintiffs' counsel documentation regarding the assets of defendants Long Island Banana Corp. and Suffolk Banana Co., Inc. and their related and subsidiary companies; and authorize Plaintiffs' counsel to collect outstanding accounts receivable of defendants Long Island Banana Corp. and Suffolk Banana Co., Inc. to be held in trust pending further order of this Court.

Dated: February 13, 2014

> Respectfully submitted,
> McCARRON & DIESS
> Attorneys for Plaintiffs
>
> By: _____
>
> Gregory Brown
> 707 Walt Whitman Road, Second Floor
> Melville, New York 11747
> Phone:        (631) 425-8110
> Fax:          (631) 425-8112
> gbrown@mccarronlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,                                    Case No.
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                                    Plaintiffs,          **ATTORNEY CERTIFICATION**
                                                         **WHY NOTICE SHOULD NOT**
                                                         **BE REQUIRED PURSUANT TO**
                - against -                               **FED. R. CIV. P. 65(b)**

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                                    Defendants.
----------------------------------------------------------------------X

The undersigned, an attorney admitted to practice law before this Court, represents

Plaintiffs in this action to enforce the trust provisions of the Perishable Agricultural

Commodities Act, 7 U.S.C. §499e(c) ("PACA").

Notice of this motion should not be required because notice will afford Defendants an

opportunity to dissipate trust assets that are required by statute to be held for the benefit of

Plaintiffs, PACA trust creditors of Defendants.

Defendants are under a statutory duty to pay promptly for produce from the trust

established by statute.  Defendants have failed to pay, despite repeated demands and unfulfilled

promises to Plaintiffs.

Advising Defendants of the pendency of this motion will allow Defendants to continue to

pay non-trust debts with trust assets prior to the hearing in order to avoid serious personal

liabilities, such as criminal liability for failure to pay withholding taxes.  As noted in the House

Report on the PACA trust amendment, once trust assets are dissipated, it is all but impossible to

recover them.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code &

Admin. News 405, 411.  See also, *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222

- 1 -

F.3d 132 (3rd Cir. 2000); *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); *G.W. Palmer Fruit v. Thomas J. Gatziolis & Co.,* 774 F.Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.,* 751 F.Supp. 64 (W.D. Pa. 1990). Mr. Hoey's ongoing legal problems greatly increase this risk. The Court is respectfully referred to the accompanying submission from Mr. Hoey's criminal counsel to the Hon. P. Kevin Castel (annexed hereto as Exhibit G). That submission seeks reconsideration of Judge Castel's decision to deny Mr. Hoey bail, which decision was based on the grounds that Mr. Hoey poses a flight risk and is alleged to have engaged in obstruction of justice.

Account statements for Dole Fresh Fruit Company, S. Katzman Produce Inc. and Katzman Berry Corp. are annexed hereto as Exhibit H.

Entry of a temporary restraining order without notice guarantees the performance of the statutory duty to preserve and pay trust assets, and prevents any further dissipation pending a further hearing, which can be set forthwith.

Dated: February 13, 2014

Respectfully submitted,
McCARRON & DIESS
Attorneys for Plaintiff

By: _____

Gregory Brown
707 Walt Whitman Road, Second Floor
Melville, New York 11747
Phone:          (631) 425-8110
Fax:            (631) 425-8112
gbrown@mccarronlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,                                    Case No.
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                        Plaintiffs,                          **DECLARATION IN SUPPORT**
                                                            **OF APPLICATION FOR**
                                                            <u>**EMERGENCY RELIEF**</u>
        - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                        Defendants.
------------------------------------------------------------------X

        **MEGAN K. LOCKE**, declares under penalty of perjury as follows:

        1.      I am Credit Supervisor of Chiquita Fresh North America, LLC ("Chiquita" or

"Plaintiff"), one of the Plaintiffs in the above-captioned action, am fully familiar with the facts

and circumstances set forth herein, and have personal knowledge thereof.  I submit this

declaration in support of Plaintiffs' application for emergency relief pursuant to Rule 65 of the

Federal Rules of Civil Procedure.

        2.      I am an adult who, if called upon as a witness, would and could competently

testify to all facts stated in this declaration.

        3.      Chiquita is in the business of selling wholesale quantities of perishable agricultural

commodities (hereafter "produce").  Chiquita is a produce dealer subject to and licensed under the

Perishable Agricultural Commodities Act of 1930 ("PACA"), as amended, 7 U.S.C. § 499a *et seq.*

Chiquita's PACA license information is annexed hereto as <u>Exhibit A</u>.

        4.      Long Island Banana Corp (Long Island Banana") and Suffolk Banana Co., Inc.

("Suffolk") are both in the business of buying and selling wholesale quantities of produce and are

subject to and licensed under PACA. The PACA license information for Long Island Banana and Suffolk are annexed hereto as Exhibit B. Thomas J. Hoey is the sole officer, principal and member of both Long Island Banana and Suffolk. See Exhibit B.

5.      The sales and accounts receivable records of Chiquita, including, but not limited to, invoices and account statements, are made in the ordinary course of business and are made at or near the time of the occurrence of the event of which they are a record. These business records are generated under my direction and supervision by employees whose duty it is to prepare such documents.

6.      My responsibilities as Credit Supervisor include monitoring the sale of produce, including those sales that are the subject of this claim. My responsibilities also include supervising collection of the accounts receivable for such sales, including the accounts of Defendants. I have custody and control of the sales and accounts receivable records of Chiquita as they relate to Defendants, and I am thoroughly familiar with the manner in which those records are compiled. I was responsible for supervising the collection of receivables resulting from the sales transactions, and I am the custodian of all invoices, including those at issue in this proceeding.

7.      Between December 20, 2013 and January 10, 2013, Chiquita sold and delivered to Defendants wholesale amounts of produce worth $512,866.09, all of which remains unpaid and is past due. A statement of account is annexed hereto as Exhibit C. The produce that is the subject of Chiquita's PACA trust claim was shipped and moved in interstate commerce. The produce was delivered to both 19 Old Dock Road, Yaphank, New York, which is the address for Suffolk, and 28 William Street, Lynbrook, New York 11980, which is the address of Long Island Banana.

- 2 -

8.    Chiquita preserved its interest in the PACA trust in the amount of $512,866.09 by timely delivering invoices to Defendants which contained the language required under Section 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4).  (A representative sample of the numerous pages of invoices delivered to Defendants by Chiquita is annexed hereto as Exhibit D.)

9.    Defendants accepted the goods without protest and are obligated to hold in trust all produce-related assets received from the sale of produce in order to pay $512,866.09 to Chiquita.  In addition, Chiquita's invoices contained provisions for payment of interest and attorneys' fees on past due accounts.  The reverse side of Chiquita's invoices containing the terms and conditions are annexed hereto as Exhibit E.

10.    Defendants' failure, refusal, and inability to pay the amount of $512,866.09 demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust, and have dissipated and will continue to dissipate trust assets belonging to Chiquita.

11.    On January 14, 2014, Long Island Banana bounced two checks to Chiquita in the amounts of $41,611.20 and $51,337.60.  Copies of the bounced checks are annexed hereto as Exhibit F.

12.    When the checks were returned, I spoke with representatives of Long Island Banana and Suffolk who confirmed that they were having severe cash flow problems partly caused by the incarceration of Mr. Hoey, the principal of Long Island Banana and Suffolk, but that they would try to make the checks good.  To date, Long Island Banana and Suffolk have only replaced one of the two NSF checks.  Defendants' failure and admitted inability to pay and the passing of bad checks demonstrates that Defendants have and will continue to dissipate the trust assets that are due and owing to Chiquita.  Chiquita will suffer immediate and irreparable harm because it will lose the trust assets and rights that are owed under the statute.

- 3 -

//

13.    No provisional remedy has been secured or sought in this action, and no prior application has been made for the same or similar relief as is sought herein.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on January 31, 2014

_____

**MEGAN K. LOCKE**

**EXHIBIT A**



**Agricultural Marketing Service**

## Fruit and Vegetable Programs

Search PACA

*Search Again* 🔍   *Go Back to the previous page* ◀   Generate PDF Report

| **License No.** | **Date Issued** | **Anniversary Date** | **Status** |
|---|---|---|---|
| 20050043 | 10/15/2004 | 10/15/2014 | Active |

| **Business Name** | **Business Address** | **City** | **State** | **Zip** |
|---|---|---|---|---|
| CHIQUITA FRESH NORTH AMERICA LLC | 550 S CALDWELL ST | CHARLOTTE | NC | 282020000 |

| **Web Address** | **Email** | **Phone** | **Fax** |
|---|---|---|---|
| | DSHERRILL@CHIQUITA.COM | 980 636-5062 | 704 919-5230 |

| | **Mailing Address** | **City** | **State** | **Zip** |
|---|---|---|---|---|
| | 550 S CALDWELL ST | CHARLOTTE | NC | 282020000 |

**Reported Principal (Last Name, First Name)**

HOWLAND, BARBARA M
FRIER, RICK PATRICK
RIVERA, JUAN
CHIQUITA BRANDS LLC
HUGHES, LOREN

**Trade Names** None

**Branch Name , Branch City , Branch State**

**To connect with the PACA National License Center, Apply for a PACA License, or check on the status of a firm's license, please contact us at:**

1 (800) 495-7222, then Option #1 or email us at PACALicense@ams.usda.gov

**To connect with our Good Delivery Hotline, or if you have any Good Delivery inquiries or contract-related issues, please contactus at:**

1 (800) 495-7222, then Option #2

**To connect with our PACA Manassas, VA Regional Office about the status of a complaint or to ask a general PACA question,**

please contact us at:

1 (800) 495-7222, then Option #3 or email us at PACAManassas@ams.usda.gov

To connect with our PACA Fort Worth, TX Regional Office about the status of a complaint or to ask a general PACA question, please contact us at:

1 (800) 495-7222, then Option #4 or email us at PACAFtWorth@ams.usda.gov

To connect with our PACA Tucson, AZ Regional Office about the status of a complaint or to ask a general PACA question, pleasecontact us at:

1 (800) 495-7222, then Option #5 or email us at PACATucson@ams.usda.gov

Return to: Perishable Agricultural Commodities Act (PACA)



EXHIBIT B


**Agricultural Marketing Service**

## Fruit and Vegetable Programs

Search PACA

*Search Again* 🖉     *Go Back to the previous page* ◄     | *Generate PDF Report* |

| **License No.** | **Date Issued** | **Anniversary Date** | **Status** |
|---|---|---|---|
| 19163602 | 3/30/1956 | 3/30/2014 | Active |

| **Business Name** | **Business Address** | **City** | **State** | **Zip** |
|---|---|---|---|---|
| LONG ISLAND BANANA CORP | 28 WILLIAM ST | LYNBROOK | NY | 115630000 |

| **Web Address** | **Email** | **Phone** | **Fax** |
|---|---|---|---|
| | | 516 599-8844 | 516 599-5041 |

| | **Mailing Address** | **City** | **State** | **Zip** |
|---|---|---|---|---|

**Reported Principal (Last Name, First Name)**

HOEY JR, THOMAS

**Trade Names**   None

**Branch Name , Branch City , Branch State**   None

To connect with the PACA National License Center, Apply for a PACA License, or check on the status of a firm's license, please contact us at:

1 (800) 495-7222, then Option #1 or email us at PACALicense@ams.usda.gov

To connect with our Good Delivery Hotline, or if you have any Good Delivery inquiries or contract-related issues, please contactus at:

1 (800) 495-7222, then Option #2

To connect with our PACA Manassas, VA Regional Office about the status of a complaint or to ask a general PACA question, please contact us at:

1 (800) 495-7222, then Option #3 or email us at PACAManassas@ams.usda.gov

To connect with our PACA Fort Worth, TX Regional Office about the status of a complaint or to ask a general PACA question, please contact us at:

1 (800) 495-7222, then Option #4 or email us at PACAFtWorth@ams.usda.gov

To connect with our PACA Tucson, AZ Regional Office about the status of a complaint or to ask a general PACA question, pleasecontact us at:

1 (800) 495-7222, then Option #5 or email us at PACATucson@ams.usda.gov

Return to: Perishable Agricultural Commodities Act (PACA)



## Fruit and Vegetable Programs

Search PACA

*Search Again* 🔍    *Go Back to the previous page* ◀    Generate PDF Report

| **License No.** | **Date Issued** | **Anniversary Date** | **Status** |
|---|---|---|---|
| 20060169 | 11/17/2005 | 11/17/2014 | Active |

| **Business Name** | **Business Address** | **City** | **State Zip** |
|---|---|---|---|
| SUFFOLK BANANA CO INC | 19 OLD DOCK RD | YAPHANK | NY   119809702 |

| **Web Address** | **Email** | **Phone** | **Fax** |
|---|---|---|---|
| | | 631 205-2478 | 631 205-5231 |

| | **Mailing Address** | **City** | **State Zip** |
|---|---|---|---|
| | 19 OLD DOCK RD | YAPHANK | NY   119809702 |

### Reported Principal (Last Name, First Name)

HOEY JR, THOMAS

**Trade Names**   None

**Branch Name** , **Branch City** , **Branch State**   None

**To connect with the PACA National License Center, Apply for a PACA License, or check on the status of a firm's license, please contact us at:**

1 (800) 495-7222, then Option #1 or email us at PACALicense@ams.usda.gov

**To connect with our Good Delivery Hotline, or if you have any Good Delivery inquiries or contract-related issues, please contactus at:**

1 (800) 495-7222, then Option #2

**To connect with our PACA Manassas, VA Regional Office about the status of a complaint or to ask a general PACA question, please contact us at:**

1 (800) 495-7222, then Option #3 or email us at PACAManassas@ams.usda.gov

**To connect with our PACA Fort Worth, TX Regional Office about the status of a complaint or to ask a general PACA question, please contact us at:**

1 (800) 495-7222, then Option #4 or email us at PACAFtWorth@ams.usda.gov

**To connect with our PACA Tucson, AZ Regional Office about the status of a complaint or to ask a general PACA question,**

**pleasecontact us at:**

1 (800) 495-7222, then Option #5 or email us at PACATucson@ams.usda.gov

Return to: Perishable Agricultural Commodities Act (PACA)

EXHIBIT C



Chiquita Brands International, Inc.

550 South Caldwell Street

Charlotte, NC 28202

Phone: 980-636-5000 | Fax:

# STATEMENT

Customer #:     200031

Customer Name:     LONG ISLAND BANANA

Date:     2/7/2014

Bill To:     LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK, NY 11563

| Invoice# | Account | Bill To# | Invoice Date | Days Past Due | Due Date | PO# | Order# | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| R5_145773 | LONG ISLAND BANANA | 200031 | 12/20/2013 | 49 | 12/20/2013 | | SO_36199776 | $738.40 | $738.40 |
| R5_145816 | LONG ISLAND BANANA | 200031 | 12/27/2013 | 42 | 12/27/2013 | | SO_36202782 | $738.40 | $738.40 |
| R5_145902 | LONG ISLAND BANANA | 200031 | 1/4/2014 | 34 | 1/4/2014 | | SO_36205946 | $738.40 | $738.40 |
| R5_145904 | LONG ISLAND BANANA | 200031 | 1/4/2014 | 34 | 1/4/2014 | | SO_36205948 | $738.40 | $738.40 |
| R5_145903 | LONG ISLAND BANANA | 200031 | 1/4/2014 | 34 | 1/4/2014 | | SO_36205947 | $738.40 | $738.40 |
| RL_13123224 | LONG ISLAND BANANA | 200031 | 12/26/2013 | 22 | 1/16/2014 | | SO_36212006 | $12,833.00 | $6,614.64 |
| RL_13123225 | LONG ISLAND BANANA | 200031 | 12/26/2013 | 22 | 1/16/2014 | | SO_36212007 | $12,833.00 | $12,833.00 |
| RL_13123226 | LONG ISLAND BANANA | 200031 | 12/26/2013 | 22 | 1/16/2014 | | SO_36212008 | $12,833.00 | $8,404.36 |
| RL_13123227 | LONG ISLAND BANANA | 200031 | 12/26/2013 | 22 | 1/16/2014 | | SO_36212010 | $12,833.00 | $12,833.00 |
| RL_13123228 | LONG ISLAND BANANA | 200031 | 12/26/2013 | 22 | 1/16/2014 | | SO_36212012 | $12,834.40 | $12,834.40 |
| RL_13123991 | LONG ISLAND BANANA | 200031 | 12/27/2013 | 21 | 1/17/2014 | | SO_36212013 | $12,833.00 | $12,833.00 |
| RL_13123992 | LONG ISLAND BANANA | 200031 | 12/27/2013 | 21 | 1/17/2014 | | SO_36212015 | $12,833.00 | $12,833.00 |

| Invoice# | Account | Bill To# | Invoice Date | Days Past Due | Due Date | PO# | Order# | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| RL_13123993 | LONG ISLAND BANANA | 200031 | 12/27/2013 | 21 | 1/17/2014 | | SO_36212016 | $ 12,834.40 | $ 12,834.40 |
| RL_13123994 | LONG ISLAND BANANA | 200031 | 12/27/2013 | 21 | 1/17/2014 | | SO_36212018 | $ 12,834.40 | $ 12,834.40 |
| RL_13123995 | LONG ISLAND BANANA | 200031 | 12/27/2013 | 21 | 1/17/2014 | | SO_36212020 | $ 10,914.40 | $ 10,914.40 |
| RL_13125157 | LONG ISLAND BANANA | 200031 | 12/30/2013 | 18 | 1/20/2014 | | SO_36212023 | $ 10,913.00 | $ 10,913.00 |
| RL_13125158 | LONG ISLAND BANANA | 200031 | 12/30/2013 | 18 | 1/20/2014 | | SO_36216622 | $ 12,785.00 | $ 12,785.00 |
| RL_13125892 | LONG ISLAND BANANA | 200031 | 12/31/2013 | 17 | 1/21/2014 | | SO_36216621 | $ 12,785.00 | $ 12,785.00 |
| RL_13125893 | LONG ISLAND BANANA | 200031 | 12/31/2013 | 17 | 1/21/2014 | | SO_36216623 | $ 12,785.00 | $ 12,785.00 |
| RL_13125894 | LONG ISLAND BANANA | 200031 | 12/31/2013 | 17 | 1/21/2014 | | SO_36216624 | $ 12,785.00 | $ 12,785.00 |
| RL_13125995 | LONG ISLAND BANANA | 200031 | 12/31/2013 | 17 | 1/21/2014 | | SO_36216619 | $ 13,329.40 | $ 13,329.40 |
| RB_73421 | LONG ISLAND BANANA | 200031 | 1/23/2014 | 15 | 1/23/2014 | | SO_36196278 | $ 5,391.09 | $ 4,911.09 |
| RB_73422 | LONG ISLAND BANANA | 200031 | 1/23/2014 | 15 | 1/23/2014 | | SO_36205944 | $ 1,283.20 | $ 803.20 |
| RL_14127327 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216625 | $ 12,785.00 | $ 12,785.00 |
| RL_14127328 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216626 | $ 12,785.00 | $ 12,785.00 |
| RL_14127329 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216627 | $ 12,785.00 | $ 12,785.00 |
| RL_14127330 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216628 | $ 12,785.00 | $ 12,785.00 |
| RL_14127331 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216629 | $ 10,865.00 | $ 10,865.00 |
| RL_14127332 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216630 | $ 10,865.00 | $ 6,608.56 |
| RL_14127333 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216631 | $ 10,865.00 | $ 10,865.00 |
| RL_14127416 | LONG ISLAND BANANA | 200031 | 1/3/2014 | 14 | 1/24/2014 | | SO_36216632 | $ 12,849.40 | $ 12,849.40 |
| RL_14128487 | LONG ISLAND BANANA | 200031 | 1/6/2014 | 11 | 1/27/2014 | | SO_46218428 | $ 12,785.00 | $ 12,785.00 |

| Invoice# | Account | Bill To# | PO# | Order# | Amount | Balance |
|---|---|---|---|---|---|---|
| RI_14128488 | LONG ISLAND BANANA | 200031 | | SO_46218432 | $ 12,785.00 | $ 12,785.00 |
| RI_14128489 | LONG ISLAND BANANA | 200031 | | SO_46218433 | $ 12,785.00 | $ 12,785.00 |
| RI_14129154 | LONG ISLAND BANANA | 200031 | | SO_46218436 | $ 12,785.00 | $ 12,785.00 |
| RI_14129155 | LONG ISLAND BANANA | 200031 | | SO_46218437 | $ 12,785.00 | $ 12,785.00 |
| RI_14129156 | LONG ISLAND BANANA | 200031 | | SO_46218438 | $ 12,785.00 | $ 12,785.00 |
| RI_14129238 | LONG ISLAND BANANA | 200031 | | SO_46218435 | $ 12,849.40 | $ 12,849.40 |
| RI_14129771 | LONG ISLAND BANANA | 200031 | | SO_46218439 | $ 12,785.00 | $ 12,785.00 |
| RI_14129772 | LONG ISLAND BANANA | 200031 | | SO_46218440 | $ 12,785.00 | $ 8,205.80 |
| RI_14129773 | LONG ISLAND BANANA | 200031 | | SO_46218441 | $ 12,785.00 | $ 12,785.00 |
| RI_14129813 | LONG ISLAND BANANA | 200031 | | SO_46218442 | $ 10,929.40 | $ 10,929.40 |
| RI_14130275 | LONG ISLAND BANANA | 200031 | | SO_46218443 | $ 10,865.00 | $ 10,865.00 |
| RI_14130276 | LONG ISLAND BANANA | 200031 | | SO_46218444 | $ 15,059.00 | $ 15,059.00 |
| RI_14130277 | LONG ISLAND BANANA | 200031 | | SO_46219855 | $ 10,865.00 | $ 10,865.00 |
| RI_14131065 | LONG ISLAND BANANA | 200031 | | SO_46219856 | $ 10,865.00 | $ 7,316.04 |
| RN_227 | LONG ISLAND BANANA | 200031 | | | $ 41,611.20 | $ 41,611.20 |

Note: The columns "Days Past Due", "Invoice Date", and "Due Date" also appear in this table:

| Invoice# | Days Past Due | Invoice Date | Due Date |
|---|---|---|---|
| RI_14128488 | 11 | 1/6/2014 | 1/27/2014 |
| RI_14128489 | 11 | 1/6/2014 | 1/27/2014 |
| RI_14129154 | 10 | 1/7/2014 | 1/28/2014 |
| RI_14129155 | 10 | 1/7/2014 | 1/28/2014 |
| RI_14129156 | 10 | 1/7/2014 | 1/28/2014 |
| RI_14129238 | 10 | 1/7/2014 | 1/28/2014 |
| RI_14129771 | 9 | 1/8/2014 | 1/29/2014 |
| RI_14129772 | 9 | 1/8/2014 | 1/29/2014 |
| RI_14129773 | 9 | 1/8/2014 | 1/29/2014 |
| RI_14129813 | 9 | 1/8/2014 | 1/29/2014 |
| RI_14130275 | 8 | 1/9/2014 | 1/30/2014 |
| RI_14130276 | 8 | 1/9/2014 | 1/30/2014 |
| RI_14130277 | 8 | 1/9/2014 | 1/30/2014 |
| RI_14131065 | 7 | 1/10/2014 | 1/31/2014 |
| RN_227 | 7 | 1/10/2014 | 1/31/2014 |

Total :  $ 512,866.09

Reminder:   Please include customer # 200031 on your check.
Terms:        NET21 days from invoice date.

REMITTANCE

Customer Name:      LONG ISLAND BANANA

Customer #:            200031

Date:                     2/7/2014

Amount Due:           $ 512,866.09

Amount Enclosed:

EXHIBIT D



# INVOICE

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

| TO VIEW AND PAY ONLINE GO TO: |
| --- |
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| **MKS LKB HKH** |
| ACCOUNT NUMBER: |
| **200031** |

| INVOICE NUMBER | |
| --- | --- |
| 13123224 | |
| INVOICE DATE | DUE DATE |
| 12/26/2013 | 01/16/2014 |
| PLEASE REMIT PAYMENT TO: | |

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

Please send ALL deduction backup
to: corpdeductions@chiquita.com

**SOLD TO: 200031**

**SHIP TO: 200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
| --- | --- | --- | --- | --- |
| | 005 | 12/26/13 | Net 10 Days | 36212006 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
| --- | --- | --- | --- |
| Wilmington-(BP) for Fruit | | WORLDWIDE DEDICATED SERVICES | TRIU819570-3 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
| --- | --- | --- | --- | --- |
| | On The Truck | 960 | 11.55 | 11,088.00 |
| | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
| | Producto of: Guatemala | | | |
| | Billable Freight Per Box | EA | 737.00 | 737.00 |
| | | | Shipment Total | 12,833.00 |

| TOTAL QTY: 0 | $12,833.00 |
| --- | --- |

**TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE**
See back of invoice regarding Mexican Tomato Suspension Agreement

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e ( c)). The seller of these commodities retains a trust claim over these commodities. All inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| **MKS LKB HKH** |
| ACCOUNT NUMBER: |
| **200031** |

| INVOICE NUMBER | |
|---|---|
| 13123225 | |
| INVOICE DATE | DUE DATE |
| 12/26/2013 | 01/16/2014 |

**PLEASE REMIT PAYMENT TO:**

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

Please send ALL deduction backup
to: corpdeductions@chiquita.com

**SOLD TO:  200031**

**SHIP TO:  200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
|---|---|---|---|---|
| | 005 | 12/26/13 | Net 10 Days | 36212007 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
|---|---|---|---|
| Wilmington-(BP) for Fruit | | WORLDWIDE DEDICATED SERVICES | CBFU346877-2 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
| | On The Truck | 960 | 11.55 | 11,088.00 |
| | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
| | Producto of: Costa Rica | | | |
| | Billable Freight Per Box | EA | 737.00 | 737.00 |
| | | | | |
| | | | Shipment Total | 12,833.00 |

| TOTAL QTY: 0 | $12,833.00 |
|---|---|

### TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE
**See back of invoice regarding Mexican Tomato Suspension Agreement**

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e ( c)).  The seller of these commodities retains a trust claim over these commodities.  All inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



# INVOICE

**CFNA-Atlanta**
PO Box 530414
Atlanta, GA 30353-0414

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| http://chiquita.billtrust.com |
| USE THIS ENROLLMENT CODE: |
| MKS LKB HKH |
| ACCOUNT NUMBER: |
| 200031 |

| INVOICE NUMBER |
|---|
| 13123226 |

| INVOICE DATE | DUE DATE |
|---|---|
| 12/26/2013 | 01/16/2014 |

**PLEASE REMIT PAYMENT TO:**

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

Please send ALL deduction backup
to: corpdeductions@chiquita.com

**SOLD TO:  200031**

**SHIP TO:  200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
|---|---|---|---|---|
| | 005 | 12/26/13 | Net 10 Days | 36212008 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
|---|---|---|---|
| Wilmington-(BP) for Fruit | | WORLDWIDE DEDICATED SERVICES | GESU931879-0 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
| | On The Truck | 960 | 11.55 | 11,088.00 |
| | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
| | Producto of: Guatemala | | | |
| | Billable Freight Per Box | EA | 737.00 | 737.00 |
| | | | Shipment Total | 12,833.00 |

| TOTAL QTY: 0 | | | | $12,833.00 |

**TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE**
**See back of invoice regarding Mexican Tomato Suspension Agreement**

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e ( c)).  The seller of these commodities retains a trust claim over these commodities.  All inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



**Chiquita**

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| MKS LKB HKH |
| ACCOUNT NUMBER: |
| 200031 |

| INVOICE NUMBER |
|---|
| 13123227 |

| INVOICE DATE | DUE DATE |
|---|---|
| 12/26/2013 | 01/16/2014 |

| PLEASE REMIT PAYMENT TO: |
|---|
| CFNA-Atlanta<br>PO Box 530414<br>Atlanta, GA 30353-0414 |

Please send ALL deduction backup
to: corpdeductions@chiquita.com

**SOLD TO: 200031**

**SHIP TO: 200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
|---|---|---|---|---|
| | 005 | 12/26/13 | Net 10 Days | 36212010 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
|---|---|---|---|
| Wilmington-(BP) for Fruit | | WORLDWIDE DEDICATED SERVICES | GESU941042-2 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
| | On The Truck | 960 | 11.55 | 11,088.00 |
| | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
| | Producto of: Guatemala | | | |
| | Billable Freight Per Box | EA | 737.00 | 737.00 |
| | | | Shipment Total | 12,833.00 |

| TOTAL QTY: 0 | | $12,833.00 |
|---|---|---|

### TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE
**See back of invoice regarding Mexican Tomato Suspension Agreement**

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e ( c)).  The seller of these commodities retains a trust claim over these commodities.  All inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| http://chiquita.billtrust.com |
| USE THIS ENROLLMENT CODE: |
| MKS LKB HKH |
| ACCOUNT NUMBER: |
| 200031 |

| INVOICE NUMBER |  |
|---|---|
| 13123228 |  |
| INVOICE DATE | DUE DATE |
| 12/26/2013 | 01/16/2014 |
| PLEASE REMIT PAYMENT TO: |  |
| CFNA-Atlanta PO Box 530414 Atlanta, GA 30353-0414 |  |
| Please send ALL deduction backup to: corpdeductions@chiquita.com |  |

**SOLD TO: 200031**

**SHIP TO: 200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
|---|---|---|---|---|
|  | 005 | 12/26/13 | Net 10 Days | 36212012 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
|---|---|---|---|
| Wilmington-(BP) for Fruit |  | WORLDWIDE DEDICATED SERVICES | GESU940987-0 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
|  | On The Truck | 960 | 11.55 | 11,088.00 |
|  | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
|  | Producto of: Guatemala |  |  |  |
|  | Billable Freight Per Box | EA | 738.40 | 738.40 |
|  |  |  | Shipment Total | 12,834.40 |

| TOTAL QTY: 0 |  | $12,834.40 |
|---|---|---|

**TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE**
See back of invoice regarding Mexican Tomato Suspension Agreement

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e ( c)). The seller of these commodities retains a trust claim over these commodities. All inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



**CFNA-Atlanta**
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| **MKS LKB HKH** |
| ACCOUNT NUMBER: |
| **200031** |

| INVOICE NUMBER | |
|---|---|
| 13123991 | |
| **INVOICE DATE** | **DUE DATE** |
| 12/27/2013 | 01/17/2014 |
| **PLEASE REMIT PAYMENT TO:** | |
| CFNA-Atlanta PO Box 530414 Atlanta, GA 30353-0414 | |
| Please send ALL deduction backup to: corpdeductions@chiquita.com | |

**SOLD TO: 200031**

**SHIP TO: 200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | | SALES TERMS | SHIP DATE | PAYMENT TERMS | | ORDER NUMBER |
|---|---|---|---|---|---|---|
| | | 005 | 12/27/13 | Net 10 Days | | 36212013 |
| AVAILABILITY POINT | | ELR NUMBER | | CARRIER | | CONTAINER NUMBER |
| Wilmington-(BP) for Fruit | | | | LEONARDS EXPRESS | | GESU940848-8 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
| | On The Truck | 960 | 11.55 | 11,088.00 |
| | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
| | Producto of: Guatemala | | | |
| | Billable Freight Per Box | EA | 737.00 | 737.00 |
| | | | | |
| | | Shipment Total | | 12,833.00 |

| TOTAL QTY: 0 | $12,833.00 |
|---|---|

### TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE
**See back of invoice regarding Mexican Tomato Suspension Agreement**

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e ( c)).  The seller of these commodities retains a trust claim over these commodities.  All inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



**Chiquita**

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| **MKS LKB HKH** |
| ACCOUNT NUMBER: |
| **200031** |

| INVOICE NUMBER |
|---|
| 13123992 |

| INVOICE DATE | DUE DATE |
|---|---|
| 12/27/2013 | 01/17/2014 |

| PLEASE REMIT PAYMENT TO: |
|---|
| CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414 |

Please send ALL deduction backup
to: corpdeductions@chiquita.com

**SOLD TO:  200031**

**SHIP TO:  200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
|---|---|---|---|---|
|  | 005 | 12/27/13 | Net 10 Days | 36212015 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
|---|---|---|---|
| Wilmington-(BP) for Fruit |  | LEONARDS EXPRESS | SEGU902384-0 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
|  | On The Truck | 960 | 11.55 | 11,088.00 |
|  | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 12.60 | 12,096.00 |
|  | Producto of: Guatemala |  |  |  |
|  | Billable Freight Per Box | EA | 737.00 | 737.00 |
|  |  |  | Shipment Total | 12,833.00 |

**TOTAL QTY: 0**

**$12,833.00**

### TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE
### See back of invoice regarding Mexican Tomato Suspension Agreement

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e ( c)).  The seller of these commodities retains a trust claim over these commodities.  All inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



**Chiquita**

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| **MKS LKB HKH** |
| ACCOUNT NUMBER: |
| **200031** |

| INVOICE NUMBER | |
|---|---|
| 13123993 | |
| **INVOICE DATE** | **DUE DATE** |
| 12/27/2013 | 01/17/2014 |
| PLEASE REMIT PAYMENT TO: | |

CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

Please send ALL deduction backup
to: corpdeductions@chiquita.com

**SOLD TO:  200031**

**SHIP TO:  200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | | SALES TERMS | SHIP DATE | PAYMENT TERMS | | ORDER NUMBER | |
|---|---|---|---|---|---|---|---|
| | | 005 | 12/27/13 | Net 10 Days | | 36212016 | |
| AVAILABILITY POINT | | ELR NUMBER | | CARRIER | | CONTAINER NUMBER | |
| Wilmington-(BP) for Fruit | | | | WORLDWIDE DEDICATED SERVICES | | SEGU902041-3 | |
| PRODUCT CODE | PRODUCT DESCRIPTION | | | QUANTITY | PRICE PER | | AMOUNT |
| | On The Truck | | | 960 | 11.55 | | 11,088.00 |
| | Fuel Surcharge | | | 960 | 1.05 | | 1,008.00 |
| 1105 | Chiquita Bananas | | | BX | 12.60 | | 12,096.00 |
| | Producto of: Honduras | | | | | | |
| | Billable Freight Per Box | | | EA | 738.40 | | 738.40 |
| | | | | | Shipment Total | | 12,834.40 |

| TOTAL QTY: 0 | **$12,834.40** |
|---|---|

**TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE**
**See back of invoice regarding Mexican Tomato Suspension Agreement**

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e ( c)). The seller of these commodities retains a trust claim over these commodities. All inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1



CFNA-Atlanta
PO Box 530414
Atlanta, GA 30353-0414

# INVOICE

| TO VIEW AND PAY ONLINE GO TO: |
|---|
| **http://chiquita.billtrust.com** |
| USE THIS ENROLLMENT CODE: |
| **MKS LKB HKH** |
| ACCOUNT NUMBER: |
| **200031** |

| INVOICE NUMBER | |
|---|---|
| 13125157 | |
| **INVOICE DATE** | **DUE DATE** |
| 12/30/2013 | 01/20/2014 |
| PLEASE REMIT PAYMENT TO: | |
| CFNA-Atlanta PO Box 530414 Atlanta, GA 30353-0414 | |
| Please send ALL deduction backup to: corpdeductions@chiquita.com | |

**SOLD TO: 200031**

**SHIP TO: 200031**

LONG ISLAND BANANA
28 WILLIAMS ST
LYNBROOK NY 11563-2347

LONG ISLAND BANANA
28 WILLIAM STREET
LYNBROOK NY 11563

| PURCHASE ORDER # | SALES TERMS | SHIP DATE | PAYMENT TERMS | ORDER NUMBER |
|---|---|---|---|---|
| 005 | 12/30/13 | | Net 10 Days | 36212023 |

| AVAILABILITY POINT | ELR NUMBER | CARRIER | CONTAINER NUMBER |
|---|---|---|---|
| Wilmington-(BP) for Fruit | | WORLDWIDE DEDICATED SERVICES | TRIU819644-3 |

| PRODUCT CODE | PRODUCT DESCRIPTION | QUANTITY | PRICE PER | AMOUNT |
|---|---|---|---|---|
| | On The Truck | 960 | 9.55 | 9,168.00 |
| | Fuel Surcharge | 960 | 1.05 | 1,008.00 |
| 1105 | Chiquita Bananas | BX | 10.60 | 10,176.00 |
| | Producto of: Honduras | | | |
| | Billable Freight Per Box | EA | 737.00 | 737.00 |
| | | | Shipment Total | 10,913.00 |

| TOTAL QTY: 0 | | | | **$10,913.00** |
|---|---|---|---|---|

**TERMS OF SALE FOR THIS TRANSACTION ARE STATED ON THE REVERSE SIDE OF THIS INVOICE**
See back of invoice regarding Mexican Tomato Suspension Agreement

The perishable agricultural commodities listed on the invoice are sold subject to the statutory trust authorized by Section 5 ( c ) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e ( c)).  The seller of these commodities retains a trust claim over these commodities.  All inventories of food or other
products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Page 1 of 1

**EXHIBIT E**

**CHIQUITA (BANANAS)**
**TERMS AND CONDITIONS OF SALE**

1. ACCEPTANCE: THE TERMS AND CONDITIONS SET FORTH BELOW AND ON THE FRONT SIDE HEREOF CONSTITUTE ALL THE TERMS OF THIS AGREEMENT IN CONJUNCTION WITH THE APPLICABLE CUSTOMER PROGRAM AGREEMENT ARE A COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN BUYER AND SELLER. ALL REPRESENTATIONS, PROMISES, WARRANTIES OR STATEMENTS BY ANY AGENT OR EMPLOYEE OF SELLER THAT DIFFER IN ANY WAY FROM THE TERMS AND CONDITIONS HEREOF SHALL HAVE NO EFFECT. Any additional contradictory or different terms contained in any initial or subsequent order or communication from Buyer pertaining to the goods described on the front side hereof are hereby objected to and shall be of no effect. No course of prior dealings between the parties and no usage of the trade shall be relevant to supplement or explain any terms used in this Agreement. Acceptance or acquiescence in a course of performance rendered under this Agreement shall not be relevant to determine the meaning of this Agreement even though the accepting or acquiescing party has knowledge of the nature of the performance and the opportunity for objection. All orders are subject to the approval by Seller at its offices in Cincinnati, Ohio. No waiver or alteration of terms herein shall be binding unless in writing, signed by an executive officer of the Seller.

2. QUANTITY. Buyer and Seller agree that Seller shall not be obligated to deliver in any month more than a proportionate amount of the maximum quantity specified on the front side hereof. Such proportionate quantity shall be determined by dividing the maximum quantity requested by the total number of months included in the term of this Agreement.

3. DELIVERY DATE. All estimates of delivery time are approximate, and failure to effect shipment of an accepted order by such estimated delivery date will not be considered sufficient cause of cancellation without prior agreement confirmed in writing by an authorized agent of Seller. Furthermore, each delivery shall stand as a separate transaction and any failure to deliver shall have no consequence for other deliveries.

4. TRANSPORTATION AND DELIVERY. Unless otherwise specifically provided on the front side hereof, the price of any goods sold is F .O .B. Seller's warehouse in the market. Title to and the risk of loss of such goods passes to Buyer upon delivery by Seller to the carrier, and any claims or losses or damage in transit shall be filed by Buyer directly with the carrier. Seller reserves the right to ship goods via the most economical routing. If shipped otherwise upon the Buyer's request, Buyer shall pay the difference in the rate of transportation.

5. CANCELLATION OR SUSPENSION OF ORDERS. Cancellation or suspension of orders will be accepted by Seller only upon terms that will indemnify Seller for liability and expenses incurred and for commitments made by Seller and which will provide for profit on work in process and for the contract value of goods completed and ready for shipment. Postponement of deliveries at Buyer's request, if for a period of more than thirty (30) days, will not be made without Seller's approval first being obtained.

6. TAXES. Unless otherwise specifically provided for on the coversheet, the price for the goods purchased is net of sales, use, excise or similar taxes, whether federal, state, or local. The amount of any such taxes applicable to the goods shall be paid by Buyer unless Buyer provides Seller with a valid exemption certificate acceptable to Seller and the appropriate taxing authority.

7. PAYMENT. Payment for goods purchased hereunder shall be made by Buyer in U.S. dollars and immediately available funds within ten (10) days after the date of invoice. Buyer shall pay each invoice in full and shall not deduct any amounts for claims, credits or otherwise absent prior written approval. Any unpaid balance after ten (10) days shall be assessed a late charge at a rate of interest equal to the maximum rate allowable by law. In the event of installment deliveries, Seller shall be relieved from making any further shipments if Buyer fails to make payment for any installment when due. In case of doubt as to Buyer's financial responsibility, shipments under this Agreement may be suspended or sent sight draft with Bill of Lading attached by Seller. Seller reserves the right to demand a confirmed letter of credit at Buyer's full cost and expense or other security of payment in Seller's sole discretion. Seller specifically does not waive any lien rights.

8. COST OF COLLECTION. If Buyer defaults with respect to any payment described here and above, Buyer shall pay Seller for all costs and expenses, including legal expenses and attorneys' fees, incurred by Seller in exercising any of its rights or remedies.

9. TERMINATION. Notwithstanding the foregoing, this Agreement and any order or delivery may be immediately terminated or suspended (a) by either party if any proceeding in bankruptcy is brought by or against the party, (b) by the non-breaching party if the other party defaults in its material obligations and such default is not cured within ten (10) days after receiving notice of such default from the non-breaching party if such default is curable, or (c) by Seller if Seller has reason to doubt the ability or willingness of Buyer to pay for the goods.

10. LIMITATION OF LIABILITY. Buyer and Seller expressly agree that Seller shall have no liability, whether under the theory of tort, contract, warranty or strict liability for any loss, damage or injury arising out of the handling or use by Buyer, the party to whom the goods were shipped, the party to whom the goods were billed, the user or any other person. It is the express intent of this Agreement that Seller be indemnified by Buyer for any losses, damages or injuries for which Seller may be held liable which are caused by Buyer's products due to any improper application or use of Seller's goods to Buyer's products.

11. WARRANTY. Seller warrants only that goods to be delivered will conform to any approved samples and specifications. THE WARRANTIES SET FORTH IN THIS SECTION 11 ARE IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WITHOUT LIMITATION, THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE WHICH ARE HEREBY DISCLAIMED AND EXCLUDED BY SELLER. Seller shall, at its option either replace non-conforming goods or credit Buyer for the purchase price for such goods. Seller will not accept the return of any goods without its prior written consent. Buyer shall give written notice to Seller of any claim for shortage or non-conforming goods within five (5) days after receipt of the goods. Failure of Seller to receive written notice of any such claim within the applicable time period shall be deemed an absolute and unconditional waiver by Buyer of such claim. THESE REMEDIES ARE THE EXCLUSIVE AND SOLE REMEDIES FOR ANY BREACH OF WARRANTY. All actions by Buyer against Seller shall be brought within one (1) year after the cause of action has accrued. Seller shall be given a reasonable and prompt opportunity to investigate any goods concerning which a claim is made.

12. MODIFICATION AND WAIVER. This Agreement constitutes the entire agreement between Buyer and Seller and there are no understandings or representations of any kind except as herein expressly set forth. Any alterations or modifications thereof shall be by mutual agreement of the parties and shall not be binding on Seller or Buyer unless made in writing and agreed to by a duly authorized official of Seller and Buyer. No claim or right arising out of breach of this Agreement can be discharged in whole or in part by waiver unless the waiver is in writing. Should any court in any jurisdiction find any provision in this Agreement unenforceable the remaining provisions shall be given full force and effect.

13. ARBITRATION. Any dispute, controversy or claim arising out of or relating to this Agreement, shall be decided by binding arbitration which shall be conducted, in Cincinnati, Ohio, before one (1) arbitrator designated by the American Arbitration Association (the "AAA"), in accordance with the terms of the Commercial Arbitration Rules of the AAA. Except as specifically provided herein, the arbitration shall proceed in accordance with the laws of the State of Ohio, without reference to the principles of conflict of laws. An arbitrator shall have no authority to award punitive consequential, incidental or other damages not measured by the prevailing party's actual damages. The prevailing party is entitled to an award of reasonable attorneys fees. To the maximum extent practicable, an arbitration proceeding under this Agreement shall be concluded within sixty (60) days of the filing of the dispute with the AAA.

14. DESIGNATION OF FORUM. The parties agree that any suit, action or proceeding brought to enforce an arbitration award rendered pursuant to this Agreement shall be instituted in the courts of the State of Ohio, Hamilton County, or the United States Court of the Southern District of Ohio, Western Division and Seller and Buyer irrevocably and unconditionally submit and consent to the jurisdiction and venue of any such court for such purpose.

15. GOVERNING LAW. All trade terms identified herein shall be governed by the meanings assigned to them in Incoterms 2000. The sale of the goods pursuant to this Agreement shall be governed by the laws of the State of Ohio, without reference to principles of conflict of laws and are not governed by the United Nations Convention on Contracts for the International Sale of Goods.

Rev 12-08-08

3230933.1


EXHIBIT F

FAX PER INSTRUCTIONS

**Intraday Fax Notification**

Date: Jan 14 2014
Account: 1/1017297255
Sub-account: 0

**To**:
ASIA MARTIN

**From:**
PNC Bank, NA
Return Items Dept F6-F166-03-3
8800 Tinicum Blvd
Philadelphia, PA 19153

| ITEM SEQUENCE | DEPOSIT DATE | DEPOSIT REF.NO. | CHECK NUMBER | DEPOSIT AMOUNT | CHECK AMOUNT |
|---|---|---|---|---|---|
| 99002836 | 01/10/2014 | 0530414 | 7097 | 2008727.58 | 41611.20 |
| **Return Reason** UCF/UNA - Uncollecte | | | | | |
| 99002837 | 01/10/2014 | 0530414 | 7103 | 2008727.58 | 51337.60 |
| **Return Reason** NSF/UNC | | | | | |

```
        2 ITEMS CHARGED TOTALING       $92,948.80
        0 ITEMS REDEPOSITED TOTALING   $0.00
                     ADVICE TOTAL      $92,948.80
```

99002836 UCF/UNA - Uncollected/Unavailable

| LONG ISLAND BANANA CORP. | | | |
| 28 WILLIAM STREET | | | |
| LYNBROOK, NY 11563 | | | |

citibank
CITIBANK, N.A. BR #230
2001 JERICHO TURNPIKE
GARDEN CITY PARK, NY 11040

1-8-210

07097

| CHECK NO. | CHECK DATE | VENDOR NO. |
| | 01/08/14 | 1CHIQU |

PAY    FORTY-ONE THOUSAND SIX HUNDRED ELEVEN AND*********
       20/100 DOLLARS*******************************************

CHECK AMOUNT
$*******41,611.20

CFNA-ATLANTA
P.O. BOX 530414

TO THE
ORDER OF    ATLANTA        GA 30353-0414

AUTHORIZED SIGNATURE

⑈007097⑈ ⑆021000089⑆ 498249851⑈

20140110
>031000053<
PNC Bank
DEP. TO CR. PAYEE
ABS. OF END. GTD.
>031000053<

Case 2:14-cv-00982-ADS-AKT   Document 3   Filed 02/14/14   Page 38 of 52 PageID #: 49

99002837 NSF/UNC

LONG ISLAND BANANA                          ank                    1-8-210              07103
28 WILLIAM STREET                    K, N.A. BR #200
LYNBROOK, NY 11563                   2001 JERICHO TURNPIKE
                                     GARDEN CITY PARK, NY 11040
                                                    CHECK NO.    CHECK DATE    VENDOR NO.

                                                            01/09/14   1CHIQU

PAY   FIFTY-ONE THOUSAND THREE HUNDRED THIRTY***********          CHECK AMOUNT
      SEVEN AND 60/100 DOLLARS****************************
                                                            $********51,337.60

      CFNA-ATLANTA
      P.O. BOX 530414

TO THE
ORDER OF    ATLANTA        GA 30353-0414

                                                         AUTHORIZED SIGNATURE

      ⑈007103⑈ ⑊021000089⑈ 498249851⑈⑈

20140110
>031000053<
PNC Bank
DEP. TO CR. PAYEE
ABS. OF END. GTD.
>031000053<

**EXHIBIT G**

# LaRusso & Conway, LLP

300 Old Country Road
Suite 341
Mineola, NY 11501
Tel: (516) 248-3520 • Fax: (516) 248-3522

February 5, 2014

Hon. Judge P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York

Re:   United States v. Thomas Hoey Jr.
      Criminal Document No. CR-11-337S-3(PKC)

Dear Judge Castel:

This letter motion is respectfully submitted seeking reconsideration of the Court's December 20, 2013 and January 6, 2014 bail rulings that ordered Mr. Hoey detained without bail pending trial[1]. We respectfully submit that based upon recent developments, Mr. Hoey is entitled to a reasonable bail. We request the Court to take into consideration our December 20, 2013 bail argument, as well as our December 30, 2013 letter for reconsideration.

## I.   New case law with respect to the narcotics counts

The government's request for detention was mostly premised upon the grounds that both Counts One and Two of the Indictment carry mandatory minimum sentences of twenty years. The government's focus on both counts has been on the death of Kim Calo. The Supreme Court has recently issued a decision that makes a conviction under Count Two more difficult for the government. On January 27, 2014 the Supreme Court, in Burrage v. United States, 2014 WL 273243 at *9, held that

---

[1] We had filed a notice of appeal from the January 6th, 2013 denial of our motion for reconsideration. That appeal has been withdrawn at this time.

"at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. Section 841(b)(1)(C) unless such use is a but for cause of death or injury."

Ms. Calo's autopsy report stated that the cause of death was not merely due to cocaine use, but "acute intoxication due to the combined effects of cocaine and alcohol." The report also detailed the presence of prescription drugs in the victim at the time of her death. The fact that Hoey and Calo were together for less than one hour the evening of Calo's death raises a strong presumption that the myriad drugs and alcohol found in her system came from sources other than Hoey. In fact cocaine residue inside a plastic bag found in Ms. Calo's bag strongly supports our position that the victim had ingested cocaine before arriving at the hotel.  Even assuming the allegation of cocaine distribution (Count One) was accurate, (and we note the complete lack of evidence proffered by the Government with respect to this Count) the presence of alcohol and other drugs raise a serious question of criminal liability for the death of Ms. Calo. Under both traditional causation analysis and the Supreme Court's ruling in <u>Burrage</u> , Ms. Calo's death was not, beyond a reasonable doubt, "a but-for result" from Hoey's alleged distribution of cocaine.

Furthermore, as it relates to the strength of the government's case as to Count Two, the New York City Police Department in conjunction with the Manhattan District Attorney's Office performed a  nine month investigation into Calo's death and brought no charges. The investigation was picked up by the Drug Enforcement Administration and the United States Attorney's office based upon the fact that the victim was related to a Drug Enforcement Agent. At hearings held before the Honorable Judge Sidney Stein earlier this year, testimony was elicited that former Agent Arthur Anderson (the brother of the victim and a former Special Agent in Charge at Long Island DEA Office) has been in contact with the agents on this investigation.

Accordingly, we submit that the above factors be considered under 18 USC 3142(g), specifically (1) the nature and circumstances of the charged offense,  and  (2) the weight of the evidence against Hoey, and that such factors weigh in favor of Mr. Hoey receiving bail.

In addition, the Supreme Court's holding in <u>Burrage</u> mitigates this Court's determination that "the motive to flee is quite different as matters

stand today," due to the "prospect of a sentence of twenty years or more if convicted of [the narcotic crimes]." (December 20, 2013 Hearing p.29) In fact, Hoey's motivation to flee is now less, based upon the lesser prospect of his conviction under Count Two.

With respect to Hoey's motivation to flee, the government offered the argument that Hoey had been in possession of large amounts of cash and that he traveled regularly to South and Central America. (December 20, 2013 Hearing Pages 9-11) However, such travel related to his business - he traveled to fruit producing regions because he distributed fruits in the United States. The cash constituted business proceeds that he often personally deposited in a bank. The government also set forth that Hoey owned property in Aruba; this property is a two-week time share utilized by his family. In all, Hoey is not a flight risk, as set forth more fully in pages 5-7.

## II. The obstruction counts

Admittedly, "[o]bstruction of justice has been a traditional ground for pretrial detention by the courts, even prior to detention for dangerousness which was instituted by the Bail Reform Act of 1984." United States v. LaFontaine, 210 F.3d 125, 134 (2d Cir. 2000); see also, United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985) (Obstruction of justice held to be an "alternative ground for detention," apart from risk of flight and safety to the community).

As set forth in Counts 3 through 5 of the Indictment, the Government alleges that Hoey participated in a scheme to obstruct the investigation by "procuring" Witness 1 to commit perjury (Count 3), attempting to destroy evidence (Count 4) and threatening, pressuring and inducing Witness 1 to make false statements to law enforcement agents, to give false testimony before a grand jury and sign a false statement for future use in an official proceeding (Count 5). Although a grand jury may have found probable cause under the law, Mr. Hoey has pleaded not guilty and is presumed innocent of these charges. Based upon these charges and the evidentiary proffer at the bail hearing, the government moved to detain Mr. Hoey under §3142(f) alleging that Mr. Hoey posed a "serious risk" to obstruct or attempt to obstruct justice and threaten, injure, or intimidate a prospective witness. This Court determined that "the concern that I have is that such conduct may continue or occur in this case, which would be a matter of grave concern." (December 20, 2013 Hearing pp.29-30).

We submit that the government's proffer failed to prove by "clear and convincing" evidence that Mr. Hoey posed such a serious risk to the prosecution of this case. As the Second Circuit held in United States v. Madoff, the critical inquiry

> "is not simply whether [the defendant's] actions can be considered obstruction, but whether there is a serious risk of obstruction in the future. The statute, by its nature, is always looking forward. To be sure, the Court should consider past behavior in assessing the likelihood of prohibitive behavior in the future, but the Government needs to show that there is a serious risk that these potential harms exist going forward." 586 F.Supp.2d at 250. (emphasis added).

Here, there has been little showing of a possibility of serious risk of future obstruction. The obstruction allegations set forth in the Indictment allegedly occurred in April and May of 2011, over two and a half years ago. The Government did not proffer any other additional allegations of current obstruction of justice, and certainly nothing that has happened since May of 2011.

At the December 20, 2013 hearing, the government, in attempting to show evidence of "more recent" obstructive conduct by Hoey, heavily relied upon Mr. Hoey's pending state case, stating

> "Almost nothing was said [by defense counsel] that addresses the government's point about the. .. allegations of obstructive conduct and tampering with witnesses that have been made in the state case which is more recent   conduct and has been fully presented to...the State judge." (December 20, 2013 Hearing p.28) (emphasis added)

Such conduct occurred in 2009-2010 and was therefore patently not "more recent," despite what was claimed by the government. In addition, no such evidence has been "presented to the State judge." The People have filed a motion, commonly referred to as a Molineux motion (similar to a Fed R. Evid 404(b) motion) alleging such conduct. As to this "obstructive conduct" cited by the Federal prosecutors, the Molineux motion is devoid of any allegation of obstructive conduct except for a claim that Hoey called the victim's cousin after the cousin had made a 911 call thinking the victim was in trouble. [2] The evidence tampering allegation in the State case relates

---

[2] In addition, the government proffered to this Court that the State Court presented evidence that Hoey had violated an Order of Protection in that case. Yet the People's only claim (substantiated

to a neighbor's belief that Mr. Hoey was removing evidence of blood stains in front of his apartment door. However at a pre-trial hearing, Police Officer Kamal Williams testified that upon his arrival at the apartment he observed blood both in front of the apartment and on the door frame of the apartment. He also testified that he saw no evidence that any blood had been wiped up. Additionally Police did not find any evidence inside the apartment indicating that Mr. Hoey tampered with any evidence. (*See* Pages of Hearing Transcript – July 8, 2013, pgs 49- 50 attached hereto as Exhibit 1)

With respect to the Federal Indictment's three obstruction counts, the 18 USC 3142(g)(2) factor of the weight of the evidence against the defendant clearly militates in favor of granting bail. It is clear from the Indictment that the obstruction charges are premised principally on the cooperation and testimony of Witness 1, who, as the Court is aware from presiding over her trial, has provided a number of contradictory versions of the events surrounding the tragic death of Kim Calo, ultimately leading to her perjury conviction in February 2013. Witness 1 had been engaged in drug use with the victim before meeting up with Hoey. Witness 1 fled the premises upon learning of Ms. Calo's death, and Mr. Hoey was instrumental in persuading Witness 1 to return to speak with the police investigating her death. Only then did she seek to implicate Hoey in an attempt to shield herself from any wrongdoing.

Though only persuasive authority, we note that District Courts in other Circuits have found bail appropriate for defendants accused of witness tampering. See U.S. v. Kiff , 377 F.Supp.2d 586 (E.D.L.A. 2005) (Defendant was entitled to release pending trial, even though charged offenses included allegation of witness tampering, given that defendant had no criminal record and there was no evidence that her history or characteristics justified pretrial detention); U.S. v. Demmler, 523 F.Supp 2d 677 (S.D.Ohio 2007) (Defendant who was indicted for obstruction of justice and witness tampering did not present a danger necessitating his detention pending trial; defendant did not have a violent criminal history, there was no evidence that the charged offenses were carried out through use of violence,  and there was no showing that defendant possessed dangerous weapons or had ambitions to procure them).

### III. Dangerousness grounds are rebutted by defendant's personal history and characteristics

---

only through phone records) is that Hoey called the victim a couple days after the incident. In fact, no such action happened.

Like the defendants  above in Kiff and Demmler, Hoey has no criminal record,  violent history or experience with dangerous weapons. However, under Counts One and Two of his Indictment, Hoey faces charges that carry minimum statutory sentence such that the charges carry a presumption of risk of flight and danger to the community. "A defendant cannot be detained as dangerous under 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions "will reasonably assure ... the safety of the community ..." U.S. v. Dominguez, 783 F.2d 702 (7th Cir.1986).  As the Seventh Circuit stated in Dominguez, "to rebut this presumption [defendants] need not necessarily show that they are not guilty of the charged crimes in the first place. They could also show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that "what is true in general is not true in the particular case ..."quoting U.S. v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Any evidence favorable to a defendant that comes within a category listed in 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in 3142(g)(3).

We believe that Hoey's personal history and characteristics, seen through the above lens, are sufficient to rebut a presumption of dangerousness and in fact militate toward the granting of bail.  Mr. Hoey is a life long resident of New York whose entire family, including his two children, all reside in the metropolitan area. He has no prior criminal record and is a respected businessman, who owns and operates two large companies in Nassau and Suffolk Counties. Mr. Hoey is the Chief Operating Officer of both companies and employs approximately 50 employees. Since his incarceration on December 19, 2013, the business has steadily declined because of Mr. Hoey's absence and his inability to operate the company while incarcerated.  Attached hereto (as Exhibit 2) are recent financial records attesting to the Companies reduced earnings and financial crisis.

We have also enclosed for the Court's review numerous letters from family members and employees of the companies attesting to not only the problems the business currently faces without Mr. Hoey's operation, but also describing Mr. Hoey as a reputable businessman and community patron.[3] (Exhibit 3)  If Mr. Hoey continues to be incarcerated for a period of time (a trial is still many months away) the real probability is that the

---

[3] Hoey also serves on local hospital boards and is involved in numerous charitable organizations.

business will close or have to be sold in which case many if not all of the
employees will become unemployed.

## IV. Bail package

The defense is prepared to put forth at least five financially
responsible people and numerous pieces of property with an approximate
combined net equity value in excess of seven million dollars. Mr. Hoey's
mother, father, wife, sisters and brother-in-law are prepared to sign a bond
and post their homes as collateral for any bond set by the Court. All of the
potential sureties were interviewed by the Pre-trial Services officer who
recommended that bail be set. All of the proposed properties are in the
New York area and most are the primary residences or the business
properties of the sureties and/or defendant. The fact that as many as five
people are willing to come forward and subject their residences to
forfeiture on behalf of Mr. Hoey is an extremely strong argument that he
does not pose a risk of flight or a danger to the community.

In addition to the posting of significant collateral, there are
conditions or a combination of conditions that can be imposed to insure
that Hoey does not present any danger to the community or potential
witness. As stated above, crucial to his and his families' livelihood are the
two companies he runs. As such, we propose that Hoey can be placed on
house arrest with electronic monitoring and/or an electronic bracelet. He
would only be allowed out of the home to work.[4] Furthermore, additional
conditions can be put in place, such as phone monitoring of Mr.Hoey (the
use of a pen register which allows the government to monitor all outgoing
and incoming calls), and conditions that such phone activity be limited to
work and family.

In conclusion, we respectfully submit that based upon the case law
that favors the presumption of release, the lack of any credible evidence
that Hoey poses a future danger to the community, combined with the very
substantial bail package that is being submitted, that a reasonable bail be
set in this case.

cc: Margaret Garnett, Esq
    Ian McGinley, Esq.

Respectfully submitted,

Joseph R. Conway, Esq.
Robert P. LaRusso, Esq.
Attorneys for Thomas Hoey

---

[4] A modified scheduled can be set to allow him to work a set number of hours on a daily basis.



Case 2:14-cv-00982-ADS-AKT   Document 3   Filed 02/14/14   Page 48 of 52 PageID #: 59

R5503B11D  DF00001  (103289)
Run: 02/12/14   9:25:04
As of Date  02/12/14

Dole Fresh Fruit
A/R Aged Trial Balance Detail

Page - 1

Parent : 408921  LONG ISLAND BANANA CO

Customer : 401642  LONG ISLAND BANANA CO
28 WILLIAM STREET
LYNBROOK, NY

Credit Limit :   300,000.00    D&B:
BB :
Contact :  05039X

| Original Invoice# | Documnet Number | Do Ty | Prod | Customer PO | Bill of Lading | Invoiced Paid/GL | Original Balance | Current Balance | Current 1-19 | 20-25 | 26-30 | 31-40 | 41 + |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1359034 | 1359034 | S3 | BAN | | 1502148 | 12/31/13 | 13,052.10 | 13,052.10 | | | | | 13,052.10 |
| 1359540 | 1359540 | S3 | ORG | | 1502153 | 01/02/14 | 13,558.08 | 13,558.08 | | | | | 13,558.08 |
| 1361221 | 1361221 | S3 | BAN | | 1504577 | 01/07/14 | 11,491.20 | 11,491.20 | | | | 11,491.20 | |
| 1361222 | 1361222 | S3 | BAN | | 1504578 | 01/07/14 | 12,932.16 | 12,932.16 | | | | 12,932.16 | |
| 1362095 | 1362095 | S3 | BAN | | 1504759 | 01/09/14 | 13,558.08 | 12,262.08 | | | | 12,262.08 | |
| 1362704 | 1362704 | S3 | BAN | | 1504768 | 01/10/14 | 11,491.20 | 11,491.20 | | | | 11,491.20 | |
| 1363387 | 1363387 | S3 | BAN | | 1506759 | 01/13/14 | 11,491.20 | 11,491.20 | | | 11,491.20 | | |
| 1363847 | 1363847 | S3 | BAN | | 1506772 | 01/14/14 | 12,932.16 | 12,932.16 | | | 12,932.16 | | |
| 1364742 | 1364742 | S3 | BAN | | 1506796 | 01/16/14 | 13,558.08 | 13,558.08 | | | 13,558.08 | | |
| 1364744 | 1364744 | S3 | BAN | | 1506813 | 01/16/14 | 11,491.20 | 11,491.20 | | | 11,491.20 | | |
| 1366166 | 1366166 | S3 | BAN | | 1510665 | 01/20/14 | 12,451.20 | 12,451.20 | | 12,451.20 | | | |
| 1366167 | 1366167 | S3 | BAN | | 1510683 | 01/20/14 | 13,284.16 | 13,284.16 | | 13,284.16 | | | |
| 1367637 | 1367637 | S3 | PLN | | 1510690 | 01/23/14 | 14,038.08 | 14,038.08 | | 14,038.08 | | | |
| 1369549 | 1369549 | S3 | BAN | | 1512781 | 01/28/14 | 13,284.16 | 13,284.16 | 13,284.16 | | | | |
| 1369550 | 1369550 | S3 | BAN | | 1512782 | 01/28/14 | 12,451.20 | 12,451.20 | 12,451.20 | | | | |

Total Customer:

| | | | | | | | | 189,768.26 | 25,735.36 | 39,773.44 | 49,472.64 | 48,176.64 | 26,610.18 |
| | | | | | | | | 100.00 % | 13.56 % | 20.96 % | 26.07 % | 25.39 % | 14.02 % |

Total Parent:

| | | | | | | | | 189,768.26 | 25,735.36 | 39,773.44 | 49,472.64 | 48,176.64 | 26,610.18 |
| | | | | | | | | 100.00 % | 13.56 % | 20.96 % | 26.07 % | 25.39 % | 14.02 % |

Report Total

| | | | | | | | | 189,768.26 | 25,735.36 | 39,773.44 | 49,472.64 | 48,176.64 | 26,610.18 |
| | | | | | | | | 100.00 % | 13.56 % | 20.96 % | 26.07 % | 25.39 % | 14.02 % |

Katzman Produce

STATEMENT
DATE: 01/24/14

PAGE   1


LONG ISLAND BANANA
28 WILLIAMS STREET
LYNBROOK,      NY  11563                    001117
Attn: TRACEY


Our records indicate that the following invoices are unpaid.
Since some of these items are past due, we would appreciate
your attention.


| INVOICE | DATE | TP | Current | 1-7 | 8-14 | 15-21 | Over 21 |
|---------|------|----|---------|-----|------|-------|---------|
| 01371911 | 12/06/13 | IV | | | | 28.00 | |
| 01373939 | 12/13/13 | IV | | | 293.00 | | |
| 01378481 | 01/03/14 | IV | 109.00 | | | | |
| | | | 109.00 | .00 | 293.00 | 28.00 | .00 |

BALANCE DUE...   $430.00

Katzman Produce

STATEMENT
DATE: 01/24/14

PAGE  1

SUFFOLK BANANA
19 OLD DOCK ROAD
YAPHANK        NY  11980                    903588
Attn: JOHNNY

Our records indicate that the following invoices are unpaid.
Since some of these items are past due, we would appreciate
your attention.

| INVOICE | DATE | TP | Current | 1-7 | 8-14 | 15-21 | Over 21 |
|---------|------|-----|---------|-----|------|-------|---------|
| 01372081 | 12/06/13 | IV | | | | 2,874.00 | |
| 00268301 | 12/13/13 | CM | | | -188.00 | | |
| 00268879 | 12/13/13 | CM | | | -30.00 | | |
| 01374108 | 12/13/13 | IV | | | 3,143.00 | | |
| 00269873 | 12/20/13 | CM | | -12.00 | | | |
| 01375297 | 12/20/13 | IV | | 2,660.50 | | | |
| 00270383 | 12/27/13 | CM | -90.00 | | | | |
| 00270909 | 12/27/13 | CM | -494.00 | | | | |
| 01376528 | 12/27/13 | IV | 4,844.00 | | | | |
| 01380020 | 01/10/14 | IV | 1,974.00 | | | | |
| | | | 6,234.00 | 2,648.50 | 2,925.00 | 2,874.00 | .00 |

BALANCE DUE... $14,681.50

Katzman Berry

STATEMENT
DATE: 01/24/14

PAGE   1


LONG ISLAND BANANA
28 WILLIAMS STREET
LYNBROOK,       NY   11563          001117
Attn: TRACEY


Our records indicate that the following invoices are unpaid.
Since some of these items are past due, we would appreciate
your attention.

| INVOICE | DATE | TP | Current | DAYS LATE 1-7 | 8-14 | 15-21 | Over 21 |
|---------|------|----|---------|------|------|-------|---------|
| 01372219 | 12/06/13 | IV | | | | 320.00 | |
| | | | .00 | .00 | .00 | 320.00 | .00 |

BALANCE DUE...   $320.00

Katzman Berry

STATEMENT
DATE: 01/24/14

PAGE  1


SUFFOLK BANANA
19 OLD DOCK ROAD
YAPHANK          NY  11980                        903588
Attn: JOHNNY


Our records indicate that the following invoices are unpaid.
Since some of these items are past due, we would appreciate
your attention.

| INVOICE | DATE | TP | Current | 1-7 | 8-14 | 15-21 | Over 21 |
|---------|------|----|---------|-----|------|-------|---------|
| 01375564 | 12/20/13 | IV | | 236.00 | | | |
| 01376782 | 12/27/13 | IV | 1,214.00 | | | | |
| | | | 1,214.00 | 236.00 | .00 | .00 | .00 |

BALANCE DUE...  $1,450.00