UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,   F I L E D          Case No. 2:14-cv-982 (ADS)(AKT)
S. KATZMAN PRODUCE INC., and IN CLERK'S OFFICE
KATZMAN BERRY CORP.,   U.S. DISTRICT COURT E.D.N.Y.

                    ★ MAR 08 2014    CONSENT INJUNCTION AND
            Plaintiffs,              AGREED ORDER
                                     ESTABLISHING PACA TRUST
      - against -   LONG ISLAND OFFICE CLAIMS PROCEDURE

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                    Defendants.
-----------------------------------------------------------X

    **WHEREAS**, on February 14, 2014, Chiquita Fresh North America, LLC, Dole Fresh Fruit

Company, S. Katzman Produce Inc. and Katzman Berry Corp. (collectively, "Plaintiffs")

commenced the instant action against Long Island Banana Corp. ("LIB"), Suffolk Banana Co., Inc.

("Suffolk") and their principal, Thomas J. Hoey (collectively, "Defendants"), to enforce the trust

provisions of Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)

(the "PACA"); and

    **WHEREAS**, on February 14, 2014, the Court entered a Temporary Restraining Order

(the "TRO") prohibiting the dissipation or alienation of any assets of Defendants LIB and Suffolk

and their related and affiliated companies pending a hearing on Plaintiffs' Motion for

Preliminary Injunction; and

    **WHEREAS**, the trust provisions of PACA establish a statutory, non-segregated trust

under which Defendants are required to hold all qualified trust assets including but not limited to

inventory, proceeds from the sale of produce, and accounts receivable in trust for qualified

beneficiaries until full payment is made pursuant to 7 U.S.C. § 499e(c)(2); and

- 1 -

**WHEREAS**, on or about March 5, 2014, Defendants were in the process of negotiating the sale of the business and substantially all of the assets of LIB and Suffolk; and

**WHEREAS**, counsel for Plaintiffs and Defendants have conferred and reached an agreement regarding the terms of this Consent Injunction (the "Order") to establish the manner in which the assets of LIB and Suffolk will be transferred, and the rights, liens, claims and priorities determined as to those assets.

Accordingly, **IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs and Defendants as follows:

A)      LIB and Suffolk consent to the entry of a preliminary injunction against them upon the terms set forth in this Order and any additional terms this Court deems necessary to give effect to this joint request for issuance of this Order.

B)      LIB and Suffolk recognize that Plaintiffs and other similarly situated unpaid suppliers of produce may be entitled to a beneficial interest in the combined pool of PACA trust assets belonging to LIB and Suffolk as defined by applicable law and regulation, including perishable agricultural commodities, inventory of food or products derived from such perishable agricultural commodities, and receivables or proceeds from the sale of such commodities and food or products derived therefrom ("PACA Trust Assets"). Plaintiff reserves the right to assert that other assets of LIB and Suffolk and any affiliated or related entities should be considered or deemed to be included within the definition of PACA Trust Assets, including without limitation, non-produce related inventory, furniture, fixtures, equipment, vehicles, leases, real property, and leasehold improvements (the "FF&E"). Plaintiffs reserve all rights and claims in and to the assets of LIB and Suffolk and/or any proceeds realized therefrom, and also reserve the right to pursue their deficiency claims, if any, against the individuals exercising control over the PACA

Trust Assets of LIB and Suffolk and potential transferees of PACA Trust Assets. Defendants reserve all rights, liens, claims and defenses regarding the amount, validity, and PACA trust status of the claims of Plaintiffs or any other similarly situated PACA trust beneficiaries, as well as all rights, liens, claims and defenses regarding all assets of LIB and Suffolk.

C)      The parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of LIB and Suffolk's PACA Trust Assets and FF&E, and to review, qualify and satisfy any and all claims against the PACA Trust Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce the obligations of LIB and Suffolk to all potential PACA trust beneficiaries.

D)      This Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document. All counterparts must be construed together to constitute one instrument.

Based on the foregoing, **IT IS HEREBY ORDERED**, as follows:

**I.      CONSENT INJUNCTION**

1.      Pursuant to Fed. R. Civ. P. 65, this Order is binding upon the parties to this action, their officers, agents, employees, financial institutions, and attorneys and all other persons or entities who receive actual notice of the entry of this Order. In this regard, Defendants are hereby directed to serve a copy of this Order on all known creditors and all financial institutions with which they do any business, or who may be holding any assets for or on their behalf. LIB and Suffolk, their agents, employees, officers, directors, financial institutions, creditors and

representatives are restrained and enjoined from hypothecating, transferring, dissipating, levying or executing on any assets of LIB and Suffolk except as set forth in this Order.

## II.    LIQUIDATION OR SALE OF ACCOUNTS RECEIVABLE, INVENTORY, EQUIPMENT AND VEHICLES

2.     Defendants are hereby directed to, within three (3) business days of this Order, open an account at a federally insured financial institution, with such account to be opened under the account name of "LIB Escrow Account," (the "Escrow Account").  Counsel for Defendants, Herrick, Feinstein LLP, shall be the sole signatory on the account.

3.     No distributions or withdrawals may be made from the Escrow Account, except as expressly agreed to in writing by Counsel for Plaintiffs and Counsel for Defendants or by further order of this Court.  The Escrow Account shall not be subject to execution by any other creditor of LIB or Suffolk or any of their affiliated or related companies.  Within ten (10) days following the end of each calendar month, and upon request, Counsel for Defendants shall promptly forward to Counsel for Plaintiffs an official bank statement showing all funds being held in the Escrow Account.

4.     Any and all interest which accrues on the funds held in the Escrow Account, from the date of opening to the date of final distribution, shall follow the funds into the hands of the party ultimately deemed entitled to such funds.  In the event multiple parties are deemed entitled to such funds, the accrued interest shall be distributed on a *pro rata* basis.

5.     Immediately upon entry of this Order, Defendants and any and all third parties, including Citibank, N.A., shall transfer any and all sums held in LIB or Suffolk's name, or otherwise derived from the PACA Trust Assets of LIB and/or Suffolk, into the Escrow Account.  Defendants and all third parties shall continue depositing all proceeds realized from LIB and/or Suffolk's accounts receivable and sale of assets into this account.

- 4 -

6.     Defendants shall provide Plaintiffs and the Court with a detailed listing of all payments received by LIB and Suffolk since the commencement of this action, outstanding accounts receivable (the "Receivables"), accounts payable and all other assets held in the name of LIB and Suffolk to the signatories of this Order within five (5) business days of the date of this Order. Such information shall be as current as possible. Citibank, N.A. shall provide an accounting of any and all funds belonging to Defendants in the possession of Citibank, N.A., including but not limited to bank statements from October 1, 2013 through the present date, activity reports, and accountings.

7.     Defendants, through their employees and pursuant to a budget agreed to in writing by Counsel for Plaintiffs and Counsel for Defendants, shall identify and, with the assistance of Plaintiffs' counsel, collect the accounts receivable of LIB and Suffolk and deposit them in the Escrow Account. All such funds so collected shall be preserved and held for the benefit of all PACA trust creditors of Defendants, as their respective interests may appear. Defendants, with the written consent of counsel for Plaintiffs, may dispose of any perishable goods which no longer have any market value.

8.     Subject to the prior written approval of Plaintiffs' Counsel, LIB and Suffolk are hereby authorized to sell for fair market value their businesses, or any portion thereof, together with the assets of those businesses, including any and all FF&E as defined in paragraph B above, by commercially reasonable means; provided, that any such sale shall be on not less than ten (10) days' notice to all known PACA creditors and Citibank, N.A. Any and all funds realized from the liquidation of the FF&E shall be deposited in the Escrow Account and shall retain their character as identifiable proceeds of such assets. Any and all claims, liens, or interests in the proceeds deposited in the Escrow Account, including any claims of the PACA trust creditors,

shall attach to the proceeds realized from the sale of such assets and the priority of claims to such proceeds shall be determined by the Court according to the procedures set forth herein.

9.     In order to facilitate the sale and collection of the assets of LIB and Suffolk, the Parties may use funds from the Escrow Account pursuant to the Budget agreed to in writing by Counsel for Plaintiffs and Counsel for Defendants.

10.     Defendants shall promptly provide Plaintiffs with access to the business books and records of LIB and Suffolk, including, without limitation, all invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists and vendor invoices and shall, from time to time and as the need arises, provide Plaintiffs with updated copies of such records pending a final sale of LIB and Suffolk. Counsel for Defendants shall timely and in good faith apprise Counsel for Plaintiffs of any material developments in the collection of the Accounts Receivable and sale of assets, including all relevant negotiations, and shall, upon request, provide Counsel for Plaintiffs periodic written status reports concerning such developments in a form suitable for filing with the Court.

11.     Plaintiffs consent to the appointment of Herrick, Feinstein LLP to perform the obligations set forth in this Order.

## III.     CLAIMS PROCEDURE

12.     The efficient administration of justice requires that all persons claiming to be PACA trust creditors of LIB and/or Suffolk assert their rights in this action by an established bar date in order to close the class of PACA creditors, to prove their claims, share in any distribution of trust assets recovered, avoid duplicate actions and determine the amount of liability, if any, of LIB and Suffolk, and their principals.

13.    Joinder of all potential PACA trust creditors shall be accomplished by Defendants' Counsel notifying all known and potential PACA trust creditors of Defendants, as identified in the most recent accounts payable lists of LIB and Suffolk, and using addresses provided by LIB and Suffolk, who have not yet appeared in this action that they must intervene in this action by (a) filing and serving a Complaint in Intervention which complies with Rules 8 and 24 of Federal Rules of Civil Procedure and (b) filing and serving a Declaration in Support of PACA Trust Claim ("PACA Proof of Claim") by the Deadline to Intervene & File PACA Proof of Claim set forth below or else lose their rights as PACA trust creditors.   Any other parties whom Defendants have reason to believe may assert any right, title or interest to the assets of LIB and/or Suffolk shall be sent a copy of this Order by Defendants' Counsel. All persons or entities who claim a right, title or interest to the assets of LIB and/or Suffolk, or who claim to be a PACA Trust Creditor of LIB and/or Suffolk, are hereby granted leave to intervene, or if they are already parties to this matter, amend their complaint, pursuant to the procedures set forth below and, upon such intervention, each such entity shall be bound by all Orders entered in this case.

| Event | Date |
|---|---|
| Counsel for Defendant to Issue Notice of Deadlines | March 14, 2014 |
| Deadline to Intervene & File PACA Proof of Claim | April 18, 2014 |
| Deadline for Objections to Claims | May 16, 2014 |
| Deadline for Responses to Claims Objections | May 30, 2014 |
| Deadline to File PACA Trust Chart and Move for Interim Distribution of Available Funds | June 11, 2014 |
| Deadline to File Objections to PACA Trust Chart and Motion for Interim Distribution of Available Funds | June 25, 2014 |
| Deadline to Reply to Objection to PACA Trust Chart and Motion for Interim Distribution of Available Funds | July 2, 2014 |

14.    Counsel for Defendants shall notify all potential PACA trust claimants of the PACA trust claim procedure set forth herein by registered or certified mail, return receipt requested, by

- 7 -

mailing a notice in the form attached hereto as Exhibit A, on or before the deadline for Counsel for Defendant to Issue Notice of Deadlines set forth above. The reasonable costs and attorney's fees incurred in disseminating this Notice shall be deducted from the proceeds identified as PACA trust assets after court approval.

15. Any creditor claiming PACA trust rights against Defendants and wishing to share in any distribution in this action must, on or before the Deadline to Intervene and File PACA Proof of Claim, file a Complaint in Intervention and a PACA Proof of Claim substantially similar to the form attached hereto as Exhibit B, together with all supporting documents with the Office of the Clerk of the Court, U.S. District Court for the Eastern District of New York, Central Islip Division, 100 Federal Plaza, Central Islip, New York 11722, and serve the Complaint in Intervention and PACA Proof of Claim, with all supporting documentation, on all counsel of record in this case as follows:

a) Gregory Brown, McCarron & Diess, 707 Walt Whitman Road, Second Floor, Melville, New York 11747, Counsel for Plaintiffs; and

b) Robert L. Rattet, Herrick, Feinstein LLP, 2 Park Avenue, New York, New York 10016, Counsel for Defendants.

The preferred method for filing any document required to be served or filed pursuant to this Order is via the Court's CM/ECF system. Any Complaint in Intervention or PACA Proof of Claim filed through the CM/ECF system need not be served or filed by mail.

16. Any party in interest, including Defendants, shall be permitted to assert any and all rights, claims, liens and defenses, including claims of offset in this claims procedure. Any party in interest asserting a right, title or interest in the assets of LIB and/or Suffolk shall file and serve a

Complaint in Intervention pursuant to the procedure set forth in paragraph 13 on or before the Deadline to Intervene and File PACA Proof of Claim.

17.     **ANY CLAIMS NOT TIMELY FILED AND SERVED SHALL BE FOREVER BARRED** and any documents relied upon by a PACA claimant to support its claim which are not filed and served in accordance with paragraph 13, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding.  This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

18.     Any objection to the PACA Proof of Claim, which may be made by any party in interest, shall be filed with the Court and served upon the PACA claimant and all counsel listed in paragraph 13 on or before the Deadline for Objections to Claims set forth above.  Any and all objections to PACA claims must set forth **in detail** the legal and factual bases for the objection; any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the objection.  Any objections to any PACA claims shall be deemed waived if not raised as specified herein.

19.     On or before the Deadline for Responses to Claims Objections, the PACA claimant shall file with the Court and serve on all counsel listed in paragraph 13 and the attorney for the objecting party, a response to the objection which shall include a request for a hearing to determine the validity of the PACA claim.

20.     Any PACA Proof of Claim to which no objection has been filed by the objection date shall be deemed a valid PACA trust claim for the amount stated in the PACA Proof of Claim.

21.     Claims for which an objection has been filed and no timely response was filed shall be disallowed to the extent of the objection.  Any claim subject to an objection which does timely file a response will be determined after a court hearing, or by stipulation between the objector and

claimant and request for Court approval. The first hearing on objections to PACA claims and responses shall be a status/settlement conference, and the Court will make appropriate orders to resolve same. Counsel for the parties shall communicate prior to the hearing to discuss settlement.

22.     On or before the Deadline to File PACA Trust Chart and Move for Interim Distribution, Counsel for Plaintiffs shall prepare a chart listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the PACA Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart"). The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds") from the Escrow Account. Plaintiffs shall simultaneously file with the Court and serve on all parties a motion requesting distribution of the Available Funds to the qualified PACA trust creditors in accordance with the PACA Trust Chart. The PACA Trust Chart and Motion for Interim Distribution shall be filed with the Court and served upon all parties.

23.     Any objection to the PACA Trust Chart or Motion for Interim Distribution of Available Funds, which may be made by any party in interest, shall be filed with the Court and served on all counsel listed in paragraph 13 on or before the Deadline to File Objections to PACA Trust Chart and Motion for Interim Distribution of Available Funds set forth above. Absent an objection, Counsel for Defendants shall, and is hereby authorized to, make an interim distribution of Available Funds to be paid *pro rata* to the holders of valid claims listed on the PACA Trust Chart. Counsel for Defendants shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to then distribute the funds to his or her clients in accordance with the PACA

Trust Chart. The *pro rata* portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserved portion shall either be used to make the *pro rata* distribution to the claim if the claimant prevails or shall be made available for distribution to other valid claims if the objection is sustained.

24.     On or before the Deadline to Reply to any Objection to PACA Trust Chart Motion for Interim Distribution of Available Funds any movant may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection which may include a request for a hearing.

25.     This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets and the Escrow Account established pursuant to this Order. The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

26.     So that all trust beneficiaries share the burden of the expenses incurred in administering the trust on the same *pro rata* basis as they are accepting the benefits of such actions, including the prospective costs of marshalling the trust assets for their benefit, the Court shall direct payment of reasonable reimbursement for attorneys' fees and costs to Plaintiffs and/or Defendants, to the extent their actions benefit the trust beneficiaries, and reimbursement of their costs upon separate application and order, after notice to all creditors and hearing if necessary.

27.     Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are relieved of complying with Rule 26 of the Federal Rules of Civil Procedure until the Interim Distribution Deadline set forth herein.

28.     Counsel for Plaintiffs and Counsel for Defendants shall have no responsibility or obligation to any person or entity with respect to the Escrow Account, or the tasks to be

performed hereunder, other than to comply in good faith with the terms of this Order and other Orders of this Court.  Counsel for Plaintiffs and Counsel for Defendants may rely upon and shall be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Defendants' books and records) reasonably believed by Counsel for Plaintiffs and Counsel for Defendants to be genuine and to have been signed or presented by the proper party or parties, or their counsel.  Counsel for Plaintiffs and Counsel for Defendants shall have no duty or liability to verify any such statement, certificate, notice, request, consent, order or document.  Counsel for Plaintiffs and Counsel for Defendants shall not be liable for any mistake of fact or error or judgment or for any act done or omitted in good faith as required or permitted by this or other orders of this Court.  Counsel for Plaintiffs and Counsel for Defendants shall be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

//

//

//

//

//

//

//

//

//

//

//

- 12 -

29.    Plaintiffs hereby withdraw the Emergency Application for Order to Show Cause

entered on February 14, 2014 (Doc. 15), without prejudice to their right to request such relief at a

later time.  The hearing on the Order to Show Cause set for March 13, 2014 is hereby canceled.

**IT IS SO ORDERED.**

ENTERED: _____2|8|14_____

                                                    s/ Arthur D. Spatt

                                                    _____

                                                    Hon. Arthur D. Spatt, U.S.D.J.

**STIPULATED AND AGREED BY THE PARTIES:**

| McCARRON & DIESS | HERRICK, FEINSTEIN LLP |
|---|---|
| Attorneys for Plaintiffs | Attorneys for Defendants |

By: _____        By: _____

Gregory Brown                                      Robert L. Rattet

707 Walt Whitman Road, Second Floor    2 Park Avenue

Melville, New York 11747                      New York, New York 10016

P: (631) 425-8110                                  P: (212) 592-1491

F: (631) 425-8112                                  F: (212) 545-2324

E: gbrown@mccarronlaw.com            E: rrattet@herrick.com

- 13 -

## EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,                                         Case No. 2:14-cv-982 (ADS)(AKT)
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                                  Plaintiffs,                    **NOTICE OF PROCEDURE TO**
                                                                 **DETERMINE VALID**
                                                                 **PACA CLAIMS TO**
                           - against -                           **DEFENDANTS' ASSETS**

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                                  Defendants.
----------------------------------------------------------------X

**TO:   All Persons or Entities Claiming PACA Trust Beneficiary Rights Against Long
        Island Banana Corp. and Suffolk Banana Co., Inc.**

     **PLEASE TAKE NOTICE** that on March \_\_\_, 2014 this Court entered a Consent

Injunction and Agreed Order Establishing PACA Trust Claims Procedure (the "Order") setting

forth a procedure to determine the valid PACA Trust Claims against Long Island Banana Corp.

("LIB") and Suffolk Banana Co., Inc. ("Suffolk"). A copy of the Order is attached hereto.

     Pursuant to the Order, Defendants or its counsel is required to mail a copy of this Notice

to each known creditor of LIB and Suffolk on or before March 14, 2014.

     1.    Because PACA's statutory scheme imposes certain procedural steps that must be

taken by sellers in order to preserve their rights as trust beneficiaries, such sellers must prove

they have met all statutory requirements and have valid claims. The following PACA Trust

Claim procedure is imposed for all potential PACA Trust Creditors ("PACA Claimant") to prove

their respective claims.

     2.    Each PACA Claimant shall complete the Declaration and PACA Proof of Claim

("Proof of Claim") substantially in the form attached hereto as <u>Exhibit B</u>, and attach copies of all

- 1 -

documents upon which it intends to rely to prove its standing as a PACA trust beneficiary and serve the Proof of Claim and exhibits as required in paragraph 3 below.

       3.      On or before **April 18, 2014**, each PACA claimant must file a Complaint in Intervention complying with Federal Rule of Civil Procedure 8(a) and the PACA Proof of Claim, together with all supporting documents, with the Clerk of the United States District Court for the Eastern District of New York, Central Islip Division, 100 Federal Plaza, Central Islip, New York 11722 and serve a copy of the Complaint in Intervention and PACA Proof of Claim with all supporting documents on the following:

| | |
|---|---|
| Gregory Brown | Robert L. Rattet |
| McCARRON & DIESS | HERRICK, FEINSTEIN LLP |
| 707 Walt Whitman Road, Second Floor | 2 Park Avenue |
| Melville, New York 11747 | New York, New York 10016 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

       4.      The preferred method for filing any document required to be served or filed pursuant to the Order is via the Court's CM/ECF system. Any Complaint in Intervention or PACA Proof of Claim filed through the CM/ECF system need not be served or filed by mail. Any claims not timely filed and served shall be disallowed and any documents relied upon by the PACA claimant to support its claim which are not filed with the Proof of Claim in accordance with this paragraph shall be at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

       5.      Any party in interest shall be permitted to assert any and all rights, claims, liens and defenses, including claims of offset in this claims procedure. Any party in interest asserting a right, title or interest in the assets of LIB and/or Suffolk shall file and serve a Complaint in Intervention pursuant to the procedure set forth in paragraph 3 on or before **April 18, 2014**.

6.     Any objections to PACA claims must be filed with the Court and served upon the PACA claimant and all attorneys of record on or before **May 16, 2014** ("Objection Deadline"). The objection must set forth in detail the legal and factual bases for the objection.  Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the objection.  Any objections to any PACA claims shall be deemed waived if not raised as specified herein.

7.     On or before **May 30, 2014** ("Response Deadline"), the PACA claimant shall file with the Court and serve the attorney for the objecting party a detailed response to any objection received on its claim, which response shall include a request for a hearing to determine the validity of the PACA claim.  A PACA claim, or any portion thereof, subject to an objection will be deemed disallowed without further order of this Court if an objection was timely filed and served and the Claimant fails to file and serve a timely response.

8.     Any PACA claim listed on a Proof of Claim to which no objection has been filed and served by the Objection deadline shall be deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim.

9.     On or before **June 11, 2014**, counsel for Plaintiffs shall prepare a chart ("PACA Trust Chart") listing each party or entity having properly and timely filed a verified PACA Proof of Claim, the amount of its claim as set forth on the PACA Proof of Claim, the amount which is deemed valid due to no objections being filed and the amount, if any, subject to a pending objection (the "PACA Trust Chart").  The PACA Trust Chart will also list the funds available for an immediate distribution ("Available Funds").  Plaintiffs shall simultaneously file with the Court and serve on all parties a motion requesting distribution of the Available Funds to the qualified PACA trust creditors in accordance with the PACA Trust Chart.  The PACA Trust Chart and motion shall

- 3 -

be filed with the Court and served on all parties in interest who have appeared in this action.

10.     On or before **June 25, 2014**, any party may file an objection to the PACA Trust Chart and/or Motion for Distribution and serve copies of their objection on all parties in interest who have appeared in this action. Absent an objection, Counsel for Defendants is authorized to make an interim distribution of Available Funds to be paid *pro rata* to the holders of valid claims listed on the PACA Trust Chart.

10.     On or before **July 2, 2014**, any party may file with the Court and serve on all parties and the attorney for the objecting party, a reply to the objection which may include a request for a hearing.

12.     The Court shall exercise sole jurisdiction over this action and the PACA Trust in accordance with the Order and further retains jurisdiction to enter further orders to enforce the terms of the Order.

Should you have any questions regarding this notice, please contact the undersigned counsel for Plaintiffs in this matter or consult your own attorney.

**THE DEADLINE TO FILE YOUR COMPLAINT IN INTERVENTION AND PACA PROOF OF CLAIM IS APRIL 18, 2014.**

Dated: March ___, 2014

McCARRON & DIESS                              HERRICK, FEINSTEIN LLP
Attorneys for Plaintiffs                      Attorneys for Defendants

By: _____          By: _____
Gregory Brown                                 Robert L. Rattet
707 Walt Whitman Road, Second Floor           2 Park Avenue
Melville, New York 11747                       New York, New York 10016
P: (631) 425-8110                              P: (212) 592-1491
F: (631) 425-8112                              F: (212) 545-2324
E: gbrown@mccarronlaw.com                      E: rrattet@herrick.com

- 4 -

# EXHIBIT B

- 1 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                          Plaintiffs,

           - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

                         Defendants.
--------------------------------------------------------------X

Case No. 2:14-cv-982 (ADS)(AKT)

**DECLARATION IN SUPPORT
OF PACA TRUST CLAIM OF**

_____

I, _____ (Name of Declarant), declare as follows:

1.   I am the _____ (Title or Position) of

_____ (Claimant) (hereinafter referred to as "Claimant"), and am the custodian of the books an records of Claimant.  I file this Declaration and declare under penalty of perjury that the following are true statements and that the attached documents are true and correct copies, or original documents, which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created by virtue of Claimant's sale and delivery of perishable agricultural commodities ("produce") to (check as applicable):

      ☐     Long Island Banana Corp. ("LIB")

      ☐     Suffolk Banana Corp. ("Suffolk")

pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, _et. seq._ and the Code of Federal Regulations implementing the PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R. § 46.46.  I am authorized to make this Declaration and am competent to testify at trial, if necessary, regarding the statements made in this

- 1 -

Declaration.

2.     Claimant (check one of the following):

☐     is licensed by the USDA-PACA and currently holds valid PACA license number _____, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.

☐     is not licensed by the USDA-PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3.     The sales transactions between Claimant and LIB and/or Suffolk were based on the following payment term (check one of the following, if Claimant sold to both companies and terms differed, please specify):

☐     Payment was due within ten (10) days after the day on which the produce was accepted as provided for in the PACA Regulations, 7 C.F.R. §46.2(aa)(5).

☐     On _____-day written payment terms from the date of (check one):
☐ shipment, ☐ invoice, ☐ delivery, ☐ acceptance.  True and accurate copies of the written agreements, if any, providing for such payment terms are attached to this Declaration as Exhibit ____.

4.     Claimant sold and delivered produce on credit to LIB and/or Suffolk as described in the chart attached to this Declaration as Exhibit _____ ("Trust Chart," see annexed sample).  In each instance, the produce was received and accepted by LIB and/or Suffolk and no adjustments have been made on the invoice amount except as listed.  True and accurate copies of all relevant invoices are attached to this Declaration as Exhibit _____.

In the Trust Chart, "Invoice Number" refers to the number under which the commodity was

- 2 -

sold to LIB or Suffolk. "Transaction Date" refers to the date which begins the payment term between the parties. (For example, if the payment term is the regulatory ten [10] days from acceptance terms, the date would be the date the produce was accepted by LIB or Suffolk; if the payment term is a written twenty-one [21] days from shipment, the date would be the date of shipment.) "Invoice Date" refers to the date Claimant issued the invoice. "Payment Due Date" refers to the date payment was due based upon the payment terms between parties. If the Claimant claims trust status by virtue of a notice included in the invoice, the "Date Notice Given" refers to the date of the invoice; if the Claimant claims trust status by virtue of a Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice"), the "Date Notice Given" refers to the date the Trust Notice was delivered to LIB or Suffolk. "Elapsed Days" refers to the total number of days after the payment due date the Trust Notice was given to LIB or Suffolk, if applicable. "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for trust protection. "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of the PACA.

5.      Claimant preserved its PACA trust interest against LIB and/or Suffolk (check one of the following, if Claimant sold to both companies and process differed, please specify):

☐      by serving Trust Notices upon LIB and/or Suffolk pursuant to 7 U.S.C. § 499e(c)(3); or

☐      by including the statutorily required language on Claimant's invoice or other billing statement pursuant to 7 U.S.C. §499e(c)(4).

6.      On the Invoice Date indicated on the Trust Chart and appearing on each of the invoices, each invoice was sent to LIB and/or Suffolk via (check as applicable, if Claimant sold to both companies and process differed, please specify):

- 3 -

☐   U.S. Mail

☐   Hand-Delivery

☐   Facsimile

☐   Email

☐   Other: _____ (specify).

True and accurate copies of all unpaid invoices are attached hereto as Exhibit _____.

7.      Claimant sent Trust Notices, if applicable, to LIB and/or Suffolk via (check as applicable, if Claimant sold to both companies and process differed, please specify):

☐   U.S. Mail

☐   Hand-Delivery

☐   Facsimile

☐   Email

☐   Other: _____ (specify),

on the following dates: _____.

True and accurate copies of all Trust Notices, if applicable, are attached hereto as Exhibit _____.

8.      The total amount past due and unpaid from LIB and/or Suffolk is as follows:

☐ Amount due from LIB: $_____, of which $_____

qualifies for PACA trust protection.

☐ Amount due from Suffolk: $_____, of which $_____

qualifies for PACA trust protection.

9.      Claimant provides the following additional information and documents (specify documents by title [e.g., bill of lading, delivery confirmation]), annexed hereto as Exhibits _____, that it believes may be necessary and helpful for the just determination of

- 4 -

its claim.  (Attach anything else you would like to place before the Court and intend to introduce at trial in connection with proving your claim as a PACA trust beneficiary).

I understand that the penalty for presenting a fraudulent claim is a fine of not more than Five Thousand Dollars ($5,000.00) or imprisonment for not more than five (5) years, or both.  18 U.S.C. § 152.

I declare under the penalty of perjury, under the laws of the United States of America and the State of _____ (insert State), that the foregoing is true and correct based on my personal knowledge.

Executed _____ _____, 2014, at _____ (insert City), State of _____ (insert State).


_____
(Signature)
(Insert Name and Title)

- 5 -

| Invoice No. | Transaction Date | Invoice Date | Payment Date Due | Date Notice Given | Invoice Amount Due | Elapsed Days | PACA Trust Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| TOTALS | | | | | | | |

**PACA TRUST CHART OF CLAIMANT**