# McCARRON & DIESS

Stephen P. McCarron◊
Louis W. Diess, III□◊
Mary Jean Fassett◊
Kate Ellis□◊
Blake A. Surbey□◊
Gregory A. Brown□

4530 Wisconsin Avenue, N.W., Suite 301
Washington, DC 20016
(202) 364-0400   FAX (202) 364-2731

707 Walt Whitman Road, 2nd Floor
Melville, NY 11747
(631) 425-8110   FAX (631) 425-8112

www.mccarronlaw.com
www.pacawebguide.com

Focusing on Cases under
the Perishable Agricultural
Commodities Act (PACA)

□ Not admitted in DC
◊ Not admitted in NY

gbrown@mccarronlaw.com

Reply to New York office

March 26, 2014

**VIA ECF ONLY**

Hon. Arthur D. Spatt
United States District Court
100 Federal Plaza
Central Islip, New York 11722

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 27 2014   ★

LONG ISLAND OFFICE

Re:  Chiquita Fresh North America, LLC v. Long Island Banana Corp;
     Case No. 14-cv-982

Honorable Sir:

We are the attorneys for plaintiffs in the above-referenced matter in which your Honor entered a consent injunction prohibiting Long Island Banana Corp. ("LIB") and Suffolk Banana Co., Inc. ("Suffolk"), from transferring any of their assets except with plaintiffs' consent and the authorization of this Court (Docket No. 23) (the "Consent Injunction").

It has come to our attention that defendants have negotiated the sale of the real property located at 596 Merrick Road, Lynbrook, New York ("596"). A photograph of the exterior of 596 is submitted herewith, and identifies the building as L.I. Banana Fruit & Vegetable Division. Therefore, it appears that defendants are attempting to transfer an asset, whether their own or belonging to an affiliated entity, which is the subject of the Consent Injunction, and have not sought the approval of either plaintiffs or the Court. It is therefore respectfully requested that your Honor enter an order directing defendants' counsel to deposit the proceeds from the sale of 596 into the LIB Escrow Account established pursuant to the Consent Injunction, as amended on March 20, 2014 (Docket No. 31).

Plaintiffs believe 596, even if it is not owned by LIB or Suffolk, is a PACA trust asset. 7 U.S.C. § 499e(c)(2) defines the corpus of the trust as all produce, including all inventories of food or other products derived from produce, and receivables or proceeds from the sale of produce or its products. *Id.* The trust also extends to all inventory of a produce dealer gained from a commingled account, *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010 (6th Cir. 1993), and to any other assets acquired with PACA trust funds. *In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996). Predicated on this jurisprudence, the Second Circuit has held that "an asset purchased with

Case 2:14-cv-00982-ADS-AKT   Document 33   Filed 03/27/14   Page 2 of 2 PageID #: 193
Case 2:14-cv-00982-ADS-AKT   Document 32   Filed 03/26/14   Page 2 of 2 PageID #: 186

Hon. Arthur D. Spatt
March 26, 2014
Page 2 of 2

the cash proceeds of a trust property [i]s a second-generation 'proceed' (thereby falling within the statutory definition of trust property), or as the product of a wrongful dissipation of trust assets." *In re Kornblum & Co.*, 81 F.3d at 285 n. 2; see also, *A&J Produce Corp. v. Bronx Overall Econ. Dev. Corp.*, 542 F.3d 54 (2d Cir. 2008). As a result, various assets have been deemed to be PACA trust assets, no matter how far removed from the actual cash proceeds from the sale of produce. See, *Endico Potatoes v. CIT Group/Factoring*, 67 F.3d 1063 (2d Cir. 1995) (accounts receivable); *A&J Produce Corp.*, 542 F.3d at 54 (commercial real property); *American Fruit & Vegetable Co., Inc. v. Ithaca Produce, Inc.*, 848 F.Supp.2d 375 (W.D.N.Y., 2011) (residential real property).

Based on the prevailing case law, we believe that the PACA Creditors have a strong likelihood of establishing that 596 is a PACA trust asset. Any transfer of that asset, or dissipation of the proceeds from that sale, will be prejudicial to the PACA Creditors.

We have asked defendants' counsel to represent that they will deposit the funds into the LIB escrow account, but they were not able to do so. A copy of my correspondence with defendants' counsel is attached.

Based on the foregoing, it is also respectfully requested that your Honor put this matter down for a hearing to determine whether the Consent Injunction should be modified to vest the PACA Creditors with control over the sale of defendants' assets.

Thank you for your attention to this matter.

Respectfully yours,
McCarron & Diess

By: _____
Gregory Brown

Enclosures

cc.: Robert L. Rattet (via email: rrattet@herrick.com)

*[Handwritten:] A HEARING IS SCHEDULED FOR APRIL 4, 2014 AT 10:00 AM. SO ORDERED.*

s/ Arthur D. Spatt
_____
ARTHUR D. SPATT, USDJ

3/27/14