# HERRICK

NEW YORK
NEWARK
PRINCETON

ROBERT L. RATTET
PARTNER
Direct Tel:  212.592.1491
Direct Fax: 212.545.2324
Email:  rrattet@herrick.com

April 3, 2014

**VIA ECF ONLY**

Hon. Arthur Spatt
United States District Court
100 Federal Plaza
Central Islip, New York 11722

          Re:    *Chiquita Fresh North America, LLC v. Long Island Banana Corp.*;
                 Case No. 14-cv-982

Dear Judge Spatt:

      We represent defendants Long Island Banana Corp. ("LIB"), Suffolk Banana Co., Inc. ("Suffolk") and Thomas Hoey, Jr. in the action-captioned action. We write in response to the letter docketed by Joseph S. Maniscalco on March 28, 2014 [Docket No. 35] (the "Maniscalco Letter") on behalf of 28 Williams Street Corp. (the "Landlord"). The Maniscalco Letter requests the extraordinary relief that a receiver be appointed over not just the assets of LIB and Suffolk, but the assets of a number of other third-parties that are not in any way involved in this PACA proceeding. The Landlord's request is entirely without merit and clearly inappropriate under the circumstances.

      The Landlord has no standing to seek the appointment of a receiver. The Landlord discloses that its only claim is for alleged rent arrearages owed by LIB in connection with the lease of the premises at 28 Williams Street, Lynbrook, New York (the "Premises"). The plaintiffs here commenced this action to enforce the trust provisions of PACA, and the parties to this proceeding, pursuant to a consent injunction and agreed order entered on March 8, 2014 (the "PACA Claims Order"), have consented to a process by which PACA creditors can assert claims against LIB and/or Suffolk, and PACA assets can be liquidated to satisfy PACA claims. By its own admission, the Landlord is not a PACA creditor, and seeks to intervene to expand the scope of this PACA case to include the liquidation of all assets of LIB and Suffolk to satisfy all creditors--not just PACA creditors. Holding nothing more than a disputed state court rent arrearage claim, the Landlord does not have standing to intervene and hijack this PACA proceeding.

      Nor would this Court have jurisdiction to consider the Landlord's request. The Landlord's dispute with LIB is currently being litigated in a state court landlord/tenant proceeding (the "L/T Action"), in which the Landlord asserts rental payment defaults and LIB seeks damages in connection with its unlawful eviction from the Premises. The state court in the L/T Action has ordered the Landlord to restore LIB to possession of the Premises. Unlike the

HERRICK, FEINSTEIN LLP

A New York limited
liability partnership
including New York
professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com

H E R R I C K

April 3, 2014
Page 2

claims asserted by the plaintiffs in this case under the Federal PACA statute, the Landlord does not have a jurisdictional basis to intervene and seek the appointment of a receiver in this PACA case, when the Landlord's sole dispute arises out of a state law landlord/tenant context.

Lastly, it bears noting that the Landlord seeks the extraordinary relief of the appointment of a receiver by letter, and without notice to the non-party entities whose assets the Landlord seeks to restrain--the owner of 534 Merrick Road, Lynbrook, HB Realty Corp., and Brooke Enterprises, Ltd. Accordingly, for all the reasons stated above, the Court should refuse to consider the Maniscalco Letter and the relief requested by the Landlord.

Respectfully submitted,

Robert Rattet/sps
Robert L. Rattet