UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,                          Case No. 14-cv-982 (ADS)(AKT)
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                    Plaintiffs,                    **FIRST AMENDED**
                                                   **COMPLAINT**

          - and -

FIERMAN PRODUCE EXCHANGE INC. and
MORRIS OKUN, INC.,

                         Intervening Plaintiffs,

          - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., THOMAS J. HOEY, YOLANDA
HOEY, BROOK ENTERPRISES LTD., H B REALTY
CORP. and STULS HOLDING CORP.,

                         Defendants.
----------------------------------------------------------------X

          Plaintiffs Chiquita Fresh North America, LLC ("Chiquita"), Dole Fresh Fruit Company

("Dole"), S. Katzman Produce Inc. ("Katzman Produce") and Katzman Berry Corp. ("Katzman

Berry") and intervening plaintiffs Fierman Produce Exchange Inc. ("Fierman") and Morris Okun,

Inc. ("Okun") (Fierman and Okun, collectively "Intervening Plaintiffs") (Chiquita, Dole,

Katzman Produce, Kazman Berry and Intervening Plaintiffs, collectively "Plaintiffs"), by

undersigned counsel, as and for their First Amended Complaint against Defendants, Long Island

Banana Corp. ("Long Island Banana"), Suffolk Banana Co., Inc. ("Suffolk")1, Thomas J. Hoey,

---

1 Long Island Banana has filed for Chapter 11 Bankruptcy Protection in the United States Bankruptcy Court for the
Eastern District of New York in a proceeding bearing the case number 8:14-71443-reg.  Suffolk Banana Co., Inc.
has filed for Chapter 11 Bankruptcy Protection in the United States Bankruptcy Court for the Eastern District of
New York in a proceeding bearing the case number 8:14-71444-reg.  Nothing herein shall be construed as a demand
for relief against Long Island Banana or Suffolk Banana or as otherwise imposing any procedural obligation upon

Yolanda Hoey, Brook Enterprises Ltd. ("Brook"), H B Realty Corp. ("HB") and Stuls Holding

Corp. ("Stuls") (Thomas J. Hoey, Yolanda Hoey, Brook, HB and Stuls, collectively, "Defendants"),

allege as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2.      Venue in this District is based on 28 U.S.C. § 1391 in that a substantial part of the

events giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

3.      a.      Plaintiff Chiquita is a Delaware limited liability company with a principal

place of business in Atlanta, Georgia, engaged in the business of buying and selling wholesale

quantities of produce in interstate commerce, and was at all relevant times subject to and licensed

under the provisions of PACA as a dealer.

         b.      Plaintiff Dole is a Nevada corporation with a principal place of business in

Westlake Village, California, engaged in the business of buying and selling wholesale quantities of

produce in interstate commerce, and was at all relevant times subject to and licensed under the

provisions of PACA as a dealer.

         c.      Plaintiff Katzman Produce is a New York company with a principal place of

business in the Bronx, New York, engaged in the business of buying and selling wholesale

quantities of produce in interstate commerce, and was at all relevant times subject to and licensed

under the provisions of PACA as a dealer.

---

those entities that would violate 11 U.S.C. § 362. Their being named as defendants in this action relates back to the
prior-filed complaint, and to their relationship with the newly named defendants and plaintiffs acknowledge that this
matter is stayed as to Long Island Banana Corp. and Suffolk Banana Co., Inc.

    d.  Plaintiff Katzman Berry is a New York company with a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

    e.  Intervening Plaintiff Fierman is a New York company with a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

    f.  Intervening Plaintiff Okun is a New York company with a principal place of business in the Bronx, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

  4.  a.  Defendant Long Island Banana is a New York company with its principal place of business in Lynbrook, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

    b.  Defendant Suffolk is a New York corporation with its principal place of business in Yaphank, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

    c.  Defendant Thomas J. Hoey is and was an officer, director and/or shareholder of Long Island Banana and Suffolk during the period of time in question, and upon information and

belief, controlled the operations of Long Island Banana and Suffolk, and was in a position of control over the PACA trust assets belonging to Plaintiffs.

        d.     Defendant Yolanda Hoey is presently an officer of Long Island Banana and Suffolk, and upon information and belief, has since December, 2013 controlled the operations of Long Island Banana and Suffolk, and was in a position of control over the PACA trust assets belonging to Plaintiffs.

        e.     Defendant Brook Enterprises Ltd. is a New York corporation sharing a principal place of business with defendant Long Island Banana.

        f.     Defendant H B Realty Corp. is a New York corporation sharing a principal place of business with defendant Long Island Banana.

        g.     Defendant Stuls Holding Corp. is a New York corporation sharing a principal place of business with defendant Long Island Banana.

## GENERAL ALLEGATIONS

5.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

6.     Between November 27, 2013 and January 28, 2014, Plaintiffs sold and delivered to Defendants in interstate commerce wholesale quantities of produce worth $737,272.76 as follows:

| | | |
|---|---|---|
| Chiquita | Dec 20, 2013 – Jan 10, 2014 | $507,955.00 |
| Dole | Dec 30, 2013 – Jan 28, 2014 | $189,768.26 |
| Katzman Produce | Dec 3, 2013 – Jan 10, 2014 | $15,111.50 |
| Katzman Berry | Dec 6, 2013 – Dec 27, 2014 | $1,770.00 |
| Fierman | Nov 27, 2013 – Jan 8, 2014 | $21,668.00 |
| Okun | Dec 16, 2013 – Dec 31, 2013 | $1,056.00 |

7.     Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiffs the aggregate principal amount of $737,328.76.

8.      At the time of receipt of the produce, Plaintiffs became beneficiaries to a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.      Plaintiffs preserved their respective interests in the PACA trust in the aggregate amount of $737,328.76 and remain beneficiaries until full payment is made for the produce.

10.     Defendants' failure, refusal and inability to pay Plaintiffs indicate that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Trust Funds)

11.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 10 above as if fully set forth herein.

12.     The failure of Defendants to make payment to Plaintiffs of trust funds in the aggregate amount of $737,328.76 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

13.     Pursuant to PACA and the prevailing cases, Plaintiffs are entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiffs, and requiring the turnover to Plaintiffs of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS LONG ISLAND BANANA AND SUFFOLK
(Failure to Pay For Goods Sold)

14.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Defendants failed and refused to pay Plaintiffs the aggregate amount of $737,328.76 owed to Plaintiffs for goods received by Defendants from Plaintiffs.

16.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate amount of $737,328.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT THOMAS J. HOEY
(Unlawful Dissipation of Trust Assets by a Corporate Official)

17.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18.     Defendant Thomas J. Hoey is an officer, director and/or shareholder who operated Long Island Banana, Suffolk, Brook, HB and Stuls during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

19.     Defendant Thomas J. Hoey failed to direct Long Island Banana, Suffolk, Brook, HB and Stuls to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

20.     Defendant Thomas J. Hoey's failure to direct the corporate defendants to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

21.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANT YOLANDA HOEY**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

22.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23.     Defendant Yolanda Hoey is an officer who has operated Long Island Banana, Suffolk and Brook since December, 2013 and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiffs.

24.     Defendant Yolanda Hoey failed to direct Long Island Banana, Suffolk and Brook to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiffs for the produce they supplied.

25.     Defendant Yolanda Hoey's failure to direct the corporate defendants to maintain PACA trust assets and pay Plaintiffs for the produce they supplied was an unlawful dissipation of trust assets by a corporate official.

26.     As a result of said unlawful dissipation of trust assets, Plaintiffs have been deprived of their rights as beneficiaries in the produce trust and have been denied payment for the produce they supplied.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THOMAS J. HOEY,**
**YOLANDA HOEY, LONG ISLAND BANANA and SUFFOLK BANANA**
(Failure to Make Prompt Payment of Trust Funds)

27.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 26 above as if fully set forth herein.

28.     Defendants received each of the shipments on which this action is based.

29.     Defendants are required to promptly tender to Plaintiffs full payment for the produce received in those shipments pursuant to PACA.

30.     Defendants failed and refused to pay for the produce supplied by Plaintiffs within the payment terms specified by 7 C.F.R. § 46.2(aa).

31.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the aggregate amount of $737,328.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
<u>DEFENDANTS LONG ISLAND BANANA AND SUFFOLK</u>**
(Breach of Contract)

32.     Plaintiffs incorporate each and every allegation set forth in paragraph 1 to 31 above as if fully set forth herein.

33.     Long Island Banana and Suffolk received Plaintiffs' invoices without objection on or about the dates indicated on the faces of the invoices.

34.     Plaintiffs' invoices to Long Island Banana and Suffolk constitute valid and enforceable agreements between the parties.

35.     Long Island Banana and Suffolk breached the agreements between the parties by failing to timely remit payment for the goods they received from Plaintiffs.

36.     Plaintiffs have performed all of the duties, obligations and conditions precedent on their part to be performed under the invoices.

37.     As a direct and proximate result of the breach of contract by Long Island Banana and Suffolk, Plaintiffs have suffered damages in the aggregate amount of $737,328.76, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST**
**DEFENDANTS THOMAS J. HOEY, YOLANDA HOEY, BROOK, HB and STULS**
(Unlawful Retention of Trust Assets)

38.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39.     Upon information and belief, proceeds from the sale of produce by Long Island Banana and/or Suffolk were transferred to Thomas J. Hoey, Yolanda Hoey, Brook, HB and/or Stuls.

40.     These transfers were made in breach of the PACA trust.

41.     Upon information and belief, Thomas J. Hoey, Yolanda Hoey, Brook, HB and/or Stuls continue to hold any and all proceeds from the sale of produce having come into their possession, or assets acquired with those funds, as trustees for Plaintiffs.

42.     Plaintiffs have been damaged in the aggregate amount of $737,328.76 as a direct and proximate result of Thomas J. Hoey, Yolanda Hoey, Brook, HB and/or Stuls having retained the proceeds from the sale of produce, or assets acquired with those funds, without delivery to Plaintiffs.

**AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS LONG**
**ISLAND BANANA, SUFFOLK, BROOK, HB and STULS**
(Alter Ego)

43.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 42 above as if fully set forth herein.

44.     Thomas J. Hoey is identified as the Chief Executive Officer of Long Island Banana, Suffolk, Brook, HB and Stuls in the records maintained by the New York State Secretary of State.

45.     Long Island Banana, Brook, HB and Stuls use the same address and phone number.

46.     Long Island Banana and Suffolk Banana use the same banking institutions.

47.     Long Island Banana and Suffolk Banana have many of the same customers and suppliers.

48.     Upon information and belief, Brook, HB and Stuls are mere holding companies or pass-through entities that derive no income of their own and/or conduct no business of their own.

49.     Upon information and belief, the officers, directors and/or shareholders of Long Island Banana, Suffolk Banana, Brook, HB and Stulls do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

50.     Upon information and belief, Brook, HB and Stuls have grossly inadequate capital.

51.     Upon information and belief, some of the corporate defendants pay the salaries, expenses or losses of the other corporate defendants.

52.     Upon information and belief, Long Island Banana, Suffolk, Brook, HB and Stuls commingle corporate funds.

53.     Upon information and belief, Long Island Banana, Suffolk, Brook, HB and Stuls and their principals have commingled corporate and personal funds.

54.     Upon information and belief, Thomas J. Hoey has used the corporate funds belonging to Long Island Banana, Suffolk, Brook, HB and Stuls to acquire assets for use in his personal capacity.

55.     Upon information and belief, Thomas J. Hoey has used the corporate funds belonging to Long Island Banana, Suffolk, Brook, HB and Stuls to pay his personal expenses.

56.     Long Island Banana, Suffolk, Brook, HB and Stuls have failed to maintain the corporate formalities.

57.     Long Island Banana, Suffolk, Brook, HB and Stuls have abused the corporate form to deprive Plaintiffs of the PACA trust funds to which they are entitled.

58.     Long Island Banana, Suffolk, Brook, HB and Stuls are alter egos of one another, entitling Plaintiffs to recover the PACA debt, jointly and severally, from each of the corporate defendants.

**AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees)

59.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 to 58 above as if fully set forth herein.

60.     PACA and Plaintiffs' invoices entitle Plaintiffs to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

61.     As a result of Defendants' continued failure to make full payment promptly in the aggregate amount of $737,328.76, Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiffs request the following relief:

A.      On the first cause of action, judgment against all Defendants, jointly and severally, in the aggregate amount of $737,328.76 under the trust provisions of PACA;

B.      On the second cause of action, judgment against Defendants Long Island Banana and Suffolk Banana, jointly and severally, in the aggregate amount of $737,328.76;

C.      On the third cause of action, judgment against Thomas J. Hoey in the aggregate amount of $737,328.76 under the trust provisions of PACA;

D.      On the fourth cause of action, judgment against Yolanda Hoey in the aggregate amount of $737,328.76 under the trust provisions of PACA;

E.      On the fifth cause of action, judgment against Thomas J. Hoey, Yolanda Hoey, Long Island Banana and Suffolk Banana, jointly and severally, in the aggregate amount of $737,328.76

under the trust provisions of PACA;

F.     On the sixth cause of action, judgment against Long Island Banana and Suffolk, jointly and severally, in the aggregate amount of $737,328.76;

G.     On the seventh cause of action, judgment against Thomas J. Hoey, Yolanda Hoey, Brook, HB and Stuls, jointly and severally, in the aggregate amount of $737,328.76 under the trust provisions of PACA;

H.     On the eighth cause of action, a declaration that Long Island Banana, Suffolk, Boork, NB and Stuls are alter egos of one another;

I.     On the ninth cause of action, judgment against all defendants for pre-judgment interest, costs and attorneys' fees; and

J.     Such other and further relief as the Court deems just and proper.

Dated: April 4, 2014                         Respectfully submitted,

                                             McCARRON & DIESS
                                             Attorneys for Plaintiffs


                             By:  /s/ Gregory Brown
                                  Gregory Brown
                                  707 Walt Whitman Road, Second Floor
                                  Melville, New York 11747
                                  Phone:        (631) 425-8110
                                  Fax:          (631) 425-8112
                                  gbrown@mccarronlaw.com