UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY, S. KATZMAN
PRODUCE INC., and KATZMAN BERRY CORP.,

Case No.: **2:14-CV-982 (ADS)(AKT)**

Plaintiffs,

- against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., and THOMAS J. HOEY,

**DECLARATION IN SUPPORT OF PACA TRUST CLAIM OF PETER'S FRUIT CO., INC..**

Defendants.

---

I, ___GUY MONTALBANO___ (*Name of Declarant*), declare,

1. That I am the ___President___ (*Title*) of ___Peter's Fruit Co., Inc.___ (*Claimant*) (hereinafter referred to as "Claimant"), and am the custodian of the books and records of Claimant. I file this Declaration and declare under penalty of perjury that the following are true statements and that the attached documents are true and correct copies, or original documents, which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created by virtue of Claimant's sale delivery of perishable agricultural commodities ("produce") to (check as applicable):

   ☐ Long Island Banana Corp. ("LIB")

   ☒ Suffolk Banana Corp. ("Suffolk")

pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a, *et. seq.* and the Code of Federal Regulations implementing the PACA promulgated by the secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R. §46.46. I am authorized to make this

1

Declaration and am competent to testify at trial, if necessary, regarding the statements made in this Declaration.

2. Claimant (check one of the following):

☒ is licensed by the USDA-PACA and currently holds valid PACA license number __19940713__ and was so validly licensed during the period applicable to the transactions which are the subject of this claim.

☐ is not licensed by the USDA-PACA and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3. The sales transactions between Claimant and LIB and/or Suffolk were based on the following payment terms:

☒ Payment was due within ten (10) days after the day on which the produce was accepted as provided for in the PACA Regulations, 7 C.F.R. §46.2(aa)(5).

☐ On _____ -day written payment terms from the date of ☐ shipment, ☐ invoice, ☐ delivery, ☐ acceptance (check one). True and accurate copies of the written agreement, if any, providing for such payment terms are attached to this Declaration as Exhibit __".

4. That Claimant sold and delivered produce on credit to LIB and/or Suffolk as described in the chart attached to this Declaration as Exhibit "A" ("Trust Chart"). In each instance, the produce was received and accepted by LIB and/or Suffolk and no adjustments have been made on the invoice amount except as listed. True and accurate copies of all relevant invoices are attached to this Declaration as Exhibit "B".

In the Trust Chart, "Invoice Number" refers to the number under which the commodity was sold to LIB and/or Suffolk. "Transaction Date" refers to the date which begins the payment term between the parties. (For example, if the payment term is the regulatory ten (10) days from acceptance terms, the date would be the date the produce was accepted by the LIB or Suffolk;

if the payment term is a written twenty-one (21) days from the shipment, the date would be the date of shipment.) "Invoice Date" refers to the date Claimant issued the invoice. "Payment Due Date" refers to the date payment was due based upon the payment terms between parties. If the Claimant claims trust status by virtue of a notice included in the invoice, the "Date Notice Given" refers to the date of the invoice; If the Claimant claims trust status by virtue of Notice of Intent to Preserve Trust Benefits (hereinafter "Trust Notice"), the "Date Notice Given" refers to the date the Trust Notice was delivered to LIB or Suffolk. "Elapsed Days" refers to the total number of days after the payment due date the Trust Notice was given to LIB or Suffolk, if applicable. "Invoice Amount Due" refers to the amount owed and remaining unpaid, whether or not it qualifies for trust protection. "PACA Trust Amount" refers to the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of the PACA.

5. Claimant preserved its PACA trust interest against LIB and/or Suffolk (check one of the following, if Claimant sold to both companies and process differed, please specify):

- ☐ by serving Trust Notices upon Debtor (7 U.S.C. §499e(c)(3)).
- ☒ by including statutorily required language on Claimant's invoice or other billing statement (7 U.S.C. §499e(c)(4)).

6. On the Invoice Date indicate on the Trust Chart and appearing on each of the invoices, each invoices was sent to LIB and/or Suffolk via check as applicable, if Claimant sold to both companies and process differed, please specify):

- ☒ U.S. Mail
- ☐ Hand-Delivery
- ☐ Facsimile
- ☐ Email
- ☐ Other: _____ (specify).

7. Claimant sent Trust Notices, if applicable, to LIB and/or Suffolk via (check as applicable, if Claimant sold to both companies and process differed, please specify:

- ☐ U.S. Mail
- ☐ Hand-Delivery
- ☐ Facsimile
- ☐ Email
- ☐ Other: _____ (specify),

on the following dates: _____.

True and accurate copies of all unpaid invoices are attached hereto as Exhibit ____.

8. The total amount past due and unpaid from LIB and/or Suffolk is as follows:

- ☐ Amount due from LIB: $_____, of which $_____ qualifies for PACA trust protection.
- ☒ Amount due from Suffolk: $30,077.22, of which $30,077.22 qualifies for PACA trust protection.

9. Claimant provides the following additional information and documents (specify document by title [e.g., bill of lading, delivery confirmation], annexed hereto as Exhibit(s) _____, that is believes may be necessary and helpful for the just determination of its claim. (Attach anything else you would like to place before the Court and intend to introduce at trial in connection with proving your claim as a PACA trust beneficiary).

I understand that the penalty for presenting a fraudulent claim is a fine of not more than Five Thousand Dollars ($5,000.00) or imprisonment for not more than five (5) years, or both. 18 U.S.C. §152.

4

I declare under the penalty of perjury, under the laws of the United States of America and the State of __New York__ (Insert State), that the foregoing is true and correct based on my personal knowledge.

Executed April __17__, 2014, at __Yaphank__ (insert City), State of __New York__ (*insert State*).

_____
(*Signature*)
(*Insert Name*) GUY MONTALBANO
(*Insert Title*) President

Z:\kreinces1\WORK\HUNTSPOINT\D'Arrigo Bros\v. suffolk banana PACA claim#14-06\Declaration of PACA Trust Claim.Peters.wpd