UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CHIQUITA BANANA NORTH AMERICA, LLC,      Case No. 2:14-cv-00982-ADS-AKT
DOLE FRESH FRUIT COMPANY, S. KATZMAN
PRODUCE INC., and KATZMAN BERRY CORP.

                         Plaintiffs,

          - and -

FIERMAN PRODUCE EXCHANGE INC. and
MORRIS OKUN, INC.,

                      Intervening Plaintiffs,

          - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., THOMAS J. HOEY,
YOLANDA HOEY, BROOK ENTERPRISES
LTD., HB REALTY CORP., and STULS
HOLDING CORP.

                      Defendants.

-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFFS'
RESPONSE TO MOTION OF HERRICK, FEINSTEIN LLP TO
WITHDRAW AS COUNSEL FOR THE NON-DEBTOR DEFENDANTS**

Herrick, Feinstein LLP ("Herrick"), counsel to Defendants Thomas J. Hoey, Yolanda Hoey, Brook Enterprises Ltd. ("Brook"), HB Realty Corp. ("HB Realty") and Stuls Holding Corp. (collectively, the "Non-Debtor Defendants"), respectfully submits this Memorandum of Law in reply to the response [Docket No. 128] and joinder to the response [Docket No. 130] (collectively, the "Objection") filed by the above Plaintiffs to Herrick's motion to withdraw as counsel to the Non-Debtor Defendants (the "Motion") [Docket No. 127].[1]

The Plaintiffs do not appear to object to Herrick's withdrawal as counsel to the Non-Debtor Defendants. Instead, the Plaintiffs take the opportunity to criticize Herrick's fees through "cheap shot" comments, and to object to Herrick's potential request to seek certain fees

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

associated with its A/R Collections. Herrick, however, seeks only to withdraw as counsel and is not seeking to be paid its A/R Collections fees, which amount to less than $14,000. Herrick seeks to preserve its right to do so, which right was expressly granted under the Consent Order. The Consent Order is clear on this point:

> No distribution or withdrawals may be made from the Escrow Account, except as expressly agreed to in writing by Counsel for Plaintiffs and Counsel for Defendants or by further order of this Court.

Consent Order ¶ 3.

> So that all trust beneficiaries share the burden of the expenses incurred in administering the trust on the same *pro rata* basis as they are accepting the benefits of such actions, including the prospective costs of marshaling the trust assets for their benefit, the Court shall direct payment of reasonable reimbursement for attorneys' fees and costs to Plaintiffs and/or Defendants, to the extent their actions benefit the trust beneficiaries, and reimbursement of their costs upon separate application and order, after notice to all creditors and hearing if necessary.

Consent Order ¶ 26.

Herrick is not seeking to be paid while PACA creditors remain unpaid. The Motion is not a request for payment of any type, but merely contains a reservation of Herrick's rights as provided for under the Consent Order. The Plaintiffs know full well that no payments can be made without their consent or the further order of the Court.

The Objection also contains hyperbole that the withdrawal of Herrick will "stifle" the Plaintiffs' statutory rights under PACA by further delaying payment to the Plaintiffs. But the relief sought in the Motion will not "stifle" the Plaintiffs' statutory rights in any way. The Escrow Accounts can be transferred to another escrow agent, even counsel for the Plaintiffs, subject to further court order. The Debtors and the Plaintiffs currently are negotiating a turnover of those accounts.

Lastly, Herrick does not take a position on whether the Non-Debtor Defendants should be required to obtain new counsel on the timeframe proposed by the Plaintiffs. Herrick is only seeking to be relieved as counsel.

## CONCLUSION

For all the reasons set forth herein and in the Motion, Herrick, Feinstein LLP respectfully request that the Court enter an order authorizing it to withdraw as counsel for the Non-Debtor Defendants (without prejudice to Herrick's right to seek payment from the Escrow Accounts of its fees in connection with A/R Collections) and grant Herrick such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: December 8, 2014
New York, New York

**HERRICK, FEINSTEIN LLP**

_____
Robert L. Rattet
2 Park Avenue
New York, New York 10016