United States District Court
Eastern District of New York
----------------------------------------------------------------------------------x
Chiquita Fresh North America, LLC, Dole Fresh Fruit Company,
S. Katzman Produce Inc. and Katzman Berry Corp.,

                        Plaintiffs,

  -against-

Fierman Produce Exchange Inc. and Morris Okun, Inc.
                                          ORDER
                  Intervening Plaintiffs,    14-cv-0982(ADS)(AKT)

  -against-

Long Island Banana Corp., Suffolk Banana Co., Inc., Thomas J.
Hoey, Yolanda Hoey, Brook Enterprises Ltd., H B Realty Corp.
and Stuls Holdings Corp.,

                        Defendants.
----------------------------------------------------------------------------------x

<u>APPEARANCES:</u>

**McCarron & Diess**
*Attorneys for the Plaintiffs and Intervening Plaintiffs*
707 Walt Whitman Rd., 2nd Floor
Melville, NY 11747
      By:    Gregory A. Brown, Esq., Of Counsel

**Herrick Feinstein LLP**
*Attorneys for the Defendants Long Island Banana Corp., Suffolk Banana Co., Inc., Brook Enterprises Ltd.,*
*H B Realty Corp., and Stuls Holdings Corp.*
2 Park Avenue
New York, NY 10016
      By:    James Glucksman, Esq.
              Robert L. Rattet, Esq., Of Counsel

**Goetz Fitpatrick LLP**
*Bankruptcy Counsel for the Defendants Long Island Banana Corp. and Suffolk Banana Co., Inc.*
One Penn Plaza, 44th Floor
New York, NY 10119
      By:    Gary M. Kushner, Esq., Of Counsel

**Thomas J. Hoey**
*Pro Se*

Yolanda Hoey
*Pro Se*

SPATT, District Judge:

## I. BACKGROUND

On February 14, 2014, the Plaintiffs Chiquita Fresh North America, LLC; Dole Fresh Fruit Company; S. Katzman Produce, Inc.; and Katzman Berry Corp. (collectively, the "Plaintiffs") commenced this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), against Long Island Banana Corp. ("LI Banana"), Suffolk Banana Co., Inc. ("Suffolk Banana"), and their common principal, namely, Thomas J. Hoey. ("Thomas Jr.").

In general, the complaint alleged that between December 3, 2013 and January 28, 2014, the Plaintiffs sold and delivered to the Defendants $718,515.85 worth of produce, for which the Defendants allegedly never paid. Under PACA, upon the Defendants' receipt of the produce, a statutory trust (the "PACA Trust") was created for the Plaintiffs' benefit, which was comprised of the goods themselves and any related funds. Thus, the Plaintiffs allege in their complaint that they are beneficiaries of the PACA Trust, and as such, are entitled to recover the amounts due, plus interest, attorneys' fees, and costs.

On the same date this action was commenced, the Plaintiffs also brought a motion by Order to Show Cause, pursuant to Fed. R. Civ. P. 55 and 65, seeking to preliminarily enjoin and temporarily restrain the Defendants from transferring or otherwise dissipating their assets up to the sum of $718,515.85, except for the purpose of making the payment owed to the Plaintiffs. The Court signed the Order to Show Cause and temporary restraining order, and made the motion returnable on March 13, 2014.

However, prior to the motion hearing, the parties informed the Court that they had agreed to the terms of a consent injunction and a procedure by which all creditors of the alleged PACA Trust could make claims and be heard in this action. In particular, the parties stipulated that the Defendants would actively preserve all trust assets and create a dedicated escrow account for this purpose. The parties also stipulated that potential creditors could seek to intervene and file a proof of claim to such assets on or before April 18, 2014.

On March 8, 2014, the Court entered an order effectuating the parties' agreement.

On March 26, 2014, counsel for the Plaintiffs advised the Court that the Defendants were apparently attempting to negotiate the sale of certain real property located at 596 Merrick Road in Lynbrook ("596 Merrick Road"), which property the Plaintiffs believed to be controlled, although perhaps not owed by LI Banana, and therefore, an asset of the PACA Trust. Accordingly, the Plaintiffs sought an order directing the Defendants to deposit any proceeds from the sale of 596 Merrick Road into the dedicated escrow account for the benefit of the PACA creditors.

On March 28, 2014, the Defendants filed a letter opposing the relief sought by the Plaintiffs and disputing their claim that 596 Merrick Road constituted a PACA Trust asset. In particular, the Defendants asserted that 596 Merrick Road was purchased in 1985 with funds wholly unrelated to the Plaintiffs or the subject of this dispute; that 596 Merrick Road had not been used in connection with the Defendants' business for approximately 25 years; and that 596 Merrick Road was, in actuality, vacant. The Defendants conceded that 596 Merrick Road was in contract to be sold, such contract having been scheduled to close one day earlier, namely, March 27, 2014.

In support of their opposition, the Defendants submitted an affidavit from Yolanda Hoey ("Yolanda"), who is the sister of Thomas Jr. and the acting President and Owner of LI Banana

and Suffolk Banana. In her affidavit, Yolanda stated that in approximately 1990 or 1991, LI Banana moved its operations away from 596 Merrick Road to a facility located at 28 Williams Street in Lynbrook ("28 Williams Street"). She stated that 596 Merrick Road has not been used in LI Banana's business since that time, and has instead been rented to independent tenants unrelated to the Defendants or their business interests. She further stated that 596 Merrick Road is not actually owned by LI Banana, but by a separate entity called Brooke Enterprises. However, Thomas Jr. also controls and is the sole shareholder of Brooke Enterprises.

On March 28, 2014, 28 William Street Corp., the corporate landlord of the 28 Williams Street property (the "Landlord"), also filed a letter in this case. In relevant part, the letter stated that, at the time that this Court imposed the injunctive relief described above, the Landlord had been in the process of evicting LI Banana from 28 Williams Street based on its failure to pay rent. Apparently, after this Court granted the injunctive relief, the Defendants also sought a temporarily restraining order from a state housing court to halt the Landlord's eviction efforts.

Further, the Landlord advised the Court that Thomas Jr. was, at that time, incarcerated in the Metropolitan Correction Center on unrelated criminal charges, and was allegedly attempting to liquidate the assets of LI Banana and Suffolk Banana. In particular, in addition to the scheduled closing on 596 Merrick Road, the Landlord also allegedly learned of a possible sale by the Defendants of a separate property located at 534 Merrick Road ("534 Merrick Road"). In this regard, the Landlord attached a copy of a Power of Attorney that Thomas Jr. executed in favor of non-party Alison Bretherick for the sole purpose of negotiating a sale of 534 Merrick Road.

In view of these facts, the Landlord requested that it be permitted to intervene; that the consent injunction entered into by the parties be expanded to include all creditors of the

Defendants, rather than simply PACA Trust creditors; and that the Court appoint a receiver to properly liquidate the assets of LI Banana and Suffolk Banana for the benefit of the creditors.

Apparently, on April 1, 2014, Brooke Enterprises closed on the sale of 596 Merrick Road.

By letter dated April 3, 2014, the Defendants opposed the appointment of a receiver, contending that the Landlord, who is not a PACA Trust creditor, and whose only claim against the Defendants arises from a landlord-tenant dispute being litigated in state court, lacks standing to intervene in this action.

Also, apparently, on April 3, 2014, LI Banana and Suffolk Banana filed separate petitions for Chapter 11 bankruptcy relief in the Eastern District of New York, which placed in effect an automatic stay of the proceedings as against them. The Chapter 11 proceeding was eventually converted to a Chapter 7 proceeding.

On April 4, 2014, the Plaintiffs filed an amended complaint, which is now the operative pleading in this action. The amended complaint added the following Defendants: (i) the acting principal of LI Banana and Suffolk Banana, namely, Yolanda; (ii) the corporate owner of 596 Merrick Road, namely, Brooke Enterprises; (iii) the corporate owner of 534 Merrick Road, namely, H B Realty Corp., ("HB Realty"); and (iv) Stuls Holding Corp. ("Stuls"), an alleged alter ego of LI Banana and Suffolk Banana also controlled by Thomas Jr. In particular, the amended complaint alleged that these Defendants improperly received proceeds from sales by LI Banana and Suffolk Banana of quantities of produce, in violation of PACA's trust provisions, and that they continue to wrongfully hold these assets.

The amended complaint also identified Fierman Produce Exchange, Inc. and Morris Okun, Inc. as Intervening Plaintiffs (collectively with the original Plaintiffs, the "Plaintiffs"), alleging that they, along with the original Plaintiffs, sold and delivered produce to the

Defendants for which they were never paid. The total loss amount alleged in the amended complaint was increased from $718,515.85 to $737,272.76.

On April 4, 2014 and April 7, 2014, the Court held hearings at which counsel for several of the parties made oral arguments. In a written decision dated April 7, 2014, the Court granted the Plaintiffs' request for an evidentiary hearing regarding the location of the proceeds of the sale of 596 Merrick Road, and whether that property constituted a PACA Trust asset subject to the parties' consent injunction. However, due to calendar conflicts, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson to conduct the necessary hearing and prepare a report and recommendation on the outstanding issues.

On May 13, 2014, the parties filed a stipulation regarding LI Banana and Suffolk Banana's Chapter 7 cases. In particular, the parties agreed that: (i) pursuant to orders of the bankruptcy court, (a) LI Banana and Suffolk Banana had abandoned their interests in the dedicated PACA escrow account, which then held $476,033.97, and (b) the automatic stay under the bankruptcy code was lifted as to those funds; and (ii) a settlement had been reached among the bankruptcy trustee, certain of the PACA Trust creditors, and other non-PACA creditors of LI Banana and Suffolk Banana regarding the distribution of approximately $678,500. The bankruptcy court approved this arrangement, and this Court So-Ordered the stipulation.

On referral from this Court, on June 23, 2014 and July 17, 2014, Judge Tomlinson held an evidentiary hearing, at which multiple witnesses gave testimony. By Civil Conference Minute Order dated July 17, 2014, the court reserved decision, and ordered that the assets of the Defendant entities were to be generally preserved in the interim.

## II. THE REPORT AND RECOMMENDATION

On July 7, 2016, Judge Tomlinson issued a 57-page Report and Recommendation (the "R&R"), which, pursuant to Fed. R. Civ. P. 52(a), contained the court's findings of fact and

conclusions of law after the two-day evidentiary hearing. While the Court will not repeat Judge Tomlinson's report in full, the following recommendations are relevant for present purposes.

Applying the test laid out in by the Second Circuit in *In re Kornblum & Co, Inc.*, 81 F.3d 280, 284 (2d Cir. 1996), Judge Tomlinson observed that, in order to establish that 596 Merrick Road is *not* an asset of the PACA Trust in this case, the burden rested with the Defendants to demonstrate that one of the following circumstances was true:

> That (1) no PACA trust existed when [596 Merrick Road was] purchased; or that (2) even though a PACA trust existed at that time, [the property was] not purchased with trust assets; or that (3) although a PACA trust existed when [the property was] purchased and [the property was] purchased with trust assets[,] the debtor thereafter paid all unpaid sellers in full prior to the transactions involving the [PACA] Creditors, thereby terminating the trust.

*Kornblum*, 81 F.3d at 287.

As to the first factor, the court found that the Defendants failed to present any evidence establishing when the PACA Trust was created relative to Brooke Enterprises' purchase of 596 Merrick Road. Nor did the Defendants address that question in their proposed findings of fact and conclusions of law. Therefore, Judge Tomlinson opined that the Defendants had not sustained their burden under the first step of the *Kornblum* test of proving that no PACA Trust existed at the time the subject property was acquired.

As to the second factor, the court referred to the testimony of Thomas Hoey, Sr. ("Thomas Sr.") – the father of Thomas Jr. and the former principal of both Brooke Enterprises and LI Banana – that he was one of a group of business partners who purchased 596 Merrick Road in 1986 for $993,440; that the group made a down payment of $300,000 at the closing; and that the partners used their personal funds – Thomas Sr.'s "savings" – and not money derived from the business operations of LI Banana or Suffolk Banana, to make the down payment. Judge Tomlinson found this testimony to be credible and concluded that the initial $300,000 Brooke

7

Enterprises, acting through Thomas Sr. and his cohorts, paid to acquire 596 Merrick Road did not derive from PACA funds.

Nevertheless, Brooke Enterprises gave a mortgage on 596 Merrick Road for the approximately $693,440 balance remaining on the purchase price, which mortgage was satisfied on October 10, 1995. Judge Tomlinson found that unrebutted evidence presented at the hearing had established that the mortgage had been paid off using the proceeds of the sale of bananas by LI Banana and/or Suffolk Bannana – so-called "banana money." Therefore, Judge Tomlinson concluded that Brooke Enterprises had used PACA funds to acquire 596 Merrick Road, and consequently, the property is appropriately considered an asset of the PACA Trust. As a result, the Defendants had also failed to sustain their burden under the second step of the *Kornblum* test.

Finally, the court found that, although the evidence demonstrated a general pattern on the part of the Defendants to pay their suppliers' invoices as they came due in the ordinary course of business, the record did not support a finding that LI Banana and Suffolk Banana attempted to pay all of their outstanding suppliers in full so as to terminate the PACA trust. Therefore, the Defendants failed to sustain their burden under the third step of the *Kornblum* test.

Based on these findings, Judge Tomlinson concluded that 596 Merrick Road was a PACA asset subject to the parties' consent injunction in this case. Thus, inasmuch as the PACA creditors are entitled to have the proceeds of the April 1, 2014 sale of the property preserved for their benefit, the court inquired into the present whereabouts of those funds.

Initially, the Court notes that 596 Merrick Road was sold for $700,075. Based on the evidence at the hearing, Judge Tomlinson determined that the funds were distributed as follows:

| Individual/Entity | Amount |
|---|---|
| Becker Realty | $28,000 |
| Lawrence Omansky | $37,000 |
| Advantage Title Company | $176,937 |
| Brooke Enterprises, Ltd. | Approximately $10,000-$12,000 |
| Alison Bretherick | Approximately $47,727 |
| Driscoll & Redlich | $40,000 |
| Fischetti & Malgieri | $50,800 |
| Goetz Fitzpatrick | $40,000 |
| Law Office of Eric Franz | $205,000 |
| Karp Auto | $740.94 |
| Herrick Feinstein | $55,000 |
| Yolanda Hoey | $2,000 |
| T&M Protection Services | $18,000 |
| Marie Hoey | $5,000 |
| Brian Kupchik | $5,000 |
| Ellen Bruno | $1,018.50 |
| Total Amount: | Approximately $722,224.07 to $724,224.07 |

The Court notes that the R&R more fully describes the basis for certain of these figures being approximations, and the Court need not repeat those descriptions here. However, the Court will also note that Judge Tomlinson specifically addressed the fact that the sum of these distributions exceeds the total purchase price of $700,075. In this regard, she explained that:

> This is not surprising considering Bretherick's testimony that she made other "limited" deposits in the Accounts in addition to the Sale Proceeds. It therefore appears that trust assets (*i.e.*, the Sale Proceeds) and non-trust assets may have been commingled in the Accounts. Since Bretherick opened the Accounts for the express purpose of depositing the Sale Proceeds, the Court finds that the Non-Debtor Defendants bear the burden of proving that any monies deposited into the Accounts were not traceable to the sale of produce and should not be treated as trust assets. . . . The Non-Debtor Defendants did not attempt to make such a showing here. The Court therefore concludes that all funds which were (1) distributed at the April 1, 2014 closing and (2) distributed from and remain in the Accounts, are proceeds from the sale of [596 Merrick Road].

R&R at 52-53.

Based on these findings, Judge Tomlinson concluded that, because 596 Merrick Road is a PACA Trust asset, the Plaintiffs are legally entitled to "reach the proceeds" from the sale of that

property, and therefore, those holding the subject funds should be required to disgorge them. However, recognizing that these proceeds have apparently been widely distributed to various individuals and entities, Judge Tomlinson noted that, generally, third parties who receive PACA trust property are not liable to the trust beneficiaries, *i.e.*, the Plaintiffs, "unless the PACA trustee's act in giving the property was a breach of trust, and unless the third party had notice of the breach." *See* R&R at 53 (quoting *E. Potato Dealers, Inc. v. TNC Packing Corp.*, No. 08-cv-6280, 2011 U.S. Dist. LEXIS 73025, at *38 (W.D.N.Y. July 6, 2011)).

Applying this standard, the court found that the hearing record supported a finding that the Defendants breached the PACA Trust by permitting Brooke Enterprises to use proceeds from the sale of produce to pay off the mortgage on 596 Merrick Road. Thus, if the recipients of the sale proceeds cannot establish that they lacked notice of the breach or that they were otherwise *bona fide* purchases for value, then they may be compelled to disgorge the distributions.

Ultimately, Judge Tomlinson made the following recommendations to this Court:

(1) That Brooke Enterprises be compelled to disgorge the approximately $10,000 to $12,000 in sale proceeds in its possession in Hudson Valley Bank account number 2000728001, and that such funds be deposited in the PACA escrow account created in this action;

(2) That Yolanda Hoey be compelled to disgorge the $2,000 in sale proceeds distributed to her by way of check numbers 0096 and 109 drawn on Hudson Valley Bank account number 2000058806, and that such funds be deposited in the PACA escrow account created in this action; and

(3) Because the focus of the hearing was not on the potential liability of third-party transferees, at this juncture, the record is insufficient to determine whether the remaining distributees of the sale proceeds outlined in the chart above may be compelled to disgorge the PACA Trust assets in their possession. However, it was recommended that this Court permit the Plaintiffs to seek such relief by way of motion on notice at a later date.

### III. CONCLUSION

On July 7, 2016, the R&R was served on counsel for the parties via ECF.

More than fourteen days have elapsed since such service, and no objections have been filed.

Therefore, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the July 7, 2016 Report and Recommendation is adopted in its entirety, and the Plaintiffs' motion is granted as set forth herein.  Within 20 days of the date of this Order, the Court directs the Plaintiffs to file a written status report on ECF outlining what actions, if any, remain to be taken in this case.  Any party wishing to respond may do so in writing on ECF within 7 days after such filing by the Plaintiffs.

Finally, the Court extends its gratitude to Judge Tomlinson for all of her outstanding assistance in this matter.

It is **SO ORDERED**

Dated: Central Islip, New York
July 28, 2016           */s/ Arthur D. Spatt*_____
                        ARTHUR D. SPATT
                        United States District Judge