**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                     Plaintiffs,

            - and -

FIERMAN PRODUCE EXCHANGE INC. and
MORRIS OKUN, INC.,

                 Intervening Plaintiffs,

            - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., THOMAS J. HOEY,
YOLANDA HOEY, BROOK ENTERPRISES
LTD., H B REALTY CORP. and STULS
HOLDING CORP.,

                 Defendants.
-----------------------------------------------------------X

                                   **REPORT AND**
                             **RECOMMENDATION**

                           14-982 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**    PRELIMINARY STATEMENT

      Plaintiffs Chiquita Fresh North America, LLC, Dole Fresh Fruit Company, S. Katzman

Produce Inc., and Katzman Berry Corp., and intervenor plaintiffs Fierman Produce Exchange

Inc. and Morris Okun, Inc. brought this action against Long Island Banana Corp. and Suffolk

Banana Co., as well as Thomas J. Hoey, Jr., Yolanda Hoey, Brook Enterprises, Ltd. ("Brook"),

H B Realty Corp., and Stuls Holding Corp., to enforce the trust provisions of Section 5(c) of the

Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA").

Presently before the Court is the motion brought by Chiquita Fresh North America, LLC, Dole Fresh Fruit Company, S. Katzman Produce Inc., Katzman Berry Corp., and Intervenor Plaintiff Fierman Produce Exchange Inc.[1] for entry of Default Judgement against defendant Brook. *See* DE 229. Judge Spatt referred the motion to this Court for a Report and Recommendation as to whether the motion should be granted and, if so, the relief to be awarded. *See* DE 237. For the reasons which follow, the Court respectfully recommends to Judge Spatt that the motion be GRANTED, in part, and DEFERRED, in part.

## II. BACKGROUND

### A. Factual Background

Plaintiffs Chiquita Fresh North America, LLC, Dole Fresh Fruit Company, S. Katzman Produce Inc., and Katzman Berry Corp. (collectively, the "Original Plaintiffs") commenced this action on February 14, 2014 against Long Island Banana Corp. ("LIB"), Suffolk Banana Co. ("Suffolk Banana"), and Thomas J. Hoey, Jr. (collectively the "Original Defendants") to enforce the trust provisions of Section 5(c) of PACA. *See* Complaint ("Compl.") [DE 1]. Counsel for the Original Plaintiffs filed an Amended Complaint on April 4, 2014 which serves as the operative pleading. *See* Amended Complaint ("Am. Compl.") [DE 46]. The Amended Complaint added Fierman Produce Exchange Inc. and Morris Okun, Inc. as intervening plaintiffs ("Intervenor Plaintiffs") (collectively with the Original Plaintiffs, "Plaintiffs"), and names Yolanda Hoey, Brook, H B Realty Corp. ("HB Realty") and Stuls Holding Corp. ("Stuls") as additional defendants (collectively with the Original Defendants, "Defendants"). *See id.* The following facts are taken from the Amended Complaint and are assumed to be true for purposes

---

[1]    There is a second Intervenor Plaintiff, Morris Okun, Inc., which, according to the docket, is represented by the same counsel who represents Fierman Produce Exchange Inc. The papers filed in connection with the instant motion, however, were submitted only on behalf of Fierman Produce Exchange Inc. *See generally* DE 229.

of the instant motion.  Between November 27, 2013 and January 28, 2014, Plaintiffs sold and

delivered to Defendants in interstate commerce wholesale quantities of produce worth

$737,272.76.  *Id*.    ¶ 6.  Defendants failed to pay for the goods when payment was due and owe

Plaintiffs the aggregate principal amount of $737,328.76.  Am. Compl. ¶ 7.  Plaintiffs allege that

"at the time of receipt of the produce, Plaintiffs became beneficiaries to a statutory trust designed

to assure payment to produce suppliers.  The trust consists of all produce or produce related

assets, including all funds commingled with funds from other sources and all assets procured by

such funds, in the possession or control of Defendants since the creation of the trust."  *Id*. ¶ 8.

According to Plaintiffs, Defendants' refusal to make payments towards the amount owed

"indicates that Defendants are failing to maintain sufficient assets in the statutory trust…and are

dissipating trust assets."  *Id*. ¶ 10.

Plaintiffs set forth the following causes of action in the Amended Complaint:  (1) as to all

Defendants, failure to pay trust funds, (2) as to LIB and Suffolk, failure to pay for goods sold,

(3) as to Thomas Hoey, Jr., unlawful dissipation of trust assets by a corporate official, (4) as to

Yolanda Hoey, unlawful dissipation of trust assets by a corporate official, (5) as to Thomas J.

Hoey, Yolanda Hoey, LIB and Suffolk, failure to make prompt payment of trust funds, (6) as to

LIB and Suffolk, breach of contract, (7) as to Thomas Hoey, Jr., Yolanda Hoey, Brook, HB

Realty, and Stuls, unlawful retention of trust assets, (8) as to LIB, Suffolk, Brook, HB Realty and

Stuls, alter egos entitling Plaintiffs to recover PACA debt, and (9) as to all defendants, interest

and attorney's fees.  *See generally* Am. Compl.

### B.    Relevant Procedural History

The Original Plaintiffs commenced this action on February 14, 2014 against the LIB,

Suffolk Banana, and Thomas Hoey, Jr.  *See* Compl.  Simultaneous with the filing of the initial

Complaint, the Original Plaintiffs moved for a temporary restraining order and preliminary

injunction under Fed. R. Civ. P. 65(b) to enforce the PACA trust "by restraining the transfer of any and all assets of defendants Long Island Banana Corp and Suffolk Banana Co., Inc. up to the sum of $719,515.85," the amount sought in the initial Complaint. *See* Plaintiffs' Motion for Temporary Restraining Order ("Pls.' TRO Mot.") [DE 3]; *see also* Plaintiffs' Motion for Preliminary Injunction ("Pls.' Mot. for Prelim. Inj.") [DE 3].  On March 7, 2014, the Original Plaintiffs and Original Defendants filed a proposed Consent Injunction setting forth a mechanism by which PACA creditors could assert claims against the PACA trust assets of LIB and Suffolk. Consent Injunction and Agreed Order Establishing PACA Trust Claims Procedure ("Consent Injunction") [DE 20].  Judge Spatt "so-ordered" the proposal the following day.  DE 23.  In the Consent Injunction, LIB and Suffolk acknowledge that "Plaintiffs and other similarly situated unpaid suppliers of produce may be entitled to a beneficial interest in the combined pool of PACA trust assets belonging to LIB and Suffolk as defined by applicable law and regulation...." Consent Injunction at 2.  The Consent Injunction further provides that

> [t]he parties agree that this Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of LIB and Suffolk's PACA trust assets and FF&E, and to review, qualify and satisfy any and all claims against the PACA trust assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce the obligations of LIB and Suffolk to all potential PACA trust beneficiaries.

*Id*. at 3.

The Amended Complaint was filed on April 4, 2014 [DE 46].  *See* Am. Compl.  The Amended Complaint adds Fierman Produce Exchange Inc. and Morris Okun, Inc. as Intervening Plaintiffs, and names Yolanda Hoey, Brook, HB Realty and Stuls as Defendants in the action.  *Id*. Defendant Brook, the subject of Plaintiffs' Motion for Default Judgment, filed an Answer to the

Amended Complaint on July 22, 2014, through its then-counsel Herrick, Feinstein LLP ("Herrick, Feinstein"). DE 120. On November 17, 2014, Herrick, Feinstein moved pursuant to Local Civil Rule 1.4 to withdraw as counsel for Brook, Stuls, HB Realty, Yolanda Hoey and Thomas Hoey Jr., citing the defendants' unwillingness to pay the firm in accordance with their retainer agreement. *See* DE 127. With regard to Brook, HB Realty and Stuls, Judge Spatt granted the motion, but only preliminarily. DE 134. Judge Spatt explained that corporate defendants may not proceed *pro se* in federal court, and may appear only through licensed counsel. *Id*. at 5. As such, the motion was granted on the condition that within 30 days of the date of filing proof of service of the Order, the corporate defendants were to provide the Court with written notice that they had retained new counsel. *Id*. at 5-6. The motion was granted without condition as to Yolanda Hoey and Thomas J. Hoey, who were directed to inform the Court in writing within 30 days whether either party retained counsel or intended to proceed *pro se*. *Id*.

When no new counsel appeared on behalf of the individual and corporate defendants, Judge Spatt issued an Order on February 6, 2015 stating that Yolanda Hoey and Thomas J. Hoey were deemed to have elected to proceed *pro se.* However, Judge Spatt denied Herrick, Feinstein's motion to be relieved as counsel for defendants Brook, HB Realty and Stuls.[2] DE 138. As a result, Herrick, Feinstein remained as counsel of record for Brook in this litigation.

On January 4, 2017, Herrick, Feinstein renewed its motion to withdraw as counsel for Brook under Local Civil Rule 1.4. *See* DE 210. This time, Judge Spatt granted the motion without condition, noting that Herrick, Feinstein previously sought but was denied leave to withdraw, that the firm continued to diligently represent Brook despite incurring more than

---

[2]    The Original Plaintiffs and Intervenor Plaintiffs subsequently filed a Stipulation of Voluntary Dismissal as to defendants HB Realty and Stuls. DE 185. Judge Spatt "so-ordered" the Stipulation on December 23, 2016. DE 188.

$300,000 in legal fees which Brook refuses to pay, and that Brook failed to oppose or otherwise respond to the motion to withdraw. *See* DE 223. The case was stayed for 30 days to afford Brook another opportunity to retain new counsel. Judge Spatt ruled that if Brook had not retained new counsel by April 17, 2017, Plaintiffs would have 14 days, until May 1, 2017, to file a motion for entry of a default judgment against the corporate defendant Brook.[3] *Id.*

Counsel for Plaintiffs timely filed their motion for entry of default judgment against Brook on May 1, 2017, DE 229, and mailed copies of Plaintiffs' motion papers that day to Thomas J. Hoey, as principal and shareholder of Brook. *See* DE 232. Judge Spatt referred the motion for default judgment to this Court for a Report and Recommendation as to whether the motion should be granted and, if so, the relief to be awarded. DE 237.

## III. DISCUSSION

### A. Relevant Legal Framework

#### i. *Rule 37(b)*

"It is clear that sanctions may be imposed upon a party or counsel who deliberately fails to comply with a court order." *Martinez v. City of New York*, 16 CV 79, 2018 WL 604019, at *19 (E.D.N.Y. Jan. 24, 2018) (quoting *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 44 F.3d 1091, 1096 (2d Cir. 1995); Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). As emphasized by the Second Circuit, "[i]mposing sanctions pursuant to Rule 37 is within the

---

[3]    In his Order granting the renewed motion to withdraw, Judge Spatt directed Herrick, Feinstein to file, within 5 days, a "showing by affidavit or otherwise…whether or not the attorney is asserting a retaining or charging lien against those parties" in accordance with Local Civil Rule 1.4. DE 232 at 5. Herrick, Feinstein did not do so, however, prompting Judge Spatt to issue a subsequent Order on May 19, 2017 directing Herrick, Feinstein to file the affidavit no later than May 26, 2017. DE 234. In accordance with Judge Spatt's Order, Herrick, Feinstein filed an affidavit on May 25, 2017 stating that the firm was not asserting a retaining lien or charging lien. *See* Declaration of Jennifer Smith Finnegan [DE 236].

discretion of the district court and a decision to dismiss an action [or enter a default] for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.,* 694 F.3d 155, 159 (2d Cir. 2012) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988)).

"When assessing a district court's exercise of its discretion pursuant to Rule 37, we generally look to '(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned' that noncompliance would be sanctioned." *Guggenheim Capital, LLC v. Birnbaum,* 722 F.3d 444, 451 (2d Cir. 2013) (quoting *Agiwal v. Mid Island Mortg. Corp*., 555 F.3d 298, 302 (2d Cir.2009) (per curiam) (quotation omitted); *see also Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–53 (2d Cir. 1995). Here, each of these factors supports entering a default judgment against Brook. Brook did not comply with the Court's Order to disgorge sale proceeds in the Hudson Valley Bank account. *See* DE 149. In addition, as discussed in further detail below, Judge Spatt afforded Brook several opportunities to comply with his Orders, particularly the Orders pointing out that the Corporation could not proceed *pro se* in this litigation. Brook did not comply. "Noncompliance is willful where the party has received notice of the Court's orders and repeatedly fails to comply." *Local No. 46 Metallic Lathers Union and Reinforcing Iron Workers Welfare Tr., Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Funds, Scholarship Fund, and Other Funds v Brookman Const. Co., Inc.*, 12-CV-2180, 2013 WL 2898130, at \*4 (E.D.N.Y. June 13, 2013) (citing *Coach v. O'Brien*, 10 Civ. 6071, 2011 WL 6122265, at \*3 (S.D.N.Y. Nov. 28, 2011). Brook's failure to comply spans several years,

from December 2014 up until the present.   Moreover, a less severe sanction here would not secure Brook's compliance in this regard.

### ii.   A Corporation's Obligation to Retain Licensed Counsel

Plaintiffs seek entry of default judgment against Brook for its failure to retain counsel. Plaintiffs' Memorandum of Law in Support of Motion for Default Judgment Against Brook Enterprises Ltd. ("Pls.' Mem.") [DE 231] at 1-2.   With regard to Brook's obligation to retain counsel, 28 U.S.C. Section 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."   28 U.S.C. § 1654.   This provision allows for representation "by an attorney admitted to the practice of law by a governmental regulatory body and [ ] by a person representing himself.   The statute does not allow for unlicensed laymen to represent anyone else other than themselves."   *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976)) (citing *McShane v. United States*, 366 F.2d 286 (9th Cir. 1966)).   Moreover, "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."   *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (quoting *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)) (citing *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam); *Brandstein v. White Lamps, Inc.*, 20 F. Supp. 369, 370 (S.D.N.Y.1937)).   Since laymen are not permitted to represent anyone other than themselves, and corporations may not proceed *pro se*, corporations may only appear in federal court through licensed counsel.   *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d at 22 (collecting cases).   Because Brook never retained counsel

in contravention of Judge Spatt's Order, the Plaintiffs are entitled to move for a default judgment.

### B.    Fed. R. Civ. P. 55

It is well-settled that a corporation's repeated failure to retain counsel justifies the imposition of a default judgment under Rule 55. *Grant v. West*, No. 97 CV 6560, 2001 WL 1597804, at *4 (E.D.N.Y. Nov. 6, 2001) (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); *Grace v. Bank Leumi Trust Co*., 443 F.3d 180, 192 (2d Cir. 2006); *Eagle Assocs*., 926 F.2d at 1310 (2d Cir.1991); *Shapiro Bernstein & Co*., 386 F.2d at 427;  *Gunderson Amazing Fireworks, LLC v. Merrick Bank*, No. CV 12-3869, 2016 WL 8711445, at *7 (E.D.N.Y. Feb. 19, 2016) (quoting *Mt. Hawley Ins. Co. v. Liberato*, No. 07-CV-4368, 2010 WL 2653326, at *2 (E.D.N.Y. June 25, 2010).

Fed. R. Civ. P. 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  A corporation's failure to retain counsel constitutes a failure to "otherwise defend" the action as provided by Rule 55(a). *Grant*, 2001 WL 1597804, at *4; *Maersk Line v. Phoenix Agro-Indus. Corp*., No. CV-07-3169, 2009 WL 1505281, at *2 (E.D.N.Y. May 27, 2009)) ("It is well settled that '[a] corporate defendant's failure to obtain counsel is a failure to 'otherwise defend' under Rule 55 because a corporation cannot proceed pro se.'"); *Glob. Auto, Inc. v. Hitrinov*, No. 13-CV-2479, 2015 WL 5793383, at *7 (E.D.N.Y. Sept. 30, 2015) (quoting *Eagle Assocs*., 926 F.2d at 1310; *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986)) ("Since a corporation's failure to retain counsel results in a failure to "otherwise defend," it is appropriate to enter a default against a corporation which has failed to comply with a court order to retain counsel.");

*Next Proteins, Inc. v. Distinct Beverages*, Inc., No. 09 CV 4534, 2012 WL 314871, at *1 (E.D.N.Y. Feb. 1, 2012) (quoting *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006)) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201–202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)) ("'[W]here a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55.'" );

Fed. R. Civ. P. 55 establishes a two-step process for obtaining a judgment against a defaulting party. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). First, a plaintiff must obtain a notation of default indicating that a party has "failed to plead or otherwise defend."[4] Fed. R. Civ. 55(a). Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." *New York*, 420 F.3d at 104. The decision to grant a motion for default judgment is left to the sound discretion of the district court. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009)) ("Rule 55(b) commits this decision to the sound discretion of the district court."); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)) ("The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual

---

[4] Here, Plaintiffs did not obtain a notation of default. Courts, however, have held that the "efficient administration of justice…may outweigh...rigid compliance" with the rule that entry of default by the clerk be entered prior to a party's filing a motion for default judgement. *RLI Ins. Co. v. May Const. Co.*, No. 09 CIV. 7415, 2011 WL 1197937, at *3 (S.D.N.Y. Mar. 22, 2011) (citing *In re Suprema Specialities, Inc.*, 330 B.R. 40, 47 (S.D.N.Y. 2005)). In light of the specific circumstances of this case, the Court recommends to Judge Spatt that Plaintiffs be permitted to proceed with the instant motion notwithstanding the fact that they did not obtain a certificate of default from the Clerk of the Court.

circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotation marks omitted).

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992)); *Krevat v. Burgers to Go, Inc.*, No. 13-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007)) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC*, No. 12-5986, 2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014) (citing *Greyhound ExhibitGroup. Inc.*, 973 F.2d at 158).

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014) (quoting *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-3168, 2009 WL 4929419, at *6 (E.D.N.Y. Oct. 6, 2009)) (internal quotation marks omitted), *report and recommendation adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Rather, "it remains the plaintiff's burden to demonstrate that those

11

uncontroverted allegations, without more, establish the defendant's liability on each asserted

cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012)

(collecting cases); *see Said v. SBS Elecs., Inc.*, No. 08-3067, 2010 WL 1265186, at *2 (E.D.N.Y.

Feb. 24, 2010) (The fact that a complaint remains unanswered will not suffice to establish

liability on the plaintiff's claims since "a default does not establish conclusory allegations, nor

does it excuse any defects in the plaintiff's pleading."), *adopted as modified on unrelated*

*grounds*, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010 ).

"As the Second Circuit has noted, when determining whether to grant a default judgment,

the Court is guided by the same factors which apply to a motion to set aside entry of a default."

*Krevat*, 2014 WL 4638844, at *5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–

71 (2d Cir. 2001); *Enron Oil Corp.*, 10 F.3d at 96). "These factors are: (1) 'whether the

defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's

claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the

denial of the motion for default judgment.'" *Id.* (quoting *Tr. of Empire State Carpenters*

*Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension and Welfare Funds v. Flooring*

*Experts, Inc.*, No. 12-6317, 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and*

*recommendation adopted by* 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013)); *see, e.g.*, *Reliance*

*Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-02067, 2013 WL 4039378, at *2

(E.D.N.Y. Aug. 7, 2013) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-

9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)) (citing *O'Callahan v. Sifre*, 242

F.R.D. 69, 73 (S.D.N.Y. 2007); *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006)).

### i.   Willfulness

There has been no indication that Brook has any interest in retaining counsel to defend it

in this action.  *See Jemine v. Dennis*, No. CV 2008-3072, 2010 WL 3420609, at *3 (E.D.N.Y.

Apr. 1, 2010), *report and recommendation adopted*, No. 08-CV-3072, 2010 WL 3420550

(E.D.N.Y. Aug. 27, 2010).  Herrick, Feinstein filed its initial motion to withdraw as counsel for

Brook on November 17, 2014, more than three years ago.  DE 127.  Brook did not oppose or

otherwise respond to the motion.  Judge Spatt explained in his December 10, 2014 Order that, as

a corporation, Brook could not proceed *pro se* in federal court.  DE 134 at 5.  As such, Herrick,

Feinstein's motion to withdraw as counsel was granted but on the condition that, within 30 days

of the date of filing of proof of service of the Order, they provide the Court with written notice

that they retained new counsel.  *Id*. at 8.  Since no new counsel had appeared on behalf of Brook,

and Brook did not file any other communication pertaining to its legal representation, Judge

Spatt issued an Order on February 6, 2015 denying Herrick, Feinstein's motion to be relieved as

counsel.  DE 138.  Herrick, Feinstein filed a renewed motion to withdraw as counsel nearly two

years later, on January 20, 2017, which Judge Spatt granted without condition.  DE 223.  In the

Order, Judge Spatt reiterated that corporations may not appear in federal court except through

licensed counsel, but given the unique circumstances of this case, "principles of fairness and a

lawyer's reasonable expectation of payment for the provision of legal services should override

the general rule against corporations appearing without counsel."  *Id*. at 5.  Judge Spatt stayed

the action for a period of 30 days to afford Brook yet another opportunity to retain new counsel.

*Id*.  Judge Spatt also warned Brook that "if, by April 17, 2017, Brook has not appeared by new

counsel, the Plaintiffs will have a period of 14 days, until May 1, 2017, to file a motion for entry

of a default judgment."  *Id*.  To this day, Brook has never responded to the motion or

communicated with the Court regarding Herrick, Feinstein's renewed motion or Judge Spatt's

Order.  *See Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Constr.*, 88 F. Supp. 3d

250, 265-66 (S.D.N.Y. 2015) ("[D]urations of time as brief as a few months have been held to

weigh in favor of dispositive sanctions. And periods of six months or more weigh even more heavily toward such remedies.") (Internal citations omitted).

The Court acknowledges that according to Attorney Brown's Supplemental Declaration, he received back from the United States Postal Service a copy of the unopened envelope in which he sent Thomas Hoey, Jr., at Hoey's address as listed in the docket, Plaintiffs' Motion for Default Judgment. Attorney Gregory Brown's Supplemental Declaration Pursuant to Local Rule 55.2(c) ("Brown Supp. Decl.") [DE 244] ¶ 3. Counsel further represents that "Plaintiffs are unaware of Thomas Hoey's current address and is [*sic*] not aware of any location where Brook continues to do business, and believes that Brook has actually ceased operations." *Id*. ¶ 4. Although Brook did not receive a copy of Plaintiffs' motion papers, this fact does not warrant denial of the instant motion. In this regard, the Court notes that it would have been well within its rights to *sua sponte* recommend to Judge Spatt, without Plaintiffs' submission of a motion, that default judgment be entered against Brook for failing to retain counsel. *See Int'l Bhd. of Elec. Workers Local No. 325 Pension Fund ex rel. Collins v. M. Gleason & Sons of Binghamton, NY, Inc.*, No. 5:09-CV-0800, 2011 WL 6257141, at *1 (N.D.N.Y. Sept. 16, 2011) (Judge Peebles recommending that "the court *sua sponte* strike the answer of the corporate defendant based upon its failure to appear through counsel despite being ordered by the court to do so, and that its default be entered as well"), *report and recommendation adopted sub nom. Int'l Bhd. of Elec. Workers Local No. 325 Pension Fund by Collins v. M. Gleason & Sons of Binghamton, NY, Inc*., No. 5:09-CV-800, 2011 WL 6256946 (N.D.N.Y. Dec. 14, 2011). Moreover, the Court finds that Brook has had more than adequate notice of its obligation to retain counsel and of Plaintiffs' intention to file a motion for default judgment. According to the docket, Brook was served with copies of Judge Spatt's December 10, 2014 Order [DE 135] and March 15, 2017 Order

14

[Electronic Order of 3/1/2017] as referenced above, as well as copies of Herrick, Feinstein's motions to withdraw as counsel [DE 131, 211]. These documents were not returned as undeliverable to their respective senders.

Brook did not receive copies of Plaintiffs' motion papers as a result of its own inaction. It is well-settled that "[p]arties have an obligation to notify the Court of any change of address[,]" a rule that "applies to both represented parties as well as *pro se* litigants." *Kalamaras v. Sposato*, No. 16-CV-459, 2017 WL 6459567, at *1 (E.D.N.Y. Nov. 3, 2017), *report and recommendation adopted*, No. CV 16-459, 2017 WL 6493229 (E.D.N.Y. Dec. 14, 2017) (citing *Rossman v. Suffolk Times*, No. 13-CV-3142, 2013 WL 4065020, at *1 (E.D.N.Y. Aug. 12, 2013)); *Trustees of Local 531 Pension Fund v. Am. Indus. Gases, Inc*., 708 F. Supp. 2d 272, 276 (E.D.N.Y. 2010) ("Live by the sword; die by the sword. AIG's own wi[l]lfulness or gross negligence in failing to comply with the law and update its address in the Secretary of State's register explains any lack of actual notice, but does not change the fact that process was proper and complete…"). Here, it is apparent from counsel for the Plaintiffs' supplemental declaration that Defendant Hoey has failed to update Brook's address with the Court. As a result, beginning with Judge Spatt's May 19, 2017 Order, *see* DE 239, certain court Orders and other mailings have been returned to their respective senders. It is not the Court's responsibility to uncover Brook's new mailing address — that task falls to Defendant Hoey as principal and shareholder of Brook. In light of the foregoing facts and case law, the Court finds that Plaintiffs have satisfied the willfulness factor.

### ii.    *Meritorious Defense*

Although Brook's default constitutes an admission of all the factual allegations contained in the Complaint as they relate to liability, Plaintiffs must nevertheless demonstrate that the uncontested allegations set forth valid claims. *See Said v. SBS Electronics, Inc*., No. 08-3067,

2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) (collecting cases).  Plaintiffs allege three causes of action against Brook: (1) failure to pay trust funds, (2) unlawful retention of trust assets, and (3) alter ego.  *See generally* Am. Compl.  "To establish the existence of a PACA trust, the seller must demonstrate that: (1) the commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser of its intention to do so."  *S. Katzman Produce, Inc. v. Won*, No. 08-CV-2403, 2009 WL 2448408, at *4 (E.D.N.Y. Aug. 7, 2009) (citing 7 U.S.C. § 499e; *Family Tree Farms, LLC v. Alfa Quality Produce, Inc.*, No. 08–CV–481, 2009 WL 565568, at *5, 2009 WL 565568 (E.D.Ca. Mar. 5, 2009), *report and recommendation adopted by* 2009 WL 1066255 (E.D. Cal. April 20, 2009); *G & P Warehouse, Inc. v. Cho's Church Ave Fruit Mkt. Inc.*, No. 15 CV 6174, 2016 WL 5802747, at *5 (E.D.N.Y. Aug. 12, 2016), *report and recommendation adopted by*, 2016 WL 5716819 (E.D.N.Y. Sept. 30, 2016).

By virtue of his "so-ordering" the Consent Injunction [DE 23] proposed by the Original Plaintiffs and Original Defendants, Judge Spatt "has already determined that [Plaintiffs] ha[ve] stated a valid claim under PACA and that the condition precedent to suit to enforce payment from a statutory trust has been met."  *See Bounty Fresh, LLC v. J N.Y. Produce, Inc.*, No. 12-CV-2415, 2014 WL 1010833, at *3 (E.D.N.Y. Mar. 14, 2014) (recommending to the district judge that since a preliminary injunction had previously been granted, the court had already determined that plaintiff stated a valid claim under PACA).

Setting aside the Consent Injunction for the moment, the Court finds that Plaintiffs have adequately alleged the existence of a PACA trust in the Amended Complaint.  *See Mikey's*

*Choice LLC v. Fagos LLC*, No. 08-CV-4492, 2010 WL 935550, at *1 (E.D.N.Y. Feb. 19, 2010), *report and recommendation adopted*, No. 08-CV-4492, 2010 WL 934260 (E.D.N.Y. Mar. 12, 2010).   According to the Amended Complaint, LIB and Suffolk are engaged in the business of buying and selling wholesale quantities of *produce* in interstate commerce and were at all relevant times, subject to and licensed under the provisions of PACA as a *dealer*.  Am. Compl. ¶ 4(a)-(b) (emphasis added).  Plaintiffs allege that between November 27, 2013 and January 28, 2014, they sold and delivered to Defendants, in interstate commerce, quantities of produce worth $737,272.76, but that Defendants have failed to pay for those goods despite repeated demands. *Id*. ¶¶ 6-7.  The Court finds that these satisfy elements (1) through (4) of the standard set forth in *S. Katzman Produce* as well as 7 U.S.C. § 499e.  With regard to the fifth element, Plaintiffs aver that "[a]t the time of receipt of the produce, Plaintiffs became beneficiaries to a statutory trust designed to assure payment to produce supplier," and Plaintiffs "preserved their respective interests in the PACA trust in the amount of $737,328.76 and remain beneficiaries until full payment is made for the produce."  *Id*. ¶¶ 8-9.   These allegations satisfy the fifth element.  *See New Son Yeng Produce N.Y. LLC v. New A & N Food Mkt., Inc.*, No. 13 CV 5012, 2014 WL 3725874, at *6 (E.D.N.Y. July 25, 2014) (With regard to the fifth element, "[t]he court is satisfied by the plaintiff's allegation that it became a beneficiary of the trust '[a]t the time of receipt,' since this tends to specify that the plaintiff provided notice to the defendant using § 499e(c)(4)'s invoice method, rather than by notifying the defendants after payment was due pursuant to § 499e(c)(3)").

Moreover, this Court already determined in its July 7, 2016 Report and Recommendation that Brook is in possession of proceeds distributed to it from the sale of property that constituted

a PACA asset subject to the Consent Injunction.[5]  *See generally* July 7, 2016 Report and

Recommendation ("July 7, 2016 R&R") [DE 148]; *see also Ira S. Bushey & Sons v. W.E.*

*Hedger Transp. Corp*., 167 F.2d 9, 12 (2d Cir. 1948) ("It is of course thoroughly settled that the

court takes judicial notice to its own records, particularly in the very case….") (collecting cases);

*Bristol v. Nassau Cty*., 685 F. App'x 26, 28 (2d Cir. 2017) (citing *Apotex, Inc. v. Acorda*

*Therapeutics, Inc*., 823 F.3d 51, 60 (2d Cir. 2016)) (determining that decisions in related state

criminal proceedings could be judicially noticed since "[t]hese self-authenticating, publicly

available records satisfied Rule 201(b)(2) and bore directly on the question of issue

preclusion.").  Based on that determination, the Court recommended to Judge Spatt that Brook be

compelled to disgorge the sale proceeds.  *Id*.  Brook did not object to the Report and

Recommendation and Judge Spatt adopted it in its entirety.  DE 149.

     This Court made clear in its Report and Recommendation that although Plaintiffs allege

in their Amended Complaint that "Long Island Banana, Suffolk, Brook…are *alter egos* of one

---

[5]     The subject of this Court's July 7, 2016 Report and Recommendation was a motion to compel filed by the Original Plaintiffs, joined by the Intervenor Plaintiffs.  *See* DE 32.  In that motion, the Original Plaintiffs contended that the Original Defendants were improperly negotiating the sale of property located at 596 Merrick Road in Lynbrook, New York, which, according to the Original Plaintiffs, was a PACA trust asset.  *Id*.  The movants sought an Order directing that the proceeds from the sale of real property be deposited into the escrow account established pursuant to the consent preliminary injunction entered in this case.  *Id*.  Judge Spatt subsequently issued an Order referring the matter to this Court to hold an evidentiary hearing and issue a Report and Recommendation addressing "(1) the issue of whether the 596 Property is a PACA asset subject to the Consent Injunction; (2) the issue of the present location of the proceeds from the sale of the 596 Property; and (3) any other issues which may be relevant." DE 55 at 6.

another," Am. Compl. ¶ 58, the recommendation was not premised on alter ego liability, namely because Plaintiffs did not advance this theory in support of their position and it would have been improper for them to do so in light of the bankruptcy stay in place at the time as to LIB and Suffolk.  *See* July 7, 2016 R&R at 31-32.  Moreover, alter ego liability is not a separate cause of action, "rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners[,]" or on another entity.  *See Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna*, Inc., 655 F. Supp. 2d 177, 194 (E.D.N.Y. 2009) (quoting *Morris v. N.Y. State Dep't of Taxation & Finance*, 82 N.Y.2d at 141, 623 N.E.2d at 1160, 603 N.Y.S.2d at 810 (N.Y. 1993)).  "Alter ego liability exists when a parent or owner uses the corporate form to achieve fraud, or when the corporation has been so dominated by an individual or another corporation (usually a parent corporation), and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own."  *Liberty Synergistics, Inc. v. Microflo Ltd*., 50 F. Supp. 3d 267, 296 (E.D.N.Y. 2014) (quoting *OOO "Garant–S" v. Empire United Lines Co., Inc*., 557 Fed. Appx. 40, 45 (2d Cir. 2014)).

Plaintiffs do not specifically discuss alter ego liability in their Motion for Default Judgment.  *See generally* Pls.' Mot.  It is therefore unclear whether that theory has been abandoned with respect to Brook.  Nonetheless, the Court would have grounds for deferring a ruling on alter ego liability because such a determination would implicate the liability of LIB and Suffolk, defendants who have not defaulted.  *See* Am. Compl. ¶ 58; *see also In re Vantage Petroleum Corp*., 43 B.R. 257, 260 (Bankr. E.D.N.Y. 1984) ("In an action such as that at bar, where several defendants are charged with transferring funds to one of the defendants, all of the defendants might be found liable, or fewer than all of the defendants might be found liable; but never would only a transferor or only a transferee be found liable."); *Martin v. Coughlin*, 895 F.

19

Supp. 39, 43 (N.D.N.Y. 1995). Since LIB and Suffolk are still actively litigating this case and there has been no determination with respect to alter ego liability as to these two defendants,[6] a finding at this juncture that Brook, LIB and Suffolk are alter egos of one another "would pose the prospect of inconsistent judgments." *See Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 399-400 (S.D.N.Y. 2012). In the interest of avoiding inconsistent outcomes, the Court finds that the most prudent approach is to refrain from recommending, at this time, that Brook, LIB and Suffolk be deemed alter egos of one another.

### iii.    *Prejudice*

The last factor for the Court to consider is whether Plaintiffs would be prejudiced if the motion for default judgment were to be denied. Denying this motion would actually be prejudicial to Plaintiffs since "there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd.*, 2008 WL 5560868, at *2 (citing *Mason Tenders*, 2003 WL 1960584, at *3). If a default judgment is not granted, Plaintiffs will have no alternative legal redress against Brook to recover the losses it has sustained. Since all three factors necessary to establish a default have been satisfied, the Court respectfully recommends to Judge Spatt that default judgment be entered against Brook with respect to liability.

### A.    Damages and Requested Relief

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974); Fed. R. Civ. P. 8(d)). Therefore, once a party's default as to liability is established, a plaintiff still must prove

---

[6]    Judge Spatt previously declined to dismiss the Plaintiffs' allegations on the grounds that such a determination would require a fact intensive inquiry that the court was unable to conduct based on the record at that time. *See* Decision and Order [DE 116] at 9.

damages.  *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Gutman v. Klein*, No. 03-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) (quoting *Flaks*, 504 F.2d at 707) ("'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.'").

Here, Plaintiffs seek to recover from Brook an aggregate sum of $903,553.80, comprising of the principal amount owed to each Plaintiff as well as accrued interest and attorney's fees. *See* Attorney Gregory Brown's Declaration in Support of Motion for Default Judgment against Brook Enterprises Ltd. ("Brown Decl.")  [DE 230], "Wherefore" clause.  Brook is the sole Defendant to have defaulted at this juncture.  The remaining Defendants (of which there are many) continue to actively litigate this action on the merits.  In addition, as set forth above, Plaintiffs claim that "Long Island Banana, Suffolk, [and] Brook…are alter egos of one another, entitling Plaintiffs to recover the PACA debt, *jointly and severally*, from each of the corporate defendants."  Am. Compl. ¶ 58 (emphasis added); *see also id.*, "Wherefore" clause. Consequently, where, as here, "there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."  *Long Island Hous. Servs. v. Greenview Properties, Inc.,* No. 07CV0352, 2008 WL 150222, at *1 (E.D.N.Y. Jan. 11, 2008), *report and recommendation adopted*, No. 07 CV 0352, 2009 WL 960200 (E.D.N.Y. Apr. 4, 2009); *see Elsevier Inc. v. Memon*, 97 F. Supp. 3d 21, 39 (E.D.N.Y. March 23, 2015) ("Although

the Gaziani Defendants refuse to participate in this case, the Memon Defendants and others are actively litigating Plaintiffs' claims.  It would therefore be premature to discuss damages because of the possibility of inconsistent rulings."); *Mercury Venture Int'l Ltd. v. DGM Commodities Corp.*, No. 13-CV-1521, 2015 WL 893652, at *7-*8 (E.D.N.Y. Mar. 2, 2015) (declining to engage in a calculation of damages where "non-defaulting Respondents . . . remain in this case and have asserted defenses").  Accordingly, the Court respectfully recommends to Judge Spatt that, to the extent the motion seeks an award of damages against Brook, that portion of the motion be DEFERRED pending resolution of the claims against all other active Defendants.

The Court further notes that even if it were to consider the merits of Plaintiffs' request for damages, separate grounds exist for deferring such a determination.  In support of Plaintiffs' motion for default judgment, Attorney Brown submitted his own affidavit regarding the calculation of damages Plaintiffs assert Defendants owe them.  *See* Brown Decl.  However, counsel's affidavit is not sufficient.  Plaintiffs need to provide an affidavit from an individual with first-hand knowledge who was responsible for maintaining the invoices and making calculations of the amounts owed.  *See Flanagan v. NPORT Const. Corp.*, No. CV 08-4540, 2013 WL 702490, at *2-3 (E.D.N.Y. Jan. 8, 2013), *report and recommendation adopted*, No. 08-CV-4540, 2013 WL 703335 (E.D.N.Y. Feb. 25, 2013).  Plaintiffs' submission is deficient in other respects as well.  Plaintiffs will need to submit copies of the actual invoices issued to each Defendant in this case.  Likewise, Plaintiffs will need to provide a list of the payments owed in an excel spreadsheet, contained either on a CD or some other device, so that the Court may calculate the sum total of the entries and confirm the accuracy of the proffered calculations.

There are two separate grounds for recovering attorney's fees under PACA:  (1) "when a reparation order of the Secretary of Agriculture is appealed to a district court and the district

court upholds the Secretary's order, the appellee may recover attorneys' fees," and (2) when a contract between the parties provides for the recovery of attorney's fees. *Watermelon Exp., Inc. v. Marine Park Farmer's Mkt., Inc.*, No. 05-CV-4649, 2007 WL 4125105, at *1 (E.D.N.Y. Nov. 16, 2007) (citing 7 U.S.C. § 499g(c); 7 U.S.C. § 499e(c)(2); *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007)). If it is Plaintiffs' position that it is entitled to recover attorney's fees pursuant to a contractual provision, then Plaintiffs would be required to provide the Court with proof of the same. Moreover, Plaintiffs would be required to submit contemporaneous time/billing records for each specific attorney and/or paralegal, along with a designation of who performed the work associated with each entry. *See generally New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983); *see also Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 120 (E.D.N.Y. 2010) ("A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records."). Further, counsel would be required to submit underlying documentation for any costs and disbursements requested. *Joe Hand Promotions, Inc. v. Elmore*, No. 11 Civ. 3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (collecting cases) (taking judicial notice of the filing fee but declining to award counsel service costs due to absence of documentation); *Li Ping Fu v. Pop Art Int'l Inc.*, No. 10 Civ. 8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011) ("The Court takes judicial notice of the Court's own filing fee amount, but plaintiff has not provided supporting documentation as to the service costs and therefore that amount is not recoverable."), *adopted in relevant part by* 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011). The Court notes that in the Amended Complaint, Plaintiffs seek injunctive relief in connection with their first cause of action, namely, failure to pay trust funds, which is asserted against Brook. In Plaintiffs' Motion for Default Judgment,

Plaintiffs appear to have abandoned this request.  The Court therefore declines to consider it here.

**IV.    CONCLUSION**

For the foregoing reasons, the Court respectfully recommends to Judge Spatt that Plaintiffs' motion be GRANTED, in part, and DEFERRED, in part.  Specifically, the Court recommends that (1) a default judgment be entered against Brook as to liability and (2) the calculation of damages against Brook be postponed until the case is resolved as to all active Defendants.

**V.    OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Arthur D. Spatt, and to the Chambers of the undersigned.  Any requests for an extension of time for filing objections must be directed to Judge Spatt prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiffs' counsel is directed to serve a copy of this Report and Recommendation on Defendant Brook Enterprises Inc. forthwith by overnight mail and first class mail and file proof of such service on ECF promptly**.

**SO ORDERED.**

Dated: Central Islip, New York
　　　February 28, 2018


/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge