UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA,
LLC, DOLE FRESH FRUIT COMPANY,
S. KATZMAN PRODUCE INC. and
KATZMAN BERRY CORP.,

            Plaintiffs,

-and-

FIERMAN PRODUCE EXCHANGE
INC. and MORRIS OKUN, INC.

            Intervening Plaintiffs,

-against-

LONG ISLAND BANANA CORP.,
SUFFOLK BANANA CO., INC.,
THOMAS J. HOEY, YOLANDA HOEY,
and BROOK ENTERPRISES LTD.

            Defendants.
-----------------------------------------------------------X

**ADOPTION ORDER**
14-cv-982 (ADS) (AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 15 2018 ★

LONG ISLAND OFFICE

## APPEARANCES:

**McCarron & Diess**
*Attorneys for the Plaintiffs and Intervening Plaintiffs*
707 Walt Whitman Rd.,
Melville, NY 11747
    By: Gregory A. Brown, Esq., Of Counsel

**Herrick Feinstein LLP**
*Attorneys for the Defendants Long Island Banana Corp. and Suffolk Banana Co., Inc.*
2 Park Avenue
New York, NY 10016
    By: James Glucksman, Esq.
        Robert L. Rattet, Esq., Of Counsel

**Thomas J. Hoey**
*Pro Se*

**Yolanda Hoey**
*Pro Se*

**NO APPEARANCE:**

    **Brook Enterprises, Ltd.**
    *Defendant*

**SPATT, District Judge.**

Familiarity with the facts and procedural history of this case is presumed.

Relevant here, Brook Enterprises, Ltd. ("Brook") formally appeared in this action when, on or about July 22, 2014, its then-counsel Herrick Feinstein LLP ("Herrick") filed an answer to the amended complaint on its behalf.

On August 14, 2014, Herrick moved under Local Civil Rule 1.4 to withdraw as counsel for Brook.

In an order dated December 10, 2014, noting that corporations may not appear in federal courts except by licensed counsel, the Court denied Herrick's motion to the extent that it sought to relieve the firm of its representation of Brook. In particular, the Court held that, if, within 30 days of its Order, Brook had failed to appear by new counsel, the motion would be denied and Herrick would continue as its attorney of record.

On February 3, 2015, after more than 30 days passed without Brook appearing by new counsel, Herrick's motion was denied.

On January 20, 2017, Herrick renewed its motion for leave to withdraw as counsel for Brook, asserting that the amount of Herrick's unpaid legal fees was approximately $330,000 – a sum that neither Brook nor its principal showed any intention of paying.

In an order dated March 15, 2017, the Court granted Herrick's renewed motion. However, noting that Brook had failed to oppose either of Herrick's motions to withdraw; and again noting that Brook could not appear in this action *pro se*, the Court directed that, if, by April

17, 2017, Brook failed to appear by new counsel, the Plaintiffs would be permitted to file a motion for entry of a default judgment.

On March 17, 2017, Herrick filed an affidavit of service demonstrating that a copy of the Court's March 15, 2017 order had been served on Brook by service on the New York Secretary of State, pursuant to § 306 of the New York Business Corporation Law, and by certified mail, return receipt requested. The order was also served by certified mail, return receipt requested, upon the Defendant Thomas J. Hoey, Brook's principal.

On May 1, 2017, after Brook failed for a second time to retain new counsel, the Plaintiffs moved for entry of a default judgment. To date, neither Brook nor any other party has opposed the Plaintiffs' motion.

Therefore, on May 27, 2017, the Court referred this matter to United States Magistrate Judge A. Kathleen Tomlinson for a recommendation as to whether the motion for a default judgment against Brook should be granted, and if so, what relief should be awarded with respect to that Defendant.

On February 28, 2018, Judge Tomlinson issued a Report & Recommendation ("R&R") recommending that (1) that default judgment be entered against Brook as to liability; and (2) the calculation of damages be deferred until the case is resolved as to all active Defendants.

More than fourteen (14) days have elapsed since service of the R&R on Brook Enterprises Ltd., who has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the R&R is adopted in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
March 15, 2018

                                                               s/ Arthur D. Spatt
                                        _____
                                              ARTHUR D. SPATT
                                         United States District Judge