**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                Plaintiffs,

      - and -

FIERMAN PRODUCE EXCHANGE INC. and
MORRIS OKUN, INC.,

                Intervening Plaintiffs,

      - against -

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., THOMAS J. HOEY,
YOLANDA HOEY, BROOK ENTERPRISES
LTD., H B REALTY CORP. and STULS
HOLDING CORP.,

                Defendants.
-----------------------------------------------------------X

**ORDER**

14-982 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court previously issued an abbreviated Order granting, in part, Plaintiffs' motion to compel [DE 208] non-party Lawrence Omansky, Esq. to provide true and complete responses to the Plaintiffs' discovery demands. *See* DE 253. At that time, the Court stated that the substantive decision would follow. This Order constitutes the substantive decision.

**I.    PARTIES' CONTENTIONS**

Plaintiffs served non-party Lawrence Omansky with a First Combined Set of Interrogatories and Document Requests in September 2016. *See* Plaintiffs' First Combined Set of Interrogatories and Document Requests ("Pls.' Demands"), annexed in Exhibit A to Plaintiffs'

Motion to Compel ("Pls.' Mot.") [DE 208].  Plaintiffs argue that Omansky's October 4, 2016 response to their demands is deficient since Omansky does not reply individually to each demand.  Instead, he provides only a single narrative that is devoted almost entirely to addressing his theory as to why he has no liability to Plaintiffs.  *See* Third Party Response to Plaintiffs' Combined Set of Interrogatories and Document Request ("Omansky Response"), annexed as Exhibit B to Pls.' Mot.  Plaintiffs further object to Omansky's response on the grounds that, "although the Response is notarized, there is no indication that statements contained in the Response are actually sworn to."  Plaintiffs seek an Order directing Omansky to provide true and complete responses to their interrogatories and document demands.  Plaintiffs further request that to the extent Omansky continues to fail to properly respond to Plaintiff's discovery demands, in the face of an Order directing them to do so, Omansky be barred from presenting evidence to rebut the following contentions:

> (1) Omansky was aware of Plaintiff's notice to the Court dated March 26, 2014 that the property located at 596 Merrick Road, Lynbrook, New York (the "Property") was a PACA trust asset,
> (2) Omansky allowed the closing on the sale of the property to proceed despite this knowledge,
> (3) Omansky received proceeds from the sale of the Property on multiple occasions subsequent to the closing, and
> (4) Omansky has retained proceeds from the sale of the property despite demand for this funds being sent to Omansky by Plaintiffs.

Omansky filed a response to Plaintiffs' motion to compel on January 31, 2018.  *See* DE 213.  Omansky represents that he informed Plaintiffs' counsel that after the conclusion of the subject closing, "I turned over the entire file including all of my work product to Mr. HOEY's agent Aliceson Bretherick, who at the time of said closing was the President of Brookline Ltd."  According to Omansky, he is therefore unable to turn over any documents since he has none in his possession.  Omansky further explains that he informed Plaintiffs' counsel that the balance of

any escrow funds in his possession after the closing was paid to Brookline Ltd., in accordance with his client's instructions. He has no knowledge of what happened to the funds afterwards. Omansky maintains that no records have ever been kept recording the hours he spent and what was done in preparation for the closing and it is not common practice for attorneys to do so in connection with real estate closings.

Omansky also sets forth the following with regard to the closing:

> [A]t no time prior to or during the closing was I ever made aware of a restraining notice or lien or order from any court preventing said closing from taking place and/or preventing the distribution of the proceeds at closing. It was only after the closing when some monies retained by the title company $30,000, pending clearing up of an issue on a prior mortgage, were returned that I learned of any restraining orders and at that time I instructed Ms. Bretherick to surrender it to the court which I believe she has done. There is still about $8,000.00 which the title company is holding and I have made Mr. Brown aware of same."

Omansky represents that he does not have any proceeds from the closing. The only monies he retained were his legal fees incurred in connection with the closing. Moreover, according to Omansky, the only documents currently in his possession are contained in his IOLA Ledger, which reflect the checks written at his clients' instructions and it is his understanding that such documents are privileged. Omansky closes by stating that it would be a "ridiculous waste of time" for him to answer each interrogatory line by line when his answer would be "I don't know." According to Omansky, he has "no independent recollection of said events" and "no records, no emails, or any other information" to provide.

## II. DISCUSSION

### A. Service of Interrogatories and Requests for the Production of Documents on Non-Parties

As set forth above, Plaintiffs served Omansky with a combined set of interrogatories and document requests pursuant to, in relevant part, Fed. R. Civ. P. 33 and 34. *See* Pls.' Demands at 1. Rule 33 provides that "a *party* may serve on any other *party* no more than 25 written interrogatories," Fed. R. Civ. P. 33(a)(1), and Rule 34 provides that " [a] *party* may serve on any other *party* a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34. As indicated by the text of Rules 33 and 34, the discovery devices available under those rules are "reserved for party to party production." *United States v. Am. Express Co.*, No. 10 CV 04496, 2011 WL 13073683, at *1 (E.D.N.Y. July 29, 2011) (citing *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001)). As such, "[a]ny interrogatories or requests for production of documents served on non-parties are a nullity." *Lehman*, 206 F.R.D. at 346; *Ward v. Empire Vision Centers, Inc.*, 262 F.R.D. 256, 261 (W.D.N.Y. 2009) (citing Fed. R. Civ. P. 33).

"Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties." *Lehman*, 206 F.R.D. at 346. Under Rule 45, "[a] party may subpoena a non-party to give testimony at deposition or trial or provide documents subject to the requirements provided by the rule." *Cowart v. Abdel-Razzaq*, No. 08-CV-554F, 2010 WL 1533381, at *6 (W.D.N.Y. Apr. 15, 2010); *see* Fed. R. Civ. P. 45(a)(1)(B)-(D). Consequently, a request to "answer interrogatories attached to a subpoena is beyond the scope of Rule 45, as Rule 45 does not permit this form of discovery." *Cowart*, 2010 WL 1533381, at *6 (citing *Lehman v. Kornbleu*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001)) (denying the plaintiff's

request to serve subpoenas seeking information by interrogatories); *Collins v. Experian Credit Reporting Serv.*, No. 3:04 CV 1905, 2006 WL 2850411, at *1 (D. Conn. Oct. 3, 2006) ("Rule 45 does not allow a party to serve interrogatories upon a non-party.").

In light of these rules and the applicable case law, Plaintiffs' counsel may pursue discovery from non-party Omansky through Rule 45. Consistent with this ruling, the Court previously informed Plaintiffs' counsel with regard to non-party Goetz Fitzpatrick, that it "cannot enforce discovery demands on [a] non-party that has not been served with a subpoena." DE 199 ¶ 1. As such, the Court directed Plaintiff's counsel to serve Goetz Fitzpatrick, as well as non-party T&M Protection Resources LLC, with a subpoena directing the non-party to respond to Plaintiffs' discovery demands. *Id.* ¶ 1, 3. During that same conference, Plaintiffs' counsel represented the following: "I will just serve subpoenas on all of the people who have…not given what I think is adequate responses to the discovery demands that have been served." Transcript of January 5, 2017 Hearing before the Hon. A. Kathleen Tomlinson [DE 200], at 11. However, based on Plaintiffs' motion to compel, it does not appear that Plaintiffs served Omanksy with the requisite subpoena. *See* DE 208. Consistent with the foregoing case law, a party may not seek information from a non-party through interrogatories, which Plaintiffs have attempted to do here.

Although not compelling Omansky to respond to the discovery demands as served, the Court takes a moment to address Omansky's assertion of privilege in an effort to make clear the method for withholding information under the Federal Rules of Civil Procedure on such grounds. The relevant federal rule here is Fed. R. Civ. P. 45(e)(2), which states:

>  (2) *Claiming Privilege or Protection*.
>
>  (A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

5

> (i) expressly make the claim; and
>
> (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2); *see In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 328 (E.D.N.Y. 2004) ("Rule 45 requires that the party claiming a privilege prepare a privilege log detailing 'the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.'").

The Court cautions that a "[f]ailure to submit a privilege log may be deemed a waiver of the underlying privilege claim." *In re Application For Subpoena To Kroll*, 224 at 328 (citing *Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996); *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189 (D.D.C. 2003)). The Court further points out that the non-party asserting a privilege has the burden of establishing "those facts that are 'essential elements'" of the privilege. *See Micillo v. Liddle & Robinson LLP*, No. 15-CV-6141, 2016 WL 2997507, at *4 (S.D.N.Y. May 23, 2016) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984)) (citing *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 474-75 (2d Cir. 1996)).

If Plaintiffs wish to seek discovery from non-party Lawrence Omansky then they must utilize the procedure set forth under Fed. R. Civ. P. 45. If, after service of a subpoena, Omansky would like to challenge the same, then he must seek relief through the filing of a motion to quash the subpoena. *See* Fed. R. Civ. P. 45(d)(3). Rule 45 sets forth the following grounds, in relevant part, for quashing or modify a subpoena:

|      |                                                           |
|------|-----------------------------------------------------------|
| (i)  | fails to allow a reasonable time to comply;               |
| (ii) | requires a person to comply beyond the geographical limits specified in Rule 45(c); |
| (i)  | requires disclosure of privileged or other protected matter, if no exception or waiver applies; or |
| (ii) | subjects a person to undue burden.                        |

*Id.* Any objection on the grounds of privilege must comply with Fed. R. Civ. P. 45(e)(2).

Lastly, in light of Omansky's representation that he turned over his file to Alison Bretherick, the Court directs Plaintiffs to advise by October 5, 2018 whether they served Ms. Bretherick with a subpoena.

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge