UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHIQUITA FRESH NORTH AMERICA, LLC,
DOLE FRESH FRUIT COMPANY,
S. KATZMAN PRODUCE INC., and
KATZMAN BERRY CORP.,

                              Plaintiffs,

      -and-

FIERMAN PRODUCE EXCHANGE INC. and               REPORT AND
MORRIS OKUN, INC.,                                     RECOMMENDATION

                  Intervening Plaintiffs,           CV 14-982 (GRB) (AKT)

      -against-

LONG ISLAND BANANA CORP., SUFFOLK
BANANA CO., INC., THOMAS J. HOEY,
YOLANDA HOEY, BROOK ENTERPRISES LTD.,
H B REALTY CORP. AND STULS HOLDING CORP.,

                             Defendants.
-------------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiffs Chiquita Fresh North America, LLC, Dole Fresh Fruit Company, S. Katzman Produce Inc., and Katzman Berry Corp. (collectively, the "Original Plaintiffs"), and Intervenor Plaintiffs Fierman Produce Exchange Inc. and Morris Okun, Inc. (collectively, the "Intervenor Plaintiffs") (together with the Original Plaintiffs, the "Plaintiffs") brought this action against Long Island Banana Corp. ("LIB") and Suffolk Banana Co. ("Suffolk Banana"), as well as Thomas J. Hoey ("Thomas Hoey, Jr."), Yolanda Hoey, Brook Enterprises, Ltd. ("Brook Enterprises"), H B Realty Corp. ("HB Realty"), and Stuls Holding Corp. ("Stuls") (collectively,

the "Original Defendants"), to enforce the trust provisions of Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA").

Several motions are presently before the Court, including: (1) *Pro Se* Defendants Thomas Hoey, Jr. and Yolanda Hoey's (collectively, the "Hoeys") motions to dismiss and vacate default judgment [DE 312; DE 319 at 1-3]; (2) the Hoeys' motions to compel disgorgement [DE 315; DE 319 at 4-7]; and (3) the Hoeys' motions to vacate summary judgment, default judgment, and disgorgement [DE 319 at 8-10; DE 338]. Judge Brown referred these motions to this Court for a Report and Recommendation as to whether the motions should be granted. *See* January 21, 2021 Electronic Order; February 22, 2021 Electronic Order.

For the reasons which follow, the Court respectfully recommends to Judge Brown that the motions be DENIED.

## II. RELEVANT BACKGROUND

The Court assumes familiarity with the underlying facts and procedural history of this action based upon the two prior Reports and Recommendations issued in this case. *See* Report & Recommendation, dated July 7, 2016 [DE 148]; Report & Recommendation, dated February 28, 2018 [DE 249]; Memorandum & Order, dated September 30, 2019 [DE 260]. The parties are referred to those Reports and Recommendations for a full recitation of the background and facts.

## III. DISCUSSION

### A. Preliminary Issues

At the outset, the Court points out that the pending motions seeking dispositive relief are returnable before Judge Brown. In accordance with Judge Brown's Individual Rule 11.f.1, before filing any motion returnable before him, the parties are required to file a letter of no more than two pages briefly outlining the motion and requesting a pre-motion conference, with exceptions that are not applicable here. Neither Thomas Hoey, Jr. nor Yolanda Hoey made any

2

such request before filing their motions. Consequently, the motions may be denied as procedurally improper for this reason alone. Nevertheless, this Court, in its discretion, will address the merits of the motions below.

  **B. The Hoeys' Motions to Dismiss and Vacate Default Judgment [DE 312, DE 319]**

  The Hoeys, proceeding *pro se*, each filed a motion characterized as a "motion to dismiss" and "to vacate default judgment." *See* DE 312; DE 319. In addition to referencing the "various procedural and substantive defects" in the motion "Plaintiffs oppose the motions primarily on the grounds that (1) Brooks never retained counsel for itself as ordered by Judge Spatt, and (2) Brooks has not shown any meritorious defense. On that basis, Plaintiffs argue that the default judgment should stand. *See* DE 313.

  With respect to the request to dismiss the Amended Complaint [DE 46], the Hoeys's argue that the Amended Complaint fails to meet the requirements necessary to enforce the trust provisions of Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA"). *See* DE 312; DE 319 at 1-3. The Hoeys seemingly dispute whether the Plaintiffs adequately alleged that "the seller preserved its trust rights by giving written notice to the purchaser of its intention to do so" -- the fifth element required to be pleaded in order to establish the existence of a PACA trust. *Id*.

  In this Court's February 28, 2018 Report & Recommendation ("February 28, 2018 R&R") [DE 249] granting the Plaintiffs' motion for entry of default judgment against Brook Enterprise, the Court found that "[b]y virtue of [Judge Spatt] 'so-ordering' the Consent Injunction [DE 23] proposed by the Original Plaintiffs and Original Defendants, Judge Spatt 'has already determined that [Plaintiffs] ha[ve] stated a valid claim under PACA and that the condition precedent to suit to enforce payment from a statutory trust has been met.'"

3

February 28, 2018 R&R at 16-17.  Setting aside the Consent Injunction, this Court nonetheless found that the Plaintiffs adequately alleged the existence of a PACA trust in the Amended Complaint.  *Id*. (citations omitted).  Judge Spatt thereafter adopted this Court's February 28, 2018 R&R in its entirety.  *See* DE 251.

      The Court is not persuaded to depart from the law of the case as set forth in the "so-ordered" Consent Injunction and February 28, 2018 R&R which was adopted in its entirety.  The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks and citation omitted); *accord In re DNTW Chartered Accts. Sec. Litig*., 172 F. Supp. 3d 675, 686 (S.D.N.Y.), *aff'd sub nom. In re DNTW Chartered Acct. Sec. Litig*., 666 Fed. App'x 78 (2d Cir. 2016) (citation omitted).  The Hoeys have not identified a cogent or compelling reason for reconsideration, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks and citation omitted).  In any event, moreover, under Local Civil Rule 6.3, any application for reconsideration of the Court's decision in this regard had to be served within 14 days after the entry of the Court's determination of the original motion.  Here, Judge Spatt's Order adopting the Report and Recommendation was issued on March 15, 2018.  The instant motion to vacate the default judgment was filed on December 29, 2020 – some two years and nine months later.  Consequently, this motion is also untimely and denied on these grounds as well.

      With respect to the Hoeys' request to vacate the entry of default judgment, the Court notes that the only party against which default judgment has been entered is the corporate

4

Defendant Brook Enterprises, Ltd. ("Brook Enterprises"). *See* DE 251. 28 U.S.C. § 1654 allows for representation "by an attorney admitted to the practice of law by a governmental regulatory body and [ ] by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976)). Moreover, "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (citation omitted); *accord In Re: Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570, 2016 WL 1377129, at *2 (S.D.N.Y. Feb. 22, 2016), *report and recommendation adopted sub nom. In re: Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570, 2016 WL 3866576 (S.D.N.Y. July 13, 2016). Since laypersons are not permitted to represent anyone other than themselves, and corporations may not proceed *pro se*, corporations may only appear in federal court through licensed counsel. *Id.* at 22 (collecting cases); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (holding that "[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney") (citation omitted); *Kramer v. Nat'l Fire Ins. Co. of Hartford,* No. 18-CV-4848, 2019 WL 3966166, at *5 (S.D.N.Y. Aug. 22, 2019) ("[A] layperson may not represent a corporation in which [s]he is the sole shareholder, a limited liability company of which [s]he is the sole member, or a partnership where [s]he is a partner.") (citation omitted). Because neither of the Hoeys are licensed counsel, their attempts to request relief on behalf of Brook Enterprises is improper and ineffective.

For these reasons, the Court respectfully recommends to Judge Brown that the Hoeys' motions to dismiss and vacate default judgment [DE 312; DE 319 at 1-4] be DENIED.

### C.     The Hoeys' Motions to Compel Disgorgement [DE 315, DE 319]

The Hoeys each filed a motion to compel disgorgement of the PACA trust funds. *See* DE 315; DE 319 at 4-7. Initially, the Court notes that only those trust beneficiaries who do not receive payment from the PACA trust are permitted to bring an action for payment from the trust in federal district court. *See* 7 U.S.C. § 499e(c)(5); *Schulz v. Pataki*, 137 F. Supp. 2d 80, 83 (N.D.N.Y. 2001). Neither of the Hoeys have alleged that they are trust beneficiaries for any produce sales.[1] *See generally* Answer [DE 120]; *Schulz*, 137 F. Supp. 2d at 83 (citing *Six L's Packing Co., Inc. v. Post & Taback, Inc.,* 132 F.Supp.2d 306, 309 (S.D.N.Y.2001)). Notwithstanding Thomas Hoey's moment of personal enlightenment or clarity concerning his actions at the time, the Hoeys do not have standing to seek disgorgement of the PACA trust proceeds. Moreover, the Court has already established a process by which the Plaintiffs -- the PACA trust beneficiaries -- may seek disgorgement. *See* December 5, 2019 Civil Conference Minute Order [DE 287]. To the extent it is appropriate for the Hoeys to participate in that process, they must adhere to the directives previously issued by the Court to do so.

For these reasons, the Court respectfully recommends to Judge Brown that the Hoeys' motions for disgorgement [DE 315; DE 319 at 4-7] be DENIED.

### D.     The Hoeys' Motions to Vacate Summary Judgment, Default Judgment, and Disgorgement [DE 319, DE 338]

The Hoeys, proceeding *pro se*, each filed a motion characterized as a "motion to vacate summary judgment, default judgment, and disgorgement." *See* DE 319 at 8-10; DE 338.

---

[1]     In his motion papers, Thomas Hoey, Jr. states that "defendant plainly states that as officer and owner of 28 William Street Corp., during the time plaintiffs allege the trust was in effect, I believe the transfer of trust assets to 28 William Street Corp. was indeed a breach of the PACA Trust as I now understand these matters. I hereby move this Honorable Court to order the disgorgement of the assets that I had to 28 William Street Corp., in breach of the PACA Trust." DE 315 at 3-4.

6

Notwithstanding the characterization of the motions, the Hoeys request an order compelling the "Plaintiffs to identify and trace the PACA funds that were commingled with funds that did not derive from PACA funds." *Id*.; DE 319 at 8.

This Court previously considered the issue whether certain real property located at 596 Merrick Road in Lynbrook, New York (the "596 Property") constituted an asset of the PACA Trust. *See* DE 55. On June 23, 2014 and July 17, 2014, this Court held an evidentiary hearing to determine whether the 596 Property constituted a PACA trust asset and, if so, the location of the proceeds of the sale of the 596 Property. *See* DE 117; DE 121. At that time, the Hoeys were represented by counsel, who actively participated in the hearing and briefed the issues before the Court. *See* DE 34; DE 47-49.

This Court issued a lengthy Report and Recommendation on July 7, 2016 which contained the Court's "Findings of Fact and Conclusions of Law" from the two-day evidentiary hearing. *See* DE 148. Based on the factual findings which need not be reiterated here, this Court concluded that the 596 Property was a PACA asset. *Id*. at 2, 50. Since the PACA Trust beneficiaries are entitled to the preservation of any proceeds from the sale of a PACA asset, the Court inquired into and determined the present whereabouts of those proceeds. *Id*. at 51-53. In doing so the Court stated, in relevant part, as follows:

> **It therefore appears that trust assets (i.e., the Sale Proceeds) and non-trust assets may have been commingled in the Accounts. Since Bretherick opened the Accounts for the express purpose of depositing the Sale Proceeds, the Court finds that the Non-Debtor Defendants bear the burden of proving that any monies deposited into the Accounts were not traceable to the sale of produce and should not be treated as trust assets.** *See Atl. Tropical*, 2009 WL 436050, at *7 (holding that the creditor which received monies from the PACA debtor had the "burden to prove that the assets and monies it received were not traceable to produce"); *see also A&J Produce Corp. v. Watermelon Exp., LLC*, No. 08-CV-1850, 2010 WL 5395067, at *4 (D. Conn. Dec. 23, 2010) ("While commingling of trust assets is contemplated, the burden of tracing the origin of any disputed assets is on the PACA debtor.") (citing *In re Kornblum*, 81 F.3d at 287);

7

> *cf. Six L's Packing Co. v. W. Des Moines State Bank,* 967 F.2d 256, 258 (8th Cir. 1992) ("[I]n a dispute over a payment from a checking account containing both trust funds and non-trust funds, the burden is on the PACA debtor . . . to show that the disputed payment is from a non-trust source."). **The Non-Debtor Defendants did not attempt to make such a showing here. The Court therefore concludes that all funds which were (1) distributed at the April 1, 2014 closing and (2) distributed from and remain in the Accounts, are proceeds from the sale of the 596 Property.**

*Id*. at 52-53 (emphasis added). On July 28, 2016, Judge Spatt adopted this Court's July 7, 2016 Report and Recommendation in its entirety. See DE 149; DE 173. The Hoeys now seemingly seek reconsideration of this Court's findings.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-0092, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (quotations omitted and amendments in original) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F. 3d 36, 52 (2d Cir.), *as amended* (July 13, 2012) (quotations omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Elkowitz v. UnitedHealthcare of New York, Inc.*, (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). A motion for reconsideration "shall be served within fourteen (14) days after the entry of the court's determination of the original motion." Local Civ. R. 6.3. "The decision to grant or deny a motion for reconsideration lies within the discretion of the district court." *Jordan v. Tucker,*

8

*Albin & Assocs.*, No. 13-CV-6863, 2018 WL 4259987, at *2 (E.D.N.Y. Sept. 6, 2018) (citing *Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999)).

The Hoeys' motions are untimely because the motions were filed five years after this Court's findings were entered and thereafter adopted by Judge Spatt. "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (collecting cases). Notwithstanding the untimeliness of the motions, the Hoeys have not shown that reconsideration is appropriate. They have failed to demonstrate the existence of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

For these reasons, the Court respectfully recommends to Judge Brown that the Hoeys' "motion to vacate summary judgment, default judgment, and disgorgement" [DE 319 at 8-10; DE 338] be DENIED.[2]

## IV.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Brown that:  (1) the Hoeys' motions to dismiss and vacate default judgment [DE 312; DE 319 at 1-3] be DENIED; (2) the Hoeys' motions to compel disgorgement [DE 315; DE 319 at 4-7] be DENIED; and (3) the Hoeys' motions to vacate summary judgment, default judgment, and disgorgement [DE 319 at 8-10; DE 338] be DENIED.

---

[2] The Court notes that the Plaintiffs filed a letter requesting a pre-motion conference for Yolanda Hoey's motions. *See* DE 321. In light of the fact the Court recommends denial of the motions referred to this Court on both procedural and substantive grounds, the Court finds that a pre-motion conference is not necessary.

### V.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  Any objections by a *pro se* party shall be filed with the Clerk of the Court by overnight mail or regular mail.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Gary R. Brown.  Any requests for an extension of time for filing objections must be directed to Judge Brown prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *E.g.*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiffs' counsel is directed to serve a copy of this Order upon all *pro se* parties and interested parties to this action forthwith by overnight mail, first-class mail and e-mail (if feasible) and to file proof of such service on ECF no later than July 22, 2021.**

SO ORDERED.

Dated: Central Islip, New York
       July 15, 2021

/s/ A. Kathleen Tomlinson<br>A. KATHLEEN TOMLINSON<br>U.S. Magistrate Judge